SONOSKY, CHAMBERS, SACHSE
  MILLER & MUNSON LLP
Myra M. Munson
Richard D. Monkman
Aaron M. Schutt
318 Fourth Street
Juneau, Alaska 99801
Tel: 907-586-5880
Fax: 902-586-5833
Counsel for Defendant
Alaska Native Tribal Health Consortium

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER, )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8, )<br><br>Defendants. )<br>_____ ) | Case No. J04-_____ CV (     )<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION) AND 28 U.S.C. § 1442 FEDERAL OFFICIAL )** |

## NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA:

PLEASE TAKE NOTICE that Defendant the Alaska Native Tribal Health Consortium, ("Defendant" or "ANTHC") by its undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. § 1446(b). Defendant removes to the United States District Court for the District of Alaska all claims and causes of action in the civil action styled *The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*, No. 3AN-06-4797 (the "Action") now pending in the Superior Court for the State of Alaska, Third Judicial District, at Anchorage.   Copies of all pleadings filed in the state court are attached as Exhibit A.

ANTHC's grounds for removal are as follows:

**A.     This Action Is Founded on a Claim or Right Arising under the Laws and Constitution of the United States.**

1.  The Action is removable to this Court pursuant to 28 U.S.C. § 1441 as Plaintiffs ask the Court to enjoin ANTHC, a federal contractor, from exercising its right to operate a federal program under the authority of federal law, and as it seeks a declaration that ANTHC's right to operate that federal program "fall outside the scope of Congressional objectives enumerated in 25 U.S.C. § 1602(b)." Complaint, ¶ 58, 60 and Claim for Relief. Plaintiff's claims are founded upon federal law and necessarily depend on resolution of substantial questions of federal law.

2.  The Action is removable to this Court pursuant to 28 U.S.C. § 1441 as all Plaintiffs' claims, properly framed, are claims arising under the Constitution and laws of the United States: *to wit*, whether the Community Health Aide Certification Board's dental health initiative is lawful under Article I, § 8, c. 3 of the United States Constitution (the Indian Commerce Clause), the Indian Health Care Improvement Act, 25 U.S.C. § 1601 *et*

*seq.*, the Snyder Act, 25 U.S.C. § 13 *et seq.*, and the Indian Self-Determination and Education

Assistance Act, 25 U.S.C. § 450 *et seq.*

3.   The Action is removable to this Court pursuant to 28 U.S.C. § 1441 despite

Plaintiffs' attempts to frame the issues without raising federal questions, even though federal

law completely controls the case.   The artfully pleaded complaint doctrine applies.   To the

extent any of Plaintiffs' causes of action are incorrectly framed as state law claims, the Court

may re-characterize the Complaint as if it had been correctly pleaded.  *Hyles v. Mensing*, 849

F.2d 1213, 1215 (9th Cir.1988); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997

(9th Cir.1987).

4.   The Action is removable to this Court pursuant to 28 U.S.C. § 1441 because, fairly

pleaded, Plaintiffs seek to enjoin the Indian Health Service and the Community Health Aide

Certification Board, agencies of the federal government from operation of a federal program

under the authority of federal law. *Hyles*, 849 F.2d at 1215; *Young*, 830 F.2d at 997.

**B.    This Civil Action Is In the Nature of an Action Brought Against an Officer of the United States or a Person Acting Under the Direction of Such Federal Official**.

5.   The Action is removable to this Court pursuant to 28 U.S.C. § 1442(a) because it

is in the nature of a civil action brought against an officer of the United States or a person

acting under the direction of a federal official or agency.   The Community Health Aide

Program dental health initiative is a federal program authorized by the Indian Health Care

Improvement Act, 25 U.S.C. § 1601, and established under the authority of the Act of

November 2, 1921 (25 U.S.C. § 13, popularly known as the Snyder Act) pursuant to 25

U.S.C. § 1616*l* (Section 121 of Publ. L. 94-437, the Indian Health Care Improvement Act,

as amended) .   ANTHC has acted under color of federal authority and under the direction

of federal officers in all matters relating to the CHAP dental health initiative and as such is

a person acting under the direction of a federal official or agency within the meaning of 28 U.S.C. § 1442(a).  *See* Ex. A, Complaint ¶¶ 8, 10, 45, 50, 56, 58; *cf. Mesa v. California*, 489 U.S. 121 (1989) and *Cherokee Nation of Oklahoma v. Leavitt*, 543 U.S. 631 (2005).

6.  The Action is removable to this Court because ANTHC is a federal contractor "operating federal programs and carrying out federal responsibilities" under the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450 *et seq.,* when it administers the Community Health Aide Program Certification Board's dental health initiative, and as such is a person acting under the direction of a federal official or agency within the meaning of 28 U.S.C. § 1442(a) and is acting under color of federal authority and under the direction of federal officers in all matters alleged by Plaintiffs.  *See* Ex. A, Complaint ¶¶ 8, 10, 45, 50, 56, 58;  *Thompson v. Cherokee Nation of Oklahoma*, 334 F.3d 1075, 1081 (Fed. Cir. 2003), *aff'd sub nom. Cherokee Nation v. Leavitt*, 543 U.S. 631.

7.  The Action is removable to this Court pursuant to 28 U.S.C. § 1442(a) because ANTHC and the Community Health Aide Program's dental health aides and therapists are deemed to be employees of the United States Public Health Service regarding claims made against them when providing dental health care and all other related functions alleged in Plaintiffs' complaint under 25 U.S.C. § 450f and P.L. 101-512, § 314.

8.  The Action is removable to this Court pursuant to 28 U.S.C. § 1442(a)  because Plaintiffs' complaint challenges actions of the Community Health Aide Program Certification Board, a federal agency charged with promulgating and enforcing federal certification standards and issuing federal certificates to practice to dental health aide therapists.  The acts complained of are undertaken at the direction of the Board, the Indian Health Service and Congress.  *See*, Complaint ¶ 10, 45, 46.  The United States Supreme Court has held that in such a situation removal is proper as "it [is] impossible that the Constitution should so

weaken the Federal Government as to prevent it from protecting itself against unfriendly state legislation which 'may affix penalties to acts done under the immediate direction of the national government, and in obedience to its laws [or] may deny the authority conferred by those laws.'" *Mesa v. California*, 489 U.S. 121, 127 (1989).

9.  The Action is removable to this Court pursuant to 28 U.S.C. § 1442(a) pursuant to the federal contractor doctrine because, *inter alia*, the defense of complete federal preemption is available to each and every claim made by plaintiffs. The provision of health care to American Indians and Alaska Natives is a uniquely federal responsibility and interest under numerous Treaties, the Snyder Act, ISDA and IHCIA. 25 U.S.C. § 1601(a); 25 U.S.C. § 1601(b) (Indian Health Service has the responsibility to foster the "major national goal . . . to provide the quantity and quality of health services which will permit the health status of Indians to be raised to the highest possible level."); 25 U.S.C. § 1602; *Fairbanks N. Star Borough v. Dená Ná Nená Henash*, 88 P.3d 124, 135 (Alaska 2004); S. Rep. No. 100-274, 100th Cong. 2d Sess (1988), *reprinted in* 1988 U.S.C.C.A.N. 2620. The Alaska Attorney General has opined that federal law preempts Plaintiff's claims. *Inf. Op. Alaska Att'y Gen.*, file no. 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 (Sept. 8, 2005) (copy attached as Exhibit B).

**C.    This Civil Action is in the Nature of an Action to Prosecute an Officer of the United States or a Person Acting Under the Direction of such Federal Official**.

10.  The Action is removable to this Court pursuant to 28 U.S.C. § 1442(a) for the additional reason that, although artfully pleaded, Plaintiffs' Complaint alleges that ANTHC, the Community Health Aide Certification Board and the Indian Health Service, and their officers, employees and agents, have violated the criminal laws of the State of Alaska while acting under color of office and in the performance of their federal duties. *See* Complaint ¶ 22.

**D.     This Notice of Removal is Timely and Complete and has been Properly Served.**

11.   The Alaska Native Tribal Health Consortium was served on February 2, 2006, in the referenced State Court Action.  Therefore, this Petition is timely filed pursuant to 28 U.S.C. § 1446(b).

12.   This Court has personal jurisdiction over the parties.

13.   The Alaska Native Tribal Health Consortium is the only defendant named in the Complaint and as such all defendants have joined in this Notice for Removal.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

14.   Defendant has provided written notice of this Notice of Removal to counsel of record for Plaintiffs.  A true and complete copy of this Notice of Removal has been filed in the State Court Action.

15.   The documents attached as Exhibit A comprise all of the process and pleadings served upon Defendant and filed with the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

///

///

///

//

//

NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT     6 of 7
s/dha litigation/notice of removal-02-17-06

Dated this 17th day of February 2006.

Respectfully submitted,

/S/

_____
Myra M. Munson
Alaska Bar No. 8011103
Richard D. Monkman
dick@sonoskyjuneau.com
Alaska Bar No. 8011101
Aaron M. Schutt
Alaska Bar No. 0011084

SONOSKY, CHAMBERS, SACHSE
  MILLER & MUNSON LLP
318 Fourth Street
Juneau, Alaska 99801
Tel: 907-586-5880
Fax: 902-586-5833
Counsel for Defendant
Alaska Native Tribal Health Consortium

I hereby certify that on the 17th day of February, 2006, a copy of the foregoing Notice of Removal of State Court Action to United States District Court was served electronically addressed to:

Thomas V. Van Flein, Esq.
Clapp, Peterson LLP
711 H Street, Suite 620
Anchorage, Alaska 99501

tfv@cplawak.com

_____
Diane Vincent