

## COUNSEL OF RECORD

CASE NO. 3AN-06 4797(?) CI

KEEP ON TOP OF FILE

| NAME | MAILING ADDRESS & PHONE NUMBER | FOR WHOM |
|---|---|---|
| THOMAS V. VAN FLEIN<br>CLAPP, PETERSON, VAN FLEIN, TIEMESSEN & THORSNESS, LLC | | |
| | 711 H STREET, SUITE 620<br>ANCHORAGE, AK 99501 272-9272 | PLAINTIFFS |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TF-900 (1/98)(5½ x 8½)(canary-cs)

- [ ] Property Damage Only (PDO)
- [ ] Both (IDO)

MALPRACTICE

- [ ] Medical Malpractice (MMP)
- [ ] Legal Malpractice (LMP)
- [ ] Other Malpractice (OMP)

REAL PROPERTY

- [ ] Foreclosure (FOR)
- [ ] Real Property Action (REM)

OTHER CIVIL

- [X] Declaratory Judgment/Injunctive Relief (INJ)
- [ ] Other (OCI). Please describe __________

- [ ] Eviction - F.E.D. (FED)
- [ ] Registration of Foreign Judgment (FOJ)
- [ ] Habeas Corpus (HAB)
- [ ] Minor Settlement (MIN)
- [ ] Election Contest or Recount Appeal (ELE) (Forward immediately to assigned judge.)

APPEALS & PETITIONS TO SUPERIOR COURT

- [ ] Appeal – Administrative Agency (ADR)
- [ ] Appeal – Civil or Small Claims (ACI)
- [ ] Appeal – Criminal (ACR)
- [ ] Appeal – Minor Offense (AMO)
- [ ] Petition for Review from District Court (PRD)
- [ ] Petition for Review from Admin. Agency (PRA)

2. If you checked a box in the first column, fill in the name of each defendant below, one name per line.

| Name of Defendant | Appearance | Answer | Request for Entry of Default | Notice of Dismissal by Plaintiff | Confession of Judgment |
|---|---|---|---|---|---|
| E ALASKA NATIVE TRIBAL HEALTH CONSORTIUM | [ ] | [ ] | [ ] | [ ] | [ ] |
| | [ ] | [ ] | [ ] | [ ] | [ ] |

- [ ] Defendant list continued on back.

CIV-125 (10/04)(cs)(ht-front) CASE DESCRIPTION

Civil Rules 3(a) and 16(b) & (g)

Exhibit A page 1 of 28 pages

Staple beneath Counsel of Record card.

# CASE DESCRIPTION

Case No. 3AN-06 4797 CI ☐ District Court [X] Superior Court

1. Check the box below that best describes the case. Mark one box only.

## Cases Subject to Civil Rule 16(b)

### CONTRACT

*Contract cases involving real property should be reported under the real property category.*

- ☐ Debt Collection (DEB)
- ☐ Claim Against Seller of Goods/Services (CLM)
- ☐ Employment Dispute (EMP)
- ☐ Other Contract (OCT)

### TORT

- ☐ Intentional Tort (e.g., assault, battery, vandalism) (INT)
- ☐ Slander/Libel/Defamation (SLD)
- ☐ Product Liability (PRL)
- ☐ Wrongful Death (PID)

Automobile Negligence

- ☐ Personal Injury Only (PIA)
- ☐ Property Damage Only (PDA)
- ☐ Both (IDA)

Other Negligence

- ☐ Personal Injury Only (PIO)
- ☐ Property Damage Only (PDO)
- ☐ Both (IDO)

### MALPRACTICE

- ☐ Medical Malpractice (MMP)
- ☐ Legal Malpractice (LMP)
- ☐ Other Malpractice (OMP)

### REAL PROPERTY

- ☐ Foreclosure (FOR)
- ☐ Real Property Action (REM)

### OTHER CIVIL

- [X] Declaratory Judgment/Injunctive Relief (INJ)
- ☐ Other (OCI). Please describe ______________________

## Cases Exempt From Civil Rule 16(b)

### DOMESTIC RELATIONS

- ☐ Dissolution Without Children (DIS)
- ☐ Dissolution With Children (DSC)
- ☐ Dissolution - One Spouse (DOS)
- ☐ Divorce Without Children (DIV)
- ☐ Divorce With Children (DVC)
- ☐ Legal Separation Without Children (LSP)
- ☐ Legal Separation With Children (LSC)
- ☐ Custody (CUS)
- ☐ Paternity (PAT)
- ☐ UIFSA - Child Support/Payment (UIF)
- ☐ License Action Review - Child Support (LAR)
- ☐ Other Domestic Relations (ODR)

### OTHER CIVIL

- ☐ Application For Post-Conviction Relief (PCR)
- ☐ Arbitration Proceeding (ARB)
- ☐ Change of Name (CON)
- ☐ Condemnation (CDM)
- ☐ Eviction - F.E.D. (FED)
- ☐ Registration of Foreign Judgment (FOJ)
- ☐ Habeas Corpus (HAB)
- ☐ Minor Settlement (MIN)
- ☐ Election Contest or Recount Appeal (ELE) (Forward immediately to assigned judge.)

### APPEALS & PETITIONS TO SUPERIOR COURT

- ☐ Appeal – Administrative Agency (ADR)
- ☐ Appeal – Civil or Small Claims (ACI)
- ☐ Appeal – Criminal (ACR)
- ☐ Appeal – Minor Offense (AMO)
- ☐ Petition for Review from District Court (PRD)
- ☐ Petition for Review from Admin. Agency (PRA)

2. If you checked a box in the first column, fill in the name of each defendant below, one name per line.

| Name of Defendant | Appearance | Answer | Request for Entry of Default | Notice of Dismissal by Plaintiff | Confession of Judgment |
|---|---|---|---|---|---|
| THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |

☐ Defendant list continued on back.

Clerk Instructions: First be sure all defendant names are listed if the case is subject to Rule 16(b) (i.e., listed in column one of section 1). Then check the appropriate box when one of the listed documents is filed or when a defendant appears in a court hearing. When there is a check beside the name of each defendant, set the case for a Pretrial Scheduling Conference.

| Name of Defendant | Appearance | Answer | Request for Entry of Default | Notice of Dismissal by Plaintiff | Confession of Judgment |
|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ | ☐ | ☐ |

CIV-125 10/04)(cs)(ht-back) CASE DESCRIPTION

Civil Rules 3(a) and 16(b) & (g)

Exhibit A page 3 of 28 pages

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOC., DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and Plaintiff(s), ~~vs.~~ DR. GEORGE SCHAFFER,

vs.

THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8,

Defendant(s).

CASE NO. 3AN-06- 4797CI

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM
DW&J ALASKA CORPORATION, 701 W. 8TH AVE, SUITE 800, Anchorage, AK.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, THOMAS VAN FLEIN, whose address is: 711 H STREET, SUITE 620, ANCHORAGE, ALASKA 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☑ This case has been assigned to Superior Court Judge Michalski and Master ______.

☐ This case has been assigned to District Court Judge ______.

CLERK OF COURT

1-31-06
Date

SEAL OF THE TRIAL COURTS OF THE STATE OF ALASKA THIRD JUDICIAL DISTRICT

By: [signature]
Deputy Clerk

I certify that on 1-31-06 a copy of this Summons was ☐ mailed ☑ given to ☐ plaintiff ☑ plaintiff's counsel along with a copy of the ☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order to serve on the defendant with the summons.
Deputy Clerk [initials]

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 ANCH (9/02)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS, LLC
Thomas Van Flein, Esq.
Matthew Peterson, Esq.
711 H Street, Suite 620
Anchorage, Alaska 99709-4175
Tel: (907) 272-9272
Fax: (907) 272-9586

FILED
STATE OF ALASKA
THIRD DISTRICT
06 JAN 31 AM 9:37
CLERK TRIAL COURTS
BY [signature]
DEPUTY CLERK

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

AT ANCHORAGE, THIRD JUDICIAL DISTRICT

THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER,

Plaintiffs,

vs.

THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8,

Defendants.

Case No. 3AN-06-4197 CI

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, the Alaska Dental Society, the American Dental Association, Dr. T. Howard Jones, Dr. Michale Boothe, Dr. Pete Higgins and Dr. George Shaffer, through counsel, for their Complaint against Defendants, Does one through eight (Dental Health Aide Therapists) and the Alaska Native Tribal Health Consortium, state and allege as follows:

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 1 of 18

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Exhibit A page 5 of 28 pages

## THE PARTIES

1. Plaintiff, the Alaska Dental Society ("ADS"), is a non-profit professional corporation formed in 1956 to address the dental interests of the citizens of Alaska and the interests of dental professionals within the State of Alaska. The Alaska Dental Society promotes dentistry's objectives on a state-wide and local community level. Membership is open to any Alaska dentist. The Alaska Dental Society is a state-wide constituent member of the American Dental Association.

2. Plaintiff, the American Dental Association ("ADA"), is an Illinois not-for-profit corporation founded in 1859. The object of the ADA shall be to encourage the improvement of the health of the public and to promote the health and science of dentistry.

3. Plaintiff, Dr. T. Howard Jones, an ADA member, is a former president and officer of the ADA, and is a resident of Carrollton, Georgia.

4. Plaintiffs Dr. Michale Boothe, Dr. Pete Higgins and Dr. George Shaffer are members of the ADS, and are residents of Anchorage, Fairbanks and Ketchikan, Alaska, respectively.

5. Defendant, the Alaska Native Tribal Health Consortium ("ANTHC"), is an Alaska non-profit corporation comprised of several Alaska Native local and regional organizations formed to provide health services to Alaska Natives, and typically uses federal grants and money to pay for such services.

6. Defendants, DOES one through eight, are Dental Health Aide Therapists ("DHATs"), and upon information and belief, are residents of Alaska and

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

employees of the ANTHC who provide particular dental services to Alaska Natives. The Complaint will be amended once the true identity of these Doe defendants is learned.

## JURISDICTION AND VENUE

7. This court has jurisdiction pursuant to AS 22.10.020(g), which provides, in relevant part:

> In case of an actual controversy in the state, the superior court, upon the filing of an appropriate pleading, may declare the rights and legal relations of an interested party seeking the declaration, whether or not further relief is or could be sought. The declaration has the force and effect of a final judgment or decree and is reviewable as such. Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against an adverse party whose rights have been determined by the judgment.

In accord with this grant of jurisdiction, the plaintiffs are seeking a declaration of rights. Further, pursuant to AS 22.10.020(c), "[t]he superior court and its judges may issue injunctions." Plaintiffs are seeking an injunction prohibiting the Defendants from practicing dentistry without a license.

## THE DENTAL HEALTH AIDE PROGRAM

8. The ANTHC, along with others, has developed and implemented the Dental Health Aide Program ("DHAP") which is purportedly part of the Community Health Aide Program ("CHAP"), pursuant to 25 U.S.C. Sec. 1616l. The stated purpose of the DHAP is to provide particular dental services to Alaska Natives through the use of four different types of dental health aides, including DHATs.

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 3 of 18

Exhibit A page 7 of 28 pages

9. As noted in greater detail below, pursuant to the DHAP, Defendant ANTHC permits and directs Defendant DHATs, inadequately trained high school graduates, to engage in the practice of dentistry, including the performing of irreversible dental surgeries, under no direct supervision by a licensed dentist, in direct violation of state law.

10. Defendant ANTHC also administers the Community Health Aide Program Certification Board ("Certification Board"), which has promulgated "standards" for training and certification of the DHATs. In addition, the DHATs perform dental services decreed by the Certification Board, services which can only be performed by a licensed dentist under Alaska law. The Certification Board was purportedly established pursuant to 25 U.S.C. Sec. 1616l.

**ALASKA PROFESSIONAL LICENSING LAW AND VIOLATIONS BY THE ANTHC AND DHATS**

11. Defendant DHATs are not licensed by the State of Alaska as dentists. Nonetheless, Defendant DHATs are providing dental services that require a license under the Alaska Dental Practice Act. Licensure is necessary to protect the public health by ensuring those who practice dentistry have achieved the requisite level of skill and training.

12. Alaska law declares that a person engages in the practice of dentistry, who:

a. performs or holds out to the public as being able to perform dental operations;

b. diagnoses, treats, operates on, corrects, attempts to correct, or prescribes for a disease, lesion, pain, injury, deficiency,

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

deformity, or physical condition, malocclusion or malposition of the human teeth, alveolar process, gingiva, maxilla, mandible, or adjacent tissues;

c. performs or attempts to perform an operation incident to the replacement of teeth;

d. furnishes, supplies, constructs, reproduces, or repairs dentures, bridges, appliances or other structures to be used and worn as substitutes for natural teeth, except on prescription of a duly licensed and registered dentist and by the use of impressions or casts made by a duly licensed and registered dentist;

e. uses the words "dentist" or "dental surgeon" or the letters "D.D.S." or "D.M.D." or other letter or title that represents the dentist as engaging in the practice of dentistry;

f. extracts or attempts to extract human teeth;

g. exercises control over professional dental matters or the operation of dental equipment in a facility where the acts and things described in this section are performed or done;

h. evaluates, diagnoses, treats, or performs preventive procedures related to diseases, disorders, or conditions of the oral cavity, maxillofacial area, or_adjacent and associated structures; a dentist whose practice includes the services described in this paragraph may only perform the services if they are within the scope of the dentist's education, training, and experience and in accord with the generally recognized ethical precepts of the dental profession.

AS 08.36.360.

13. Further, in evaluating whether a person has engaged in the practice of dentistry under AS 08.36.360(g), a person "exercises control over professional dental matters or the operation of dental equipment" if the person determines, interprets, specifies, limits, prescribes, regulates, or otherwise controls by policy, lease, or other arrangement decisions relating to the use of auxiliary personnel for the delivery of

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

patient care in the dentist's practice. 12 AAC 28.730(5). Pursuant to this regulation, the ANTHC has assisted in and conducted the unlicensed practice of dentistry by exercising control over the DHATs relating to the use of auxiliary personnel for the delivery of patient care.

14. Alaska law, AS 08.36.100, provides that "a person may not practice, or attempt to practice, dentistry without a license and a current certificate of registration." The only exception, limited to dental students, is inapplicable here.

**Specific Conduct of the DHATS and ANTHC**

15. The unlicensed Defendant DHATs are practicing dentistry by engaging in numerous of these dental functions, including 1) performing, and holding themselves out to the public as being able to perform, dental operations, 2) performing diagnoses, and 3) performing operations, including 4) extracting or attempting to extract human teeth.

16. Plaintiffs are informed and believe that the eight Defendant DHATs have been, or soon will be, employed to provide dental services. Plaintiffs are informed and believe that four DHATs have already started to practice dentistry in Alaska, with two in Bethel and two in Kotzebue.

17. Plaintiffs are informed and believe, and on that basis allege, that DHATs have been and intend to continue to diagnose and treat caries; perform pulpotomies on deciduous teeth; perform extractions of primary and permanent teeth; respond to dental emergencies to alleviate pain and infection; and administer local anesthetic.

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 6 of 18

Exhibit A page 10 of 28 pages

18. The plaintiffs are informed and believe, and on that basis allege, that as of March 31 , 2005, two DHATs in Bethel have completed 92 patient exams, 106 preventative services, 52 restorations, 4 pulpotomies, 4 stainless steel crowns and ***85 extractions*** (13 were permanent teeth).

19. Plaintiffs are informed and believe, and on that basis allege, that as of March 31, 2005, two DHATs in Kotzebue have treated 340 patients including 144 exams, 181 preventative services, ***234 restorations***, and ***46 extractions***.

20. Similarly, the ANTHC is violating the Dental Practice Act by "exercise[ing] control over professional dental matters or the operation of dental equipment in a facility where the acts and things described in [the Dental Practice Act] are performed or done."

21. In particular, on information and belief, the ANTHC not only employs, supervises and directs the DHATs, but determines which persons are to be trained as DHATs and supervises the DHATs once they are "certified" to perform dental procedures. The ANTHC, on information and belief, controls patient scheduling, patient facilities, dental and medical supplies, equipment, and administrative support for the dental services being provided.

22. The conduct of the DHATs and the ANTHC constitutes a Class B misdemeanor. *See* AS 08.36.340 ("A person who violates any provision of this chapter or regulations adopted under this chapter for which no specific penalty is provided is guilty of a class B misdemeanor").

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 7 of 18

Exhibit A page 11 of 28 pages

## THE ALASKA STATE DENTAL BOARD AND ITS FINDINGS THAT DHATS ARE PRACTICING DENTISTRY IN VIOLATION OF STATE LAW

23. The Alaska State Dental Board has the sole jurisdiction to control the manner of licensing dentists, dental hygienists and the use of dental auxiliaries. Under state law, the dental board shall "provide for the examination of applicants and issue licenses ***to those applicants it finds qualified***." AS 08.36.070(a)(1) (emphasis added). *See also* 12 AAC 28.940(a)("The board will issue a license by examination to practice dentistry to an applicant who meets the requirements of AS 08.36.110 and this section"). Further, the State Dental Board requires everyone, as a precondition to practicing dentistry, to submit proof of (among other items):

> (1) the results of a level II Professional Background Information Services (PBIS) credentials review conducted by PBIS, sent directly to the department from PBIS;
>
> (2) a certified copy of a current certification in cardiopulmonary resuscitation (CPR) techniques that meets the requirements of 12 AAC 28.920, or a waiver agreement that meets the requirements of AS 08.36.070 (a)(12);
>
> (3) a copy of the applicant's certificate from the Western Regional Examining Board (WREB) showing that the applicant has passed the clinical examination required under 12 AAC 28.105(b);
>
> (4) a certified copy of a certificate of examination that meets the requirements of AS 08.36.110 (1)(B);
>
> (5) verification of the status of the applicant's registration with the federal Drug Enforcement Administration (DEA) sent directly to the department from DEA, even if the applicant is not currently registered with DEA;

12 AAC 28.940(c)(1)-(5).

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

24. In April 2005, the Alaska State Dental Board determined that DHATs and the services they intended to provide constituted the unlawful practice of dentistry in Alaska and violated the state Dental Practice Act.

**EDUCATIONAL AND TRAINING REQUIREMENTS OF LICENSED DENTISTS AND DHATS**

25. Not only are the DHATs practicing dentistry in violation of Alaska law, they are not trained or qualified to provide dental treatment in a safe and effective manner. This is especially evident in a comparison of the training and qualifications of licensed dentists and DHATs.

**Educational Standards to Practice Dentistry In the State of Alaska**

26. The Alaska Dental Practice Act sets forth the minimum educational and training standards to practice dentistry in Alaska. These standards are necessary to protect the public health. However, these standards are not met by the DHATs.

27. In order to qualify for a state dental license, an applicant must have graduated from a dental school accredited by the Commission on Dental Accreditation ("CODA").

28. CODA, which operates under the auspices of the ADA, is recognized by the U.S. Department of Education as the national accrediting body for dental education programs at the post secondary level in the United States.

29. CODA serves the public by establishing, maintaining, and applying standards that ensure the quality and continuous improvement of dental and dental-

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 9 of 18

Exhibit A page 13 of 28 pages

related education, and which reflect the evolving practice of dentistry. Accordingly, CODA's accreditation review process provides evidence that education programs are capable of producing dental graduates who will be educationally qualified to achieve professional licensure or board certification, as well as being prepared to provide quality patient care.

30. New or developing education programs must demonstrate their potential for compliance with accreditation standards through a detailed process that includes an application, self-analysis and site visits.

31. To maintain an accreditation status, all programs must be re-evaluated with an on-site review at regular intervals. Programs must also report to CODA annually through CODA's survey of educational programs.

32. Not only must an applicant for a state dental license in Alaska graduate from a dental school accredited by CODA, the applicant must typically undergo four years of training in dental school after completing his/her undergraduate work, for a general total of eight years of higher education.

33. According to CODA, graduates of CODA-accredited dental schools are expected to demonstrate:

- Knowledge of biomedical, behavioral and clinical science of sufficient depth, scope, timeliness, quality and emphasis to ensure achievement of the curriculum's defined competencies;
- An in-depth understanding of basic biological principles, consisting of a core of information on the fundamental structures, functions and interrelationships of the body systems, in which the mouth and face are a critical anatomical area existing in a complex biological interrelationship with the entire body;

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 10 of 18

Exhibit A page 14 of 28 pages

- A high level of understanding of the development, spread, diagnosis, treatment and prognosis of oral and oral-related disease; and
- Biomedical science knowledge of sufficient depth and scope for graduates to apply advances in modern biology to clinical practice and to integrate new medical knowledge and therapies relevant to oral health care.

34. CODA clinical science requirements are equally rigorous, with required competencies caring for pediatric, adult and geriatric patients including, but not limited to:

- Fillings, using the full range of safe and effective materials;
- Replacement of teeth;
- Periodontal (gum disease) therapy;
- Pulpal (root canal) therapy;
- Hard and soft tissue surgery;
- Dental emergencies, such as those resulting from blows to the face or other traumatic injury;
- Malformed bite; and
- Evaluation of the outcomes of treatment.

35. In addition to this broad range of scientific knowledge and clinical skills, dental graduates must be competent in providing appropriate life support measures for medical emergencies that may be encountered in dental practice.

36. Moreover, an applicant for dental licensure must also pass a written and clinical examination, which is administered independently from the dental schools themselves.

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 11 of 18

Exhibit A page 15 of 28 pages

**"Training" of the DHATs**

37. In contrast, the DHATs do not meet the qualifications or undertake the training required to obtain a dental license in the state of Alaska. Indeed, the qualifications and training required of a DHAT practicing in Alaska are far less than those required of Alaska dentists.

38. First, a DHAT candidate need not have graduated from an accredited college or university and, on information and belief, none of the defendant DHATs has done so.

39. Second, a DHAT candidate is not required to have a degree beyond high school.

40. The only known prerequisite to be a DHAT candidate, prior to being "trained" in New Zealand, is that the candidate need only possess "no less than sixth grade math and reading skills." Community Health Aide Program Certification Board Standards and Procedures, sec.5.10.040 (Trainees Selection Process).

41. Even this minimal qualification is subject to exceptions for "individual hardship cases." *Id.*

42. A DHAT candidate is only required to attend school for 18 months in New Zealand for DHAT training. The New Zealand program is not certified or accredited by any body or entity recognized in Alaska or the United States.

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

43. Indeed, the entire course listing for the New Zealand Program is as follows:

First Year:

- General Health Science
- Oral Health Science
- Clinical Dentistry

Second Year:

- Society and Health
- Advanced Clinical Dentistry
- Dental Therapy Practice

44. The adequacy of the New Zealand program is judged not by American accreditation standards, but by comparison to foreign standards.

45. In addition, a DHAT candidate does not take an examination administered independently from the DHAT program itself. Rather, a "Certification Board" under the very auspices of the DHAT program judges the adequacy of its own program's candidates.

46. Once working in the field, none of the DHATs, plaintiffs are informed, will have any direct supervision by licensed dentists.

**COUNT I**

**(DECLARATORY RELIEF)**

47. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 13 of 18

Exhibit A page 17 of 28 pages

48. The DHATs pose a risk of physical harm to patients as they are inadequately trained to perform dentistry and lack the essential licensing prerequisites.

49. DHATs are not even required to have a degree beyond high school. The DHATS are thus placing patients at risk by performing dental procedures, including those that are irreversible, that clearly only properly trained and licensed dentists can safely perform.

50. No person providing dental services within the state, as defined by state law, including the DHATs purportedly certified under the Alaska Community Health Aide Program, can do so unless properly qualified and licensed as dentists under Alaska licensing laws.

51. Accordingly, Plaintiffs request a declaration that by engaging in the unlicensed practice of dentistry, the DHATs and ANTHC are violating Alaska's Dental Practice Act pursuant to AS 08.36.100.

**COUNT II**

**(INJUNCTIVE RELIEF)**

52. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53. The DHATS should be enjoined from engaging in the unlicensed practice of dentistry until and unless they meet the qualifications established under state law and are granted a license by the State Dental Board.

54. The ANTHC should be enjoined from engaging in the unlicensed practice of dentistry, to the extent that it is exercising control over professional dental matters or

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 14 of 18

Exhibit A page 18 of 28 pages

the operation of dental equipment in a facility where the acts and things described in the Dental Practice Act are performed or done.

**COUNT III**

**(DECLARATORY RELIEF IN THE ALTERNATIVE)**

55. In the alternative, Plaintiffs incorporate the allegations set forth in paragraphs 1 through 54 as if fully set forth herein.

56. At a minimum, the DHATs are subject to state licensure if they perform dental services or treatment that does not reasonably fall within the scope of Congress' dental health objectives as enumerated in the Indian Health Care Improvement Act, 25 U.S.C. Sec. 1602(b). These objectives are:

- reducing dental caries (cavities) so that the proportion of children with one or more caries (in permanent or primary teeth) is no more than 45 percent among children aged 6 through 8 and no more than 60 percent among adolescents aged 15,
- reducing untreated dental caries so that the proportion of children with untreated caries (in permanent or primary teeth) is no more than 20 percent among children aged 6 through 8 and no more than 40 percent among adolescents aged 15,
- reducing to no more than 20 percent the proportion of individuals aged 65 and older who have lost all of their natural teeth,
- increasing to at least 45 percent the proportion of individuals aged 35 to 44 who have never lost a permanent tooth due to dental caries or periodontal disease,
- reducing destructive periodontal disease to a prevalence of no more than 15% among persons aged 35 to 44,
- reducing the prevalence of gingivitis among person aged 35 to 44 to no more than 50%, and

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 15 of 18

Exhibit A page 19 of 28 pages

- increasing to at least 50% the proportion of children who have received protective sealants on the occlusal (chewing) surfaces of permanent molar teeth.

57. Plaintiffs plead that the DHATs are engaging in the unlicensed practice of dentistry, pursuant to AS 08.36.100, by performing dental services and practices, including but not limited to pulpotomies, as well as extracting primary and permanent teeth, which fall outside the scope of the Congressional objectives enumerated in Paragraph 56 above.

58. Accordingly, as alternative relief, Plaintiffs request a declaration that 1) the DHATs are violating Alaska state law by engaging in the unlicensed practice of dentistry by performing dental services and practices which fall outside the scope of Congressional objectives enumerated in 25 U.S.C. Sec. 1602(b), and 2) the ANTHC is violating Alaska state law by engaging in the unlicensed practice of dentistry by exercising control over professional dental matters or the operation of dental equipment in a facility where the acts and things described in the Dental Practice Act are performed or done.

**COUNT IV**

**(INJUNCTIVE RELIEF IN THE ALTERNATIVE)**

59. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 58 as if fully set forth herein.

60. As alternative relief, at a minimum, the DHATs should be enjoined from engaging in the unlicensed practice of dentistry, to the extent that they are performing dental services and practices which fall outside the scope of Congressional objectives

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 16 of 18

Exhibit A page 20 of 28 pages

enumerated in 25 U.S.C. Sec. 1602(b), until and unless the DHATs meet the qualifications established under state law and are granted a license by the State Dental Board.

61. The ANTHC should be enjoined from engaging in the unlicensed practice of dentistry, to the extent that it is exercising control over professional dental matters or the operation of dental equipment in a facility where the acts and things described in the Dental Practice Act are performed or done.

**PRAYER**

WHEREFORE, Plaintiffs request a declaration that the Dental Health Aide Therapists and the Alaska Native Tribal Health Consortium are violating Alaska state law by engaging in the unlicensed practice of dentistry. Plaintiffs also request an injunction from the Court prohibiting the Defendants from engaging in the unlicensed practice of dentistry.

In the alternative, Plaintiffs request a declaration that 1) the Dental Health Aide Therapists are violating Alaska state law by engaging in the unlicensed practice of dentistry by performing dental services and practices which fall outside the scope of Congressional objectives enumerated in 25 U.S.C. Sec. 1602(b), and 2) the Alaska Native Tribal Health Consortium is violating Alaska state law by engaging in the unlicensed practice of dentistry by exercising control over professional dental matters or the operation of dental equipment in a facility where the acts and things described in the Dental Practice Act are performed or done. Plaintiffs also request

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium,. 3AN-06-____ CI
Page 17 of 18

Exhibit A page 21 of 28 pages

an injunction from the Court prohibiting the Defendants from engaging in these specific practices. Plaintiffs further request an award of their fees and costs as allowed under Alaska law and all such other legal or equitable relief as the court deems proper.

DATED at Anchorage, Alaska, this 31st day of January, 2006.

**CLAPP, PETERSON, VAN FLEIN, TIEMESSEN & THORSNESS, LLC**
Attorneys for Plaintiffs
Alaska Dental Society,
Dr. Michale Boothe, Dr. Pete Higgins, and
Dr. George Shaffer

By: ______________________
Thomas Van Flein
ABA No. 9011119\

AMERICAN DENTAL ASSOCIATION
Attorneys for Plaintiffs
American Dental Association
And Dr. Howard T. Jones

Peter M. Sfikas, Esq.
Jerome K. Bowman, Esq.
Brent D. Hanfling, Esq.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586



FILED
STATE OF ALASKA
THIRD DISTRICT
06 JAN 31 AM 9:37
CLERK TRIAL COURTS
BY
DEPUTY CLERK

Thomas V. Van Flein, Esq.
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3442
Tel: (907) 272-9272
Fax: (907) 272-9586

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER,

Plaintiffs,

vs.

THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8,

Defendants.

Case No. 3AN-06-4797 Civil

## ENTRY OF APPEARANCE

Thomas V. Van Flein, Esq., of the law firm of Clapp, Peterson, Van Flein, Tiemessen, and Thorsness, LLC, enters his appearance on behalf of plaintiffs THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER. Service on said plaintiffs may be had by providing service to

Entry of Appearance
The Alaska Dental Society, et al v. The Alaska Native Tribal Health Consortium, et al
Case No. 3AN-06-_____ CI
Page 1 of 2

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Exhibit A page 23 of 28 pages

Clapp, Peterson, Van Flein, Tiemessen and Thorsness, LLC, 711 "H" Street, Suite 620, Anchorage, Alaska 99501, (907) 272-9272; fax number (907) 272-9586.

DATED this 31st day of January 2006, at Anchorage, Alaska.

**CLAPP, PETERSON, VAN FLEIN**
**TIEMESSEN & THORSNESS, LLC**
Attorneys for Plaintiffs

By: ______________________
Thomas V. Van Flein, #9011119

Certificate of Service:

I hereby certify that a copy of this document was mailed on January ___, 2006, to the following:

DW & J Alaska Corporation
701 W. Eighth Avenue, Suite 800
Anchorage, AK 99501

By: ______________________
F:\Document\AMERICAN DENTAL ASSOCIATION-Dental Health Aide Program\pldg entry of appearance 1-30-06.doc

Entry of Appearance
The Alaska Dental Society, et al v. The Alaska Native Tribal Health Consortium, et al
Case No. 3AN-06-_____ CI
Page 2 of 2

Exhibit A page 24 of 28 pages

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586



FILED
STATE OF ALASKA
THIRD DISTRICT
06 JAN 31 AM 9:37
CLERK TRIAL COURTS
BY
DEPUTY CLERK

Thomas V. Van Flein, Esq.
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3442
Tel: (907) 272-9272
Fax: (907) 272-9586

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER,

Plaintiffs,

vs.

THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8,

Defendants.

Case No. 3AN-06-4797 Civil

## DEMAND FOR JURY TRIAL

Plaintiffs, The Alaska Dental Society, The American Dental Association, Dr. T. Howard Jones, Dr. Michale Boothe, Dr. Pete Higgins and Dr. George Shaffer, demand a jury trial as to all issues so triable in the above-captioned case.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Demand for Jury Trial
The Alaska Dental Society, et al v. The Alaska Native Tribal Health Consortium, et al
Case No. 3AN-06-_____ CI
Page 1 of 2

Exhibit A page 25 of 28 pages

DATED this 31st day of January 2006, at Anchorage, Alaska.

**CLAPP, PETERSON, VAN FLEIN TIEMESSEN & THORSNESS, LLC**
Attorneys for Plaintiffs

By: ______________________
Thomas V. Van Flein, #9011119

Certificate of Service:

I hereby certify that a copy of this document was mailed on January ___, 2006, to the following:

DW & J Alaska Corporation
701 W. Eighth Avenue, Suite 800
Anchorage, AK 99501

By: ____________________
F:\Document\AMERICAN DENTAL ASSOCIATION-Dental Health Aide Program\pldg demand jury trial 1-30-06.doc

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Demand for Jury Trial
The Alaska Dental Society, et al v. The Alaska Native Tribal Health Consortium, et al
Case No. 3AN-06-_____ CI
Page 2 of 2

Exhibit A page 26 of 28 pages

SONOSKY, CHAMBERS, SACHSE, MILLER & MUNSON, LLP
318 FOURTH STREET
JUNEAU, ALASKA 99801
(907)586-5880

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

FILED
IN THE CHAMBERS OF
PETER A. MICHALSKI
Superior Court
State of Alaska, Third District
Time 2:30 pm
Date 2/13/06
Initials [illegible]

THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER,

Plaintiffs,

v.

THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8,

Defendants.

Case No. 3AN-06-4797 CI

## ENTRY OF APPEARANCE

Comes now, SONOSKY, CHAMBERS, SACHSE, MILLER & MUNSON, LLP, and enters their appearance on behalf of Alaska Native Tribal Health Consortium.

//

//

//

//

//

//

ENTRY OF APPEARANCE
*The Alaska Dental Society, et al. V. The Alaska Native Health Consortium, et al.*; 3AN-06-4794 CI
s/dha/ada litigation/entry of appearance

Page 1 of 2

Exhibit A page 27 of 28 pages

SONOSKY, CHAMBERS, SACHSE, MILLER & MUNSON, LLP
318 FOURTH STREET
JUNEAU, ALASKA 99801
(907)586-5880

Dated this 9th day of February 2006, at Juneau, Alaska.

Respectfully submitted,

By: ______________________

Myra M. Munson
Alaska Bar No. 8011103
Richard D. Monkman
Alaska Bar No. 8011101
Lloyd B. Miller
Alaska Bar No. 7906040
Aaron M. Schutt
Alaska Bar No. 0011084
SONOSKY, CHAMBERS, SACHSE
MILLER & MUNSON LLP
318 Fourth Street
Juneau, Alaska 99801
Tel: 907-586-5880
Fax: 902-586-5833
Counsel for Alaska Native Tribal Health Consortium

I hereby certify that I [x] Faxed and [x] Mailed a true and correct copy of the foregoing document to the following attorneys of record on the 9th day of February 2006:

Fax No.: 970-272-9586
Thomas V. Van Flein
Clapp, Peterson LLC
711 H Street, Suite 620
Anchorage, Alaska 99501

Diane Vincent
Diane Vincent

ENTRY OF APPEARANCE
*The Alaska Dental Society, et al. V. The Alaska Native Health Consortium, et al.*; 3AN-06-4794 CI
s/dha/ada litigation/entry of appearance

Page 2 of 2

Exhibit A page 28 of 28 pages