# MEMORANDUM

## State of Alaska
### Department of Law

TO:    Robert E. Warren, DDS
       Alaska Board of Dental
       Examiners

DATE:    September 8, 2005

FILE NO:    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

TEL. NO.:    451-2811

FROM:   Paul R. Lyle
        Sr. Assistant Attorney General

SUBJECT:   State Licensure of
           Federal Dental Health
           Aides

## INTRODUCTION

The Alaska Board of Dental Examiners is concerned that dental health aides employed in Native Health Clinics are performing dental procedures for which state law requires a license as a dental hygienist or a license as a dentist under AS 08.32 and AS 08.36, respectively. You have asked us to review whether dental health aides employed by these clinics must be licensed under state law.

Native Health Clinics are operated by various Alaska Native non-profit corporations formed under state law by Alaska tribes. These nonprofit corporations operate under contract with the United States Department of Health and Human Services, Indian Health Service, Alaska Area Native Health Service to provide health care to Alaska Natives.[1] Dental health aides are trained under standards set by the Community Health Aide Certification Board, a board of the federal government that operates under

---

[1]    The Indian Self-Determination and Education Assistance Act (ISDEAA), 25 U.S.C. § 450a *et seq.*, generally requires the federal government to enter into compacts with Indian tribes to transfer the management of federal programs designed to benefit Indians and Alaska Natives to tribes and tribal organizations. The Department of Interior and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-83, §§ 325(a) and 325(c), 111 Stat. 1543, 1597-98 (1997), required certain Alaska Native nonprofit corporations to form a tribal consortium to enter into an ISDEAA compact to provide health services to Alaska Natives statewide. The consortium is named the Alaska Native Tribal Health Consortium (ANTHC) and is a nonprofit corporation formed under Alaska law. ANTHC negotiated a global compact with the Indian Health Service, Alaska Area Native Health Service. Under the compact, individual Native nonprofit corporations provide health services in Native clinics under separately negotiated funding agreements with the Area Service.

Robert E. Warren, DDS                                                  September 8, 2005
*Re: State Licensure of Federal Dental Health Aides*                              Page 2
Our File No. 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

the auspices the Alaska Area Native Health Service. The Certification Board promulgates standards for training, certification, supervision and continuing education of dental health aides. The Certification Board is established and operates under the authority of a federal statute, 25 U.S.C. § 1616*l*, a provision of the Indian Health Care Improvement Act (IHCIA) applicable only to the State of Alaska.

Once trained and certified under the Certification Board's standards, dental health aides perform dental procedures in Native health clinics. They may perform these procedures only while employed by the Native non-profits and may serve only those patients authorized to receive care through these clinics.

## SUMMARY OF ADVICE

We conclude that, so long as they are employed by Native Health clinics and treat patients authorized to receive care in those clinics, individuals certified as dental health aides by the federal Community Health Aide Certification Board do not have to comply with state dental licensure laws.

The state dental licensure laws stand as an obstacle to Congress' objective to provide dental treatment to Alaska Natives by using non-dentist, non-hygienist paraprofessionals. Therefore, the federal statute that mandates the development of the dental health aide standards and the certification of dental health aides displaces (or preempts) the state's dental licensure law and renders it unenforceable against federally-certified dental health aides.

## LEGAL ANALYSIS

In analyzing whether state law is preempted in this case, we first examine general principles of preemption. We next identify the type of preemption at issue in this case and then apply preemption standards to the state and federal statutes at issue in this case, 25 U.S.C. § 1616*l*, AS 08.32 (licensing dental hygienists) and AS 08.36 (licensing dentists).

Robert E. Warren, DDS                                          September 8, 2005
*Re: State Licensure of Federal Dental Health Aides*                   Page 3
Our File No. 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

### A.  General Preemption Principles

The doctrine of preemption is rooted in the Supremacy Clause of the United States Constitution[2] and "invalidates any state law that contradicts or interferes with an Act of Congress."[3]  Preemption can be either "explicitly stated in the statute's language or implicitly contained in its structure and purpose."[4]

The Second Circuit Court of Appeals recently identified three types of preemption in *Wachovia Bank, N.A. v. Burke*:

> Preemption can generally occur in three ways: [1] where Congress has expressly preempted state law, [2] where Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for state law, or [3] where federal law conflicts with state law.[5]

Regardless of the type of preemption at issue, whether federal law preempts state law "is always a matter of congressional intent."[6]    The intent of Congress to preempt state law

---

[2]     *Fidelity Federal Savings & Loan Ass'n. v. de la Cuesta*, 458 U.S. 141, 152 (1982).

[3]     *Hayfield Northern R.R. Co. Inc.  v. Chicago and North Western Transp. Co.*, 467 U.S. 622, 627 (1984).

[4]     *de la Cuesta*, 458 U.S. at 153 (citation and inner quotation marks omitted).

[5]     *Wachovia Bank, N.A. v. Burke*, 414 F.3d 305, 313 (2d Cir. 2005) (citing *de la Cuesta*, 458 U.S. at 153 and other authorities).  The first type of preemption identified in *Wachovia* (express preemption) concerns, as its name indicates, statutory language that *explicitly* prohibits state law from operating to one degree or another.  The two remaining types of preemption identified in *Wachovia* (field preemption and conflict preemption) are variants of implied preemption.

[6]     *Wachovia Bank*, 414 F.3d at 314 (citing *de la Cuesta*, 458 U.S. at 152).

Robert E. Warren, DDS
*Re: State Licensure of Federal Dental Health Aides*
Our File No. 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

September 8, 2005
Page 4

    is discerned from the language of the federal statute and the statutory framework surrounding it. Also relevant, however, is the structure and purpose of the statute as a whole, as revealed not only in the text, but through the reasoned understanding of the way in which Congress intended the statute and its surrounding regulatory scheme to affect business, consumers, and the law.[7]

    Where federal law addresses "fields of traditional state regulation" there is a presumption against preempting state law "unless that was the clear and manifest purpose of Congress."[8]  Protecting the health of their citizens is a field in which states

---

[7]    *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 486 (1996) (citations and inner quotation marks omitted) (construing an express preemption provision); *see also Gade v. National Solid Wastes Management Ass'n.*, 505 U.S. 88, 98 (1992) (noting that this analytical approach applies "in any pre-emption case.").

[8]    *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 655 (1995) (citations and inner quotation marks omitted); *see also Webster v. Bechtel*, 621 P.2d 890, 898 (Alaska 1980).

    However, the presumption against preemption of state law may not apply in this case. The presumption "is not triggered when the State regulates in an area where there has been a history of significant federal presence" or where "Congress has legislated in the field from the earliest days of the Republic." *United States v. Locke*, 529 U.S. 89, 108 (2000) (citations omitted) (state law that sought to regulate national and international maritime commerce preempted); *see also Hines v. Davidowitz*, 312 U.S. 52, 68 (1941) (finding federal preemption of state law affecting aliens, "the one aspect of our government that *from the first* has been * * * conceded * * * to demand broad national authority.") (italics added). Where the presumption does not apply, the issue is "whether the local laws in question are consistent with the federal statutory structure." *Locke*, 529 U.S. at 108.

    The legislative history of the bill enacting 25 U.S.C. § 1616*l* stated that, "[b]ased upon the Constitution, historical developments, treaties and statutes, the United States has assumed a legal and moral obligation to provide adequate health care and services to Indian tribes and their members" since the 19th century and as early as 1802. S. REP. No. 102-392, at 2 (1992), *as reprinted in* 1992 U.S.C.C.A.N. 3943, 3944.

traditionally legislate under their police powers.[9]    The licensure of health care professionals is, therefore, within the states' police powers.

### 1. Express and Field Preemption

The first two types of preemption mentioned above are not applicable to the present situation. The federal statute at issue in this case, 25 U.S.C. § 1616*l*, does not contain an explicit statement of congressional intent to displace state law.

Further, field preemption is not applicable because 25 U.S.C. § 1616*l* is not comprehensive federal legislation occupying the entire field of dental licensure in Alaska: The statute applies only to dental aides providing certain types of dental care through Native health clinics to Alaska Natives authorized to receive dental care under federal law.    Therefore, Congress has not impliedly preempted state dental licensure laws by occupying that whole field of law.

### 2. Conflict Preemption

Under the third type of preemption mentioned above, conflict preemption,[10] federal law preempts state law

> where "the incompatibility between [the two laws] is discernible only through inference."  When federal law does not expressly preempt state law, the court "must inquire more deeply into the intention of Congress and the scope of the pertinent state legislation."  Preemption in this instance will

---

Therefore, a court may find that AS 08.32 and AS 08.36 are not entitled to a presumption against implied preemption because 25 U.S.C. § 1616*l* is legislation addressing an historic federal responsibility, the direct provision of health care to Indians. However, we need not decide that issue because, in our opinion, 25 U.S.C. § 1616*l* evinces a clear congressional intent to preempt state law, thus overcoming the assumption that state law is not preempted.

[9]    *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 756 (1985); *Medtronic*, 518 U.S. at 485 (acknowledging "the historic primacy of state regulation of matters of health and safety.").

[10]    Conflict preemption is a variant of implied preemption. *See supra* note 5.

Robert E. Warren, DDS                                                    September 8, 2005
Re: *State Licensure of Federal Dental Health Aides*                              Page 6
Our File No. 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

arise when "state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."[11]

Conflict preemption is an issue in this case because, unless dental health aides have state licenses under AS 08.32 and AS 08.36, they are precluded from performing dental procedures that they are otherwise certified to perform by the federal Certification Board pursuant to 25 U.S.C. § 1616*l*. Therefore, we next consider whether 25 U.S.C. § 1616*l* impliedly preempts AS 08.32 and AS 08.36 as applied to dental health aides operating in Alaska Native health clinics.

**B.    25 U.S.C. 1616*l* Preempts AS 08.32 and AS 08.36 as Applied to Certified Dental Health Aides.**

Under conflict preemption, we must determine whether 25 U.S.C. § 1616*l* invalidates AS 08.32 and AS 08.36 as applied to dental health aides operating under the Community Health Aide Program established by Congress in the federal statute.

As applied to dental health aides, AS 08.32 and AS 08.36 are preempted if "state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."[12]    In order to make this determination, and because "preemption is always a matter of congressional intent,"[13] we first examine the structure of and congressional purpose for 25 U.S.C. § 1616*l*. Next, we examine AS 08.32 and AS 08.36. Finally, we determine whether the state law is an obstacle to the federal law and thus preempted.

---

[11]    *Hankins v. Finnel*, 964 F.2d 853, 861 (8th Cir. 1992) (quoting *Hayfield Northern R.R. Co. v. Chicago & N.W. Transp. Co.*, 467 U.S. 622, 627 (1984) and *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 300 (1988) (citing *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941))); *see also de la Cuesta*, 458 U.S. at 153 and *Webster*, 621 P.2d at 900-01.

[12]    *Id.*

[13]    *Wachovia Bank*, 414 F.3d at 314.

Robert E. Warren, DDS                                                    September 8, 2005
*Re: State Licensure of Federal Dental Health Aides*                                        Page 7
Our File No. 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

## 1. The Structure and Purpose of 25 U.S.C. § 1616*l*

We begin our analysis of the federal statute with the source of Congress'
power to legislate in this area of law. Under the Indian Commerce Clause of the U.S.
Constitution,[14] Congress possesses exclusive and plenary power over Indian relations.[15]
Congress enacted the Indian Health Care Improvement Act[16] (IHCIA) in 1976 under this
broad and exclusive source of power. It added the Community Health Aide Program for
Alaska to the IHCIA in 1992.[17]

The 1992 findings supporting the IHCIA provide, in relevant part:

The Congress finds the following:
* * *

(b) A major national goal of the United States is to provide
the quantity and quality of health services which will permit
the health status of Indians to be raised to the highest possible
level and to encourage the maximum participation of Indians
in the planning and management of those services.
* * *

(d) Despite [the provision of federal health] services, the
unmet health needs of the American Indian people are severe
and the health status of the Indians is far below that of the
general population of the United States.[18]

_____

[14]    U.S. CONST. art. I, § 8, cl. 3.

[15]    *Oneida County v. Oneida Indian Nation*, 470 U.S. 226, 234 (1985); *Cotton
Petroleum Corp v. New Mexico*, 490 U.S. 163, 192 (1989) ("[T]he central function of the
Indian Commerce Clause is to provide Congress with plenary power to legislate in the
field of Indian affairs.").

[16]    25 U.S.C. § 1601 *et seq.*

[17]    25 U.S.C.A. § 1616*l* (revision notes).

[18]    25 U.S.C. § 1601.

Robert E. Warren, DDS                                                September 8, 2005
*Re: State Licensure of Federal Dental Health Aides*                          Page 8
Our File No. 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

Congress then set out 61 health objectives for Indians.[19]  Seven of these objectives address dental health to include (1) reducing cavities in children, (2) reducing untreated cavities in children and adolescents, (3) reducing the proportion of adults who have lost all of their natural teeth, (4) increasing the proportion of adults who have never lost a permanent tooth, (5) reducing periodontal disease in adults, (6) increasing the use of protective sealants on permanent teeth among Indian children, and (7) reducing the prevalence of gingivitis in adults.[20]  These objectives were to be met by the year 2000.[21]

To fulfill these objectives in Alaska, and against the backdrop of the unmet health needs of Alaska Natives, Congress enacted 25 U.S.C. § 1616*l* in 1992.  Section 1616*l*(a) requires the Secretary of Health and Human Services to:

> maintain a Community Health Aide Program in Alaska under which the [Indian Health] Service –
> > (1)  provides for the **training** of Alaska Natives as health aides or community health practitioners;
> > (2)  uses such aides or practitioners in the **provision of health care**, health promotion, and disease **prevention** services to Alaska Natives living in villages in rural Alaska;[22]
> > * * *

---

[19]     The term "Indian" expressly includes "Eskimo, Aleut and other Alaska Native." 25 U.S.C. § 1603(c)(2).

[20]     25 U.S.C. §§ 1602(20) – (26).

[21]     25 U.S.C. § 1602(b).  These goals were apparently unmet even as late as 2002.  In November 2002, the Community Health Aide Certification Board, the federal board for the Alaska program established under 25 U.S.C. § 1616*l*, found that "only 29% of Alaska Native children and even fewer adults have had access to dental care resulting in epidemic caries among children and loss of teeth among adults and elders." Community Health Aide Program Certification Board *Standards and Procedures*, § 1.40.010(7) (Jan. 31, 2005).  The board also found that a nationwide shortage of dentists "have resulted in high turnover among rural dentists (about 30%) and nearly a quarter of the dental positions in rural Alaska being unfilled resulting in dental care in rural Alaska to being limited principally to only emergency services." *Id.* at § 1.40.010(9).

[22]     (emphasis added).

Robert E. Warren, DDS                                           September 8, 2005
*Re: State Licensure of Federal Dental Health Aides*                    Page 9
Our File No. 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

Section 1616*l*(b)(1) requires the Secretary to use "trainers accredited by the [Health Aide] Program" to train health aides "to ensure that such aides * * * provide quality health care * * * to the villages served by the Program."

In order to provide the required training to health aides, § 1616*l*(b)(2) requires the Secretary to develop a training curriculum for the health aides that

> (A) combines education in the theory of health care with supervised practical experience in the provision of health care;
> (B) provides instruction and practical experience in the provision of acute care, emergency care, health promotion, and disease prevention and the * * * management of clinic pharmacies, supplies, equipment, and facilities; and
> (C) promotes the achievement of the health status objectives specified in [25 U.S.C. § 1602(b)].

Therefore, § 1616*l*(b)(2)(C) incorporates the dental health objectives of § 1602(b) into the mandatory training and health care provisions of the Alaska program.

In addition to providing program-accredited teachers, developing curriculum for health aides, and conducting training programs for prospective health aides, the Secretary is required to "develop and maintain a system" that provides for the continuing education of health aides, reviews and closely supervises their work, and assures that the aides provide "quality health care, health promotion, and disease prevention services."[23] As stated above, § 1616*l*(b)(3) requires the Secretary to establish and maintain a federal board "to certify as community health aides or community health practitioners individuals who have successfully completed the training" required under § 1616*l* or who "can demonstrate equivalent experience."

The Senate Report accompanying the 1992 IHCIA amendments that added § 1616*l* states that the Community Health Aide Program in Alaska was established to provide "for the training of Alaska Natives as health aides [and to] use aides in the

---

[23]     25 U.S.C. §§ 1616*l*(b)(3) – (b)(6).

Robert E. Warren, DDS                                                September 8, 2005
*Re: State Licensure of Federal Dental Health Aides*                              Page 10
Our File No. 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

provision of health care, health promotion and disease prevention in rural Alaskan villages."[24]

Congress mandated a program for Alaska that would develop (among other topics) a dental curriculum, accredit trainers, instruct students, and certify (or license), through a federal board, those students who successfully completed the course of instruction. By expressly incorporating § 1602(b) into § 1616*l*, Congress mandated that the course of instruction cover the prevention and treatment of the dental conditions set out in § 1602(b), including treatment of caries and application of sealants. In addition to the federal training certification, Congress required the Secretary to develop and maintain a system to supervise, review and evaluate the work of dental aides and establish continuing education standards for them.

Thus, by incorporating the dental health objectives of § 1602(b) into § 1616*l*, Congress manifested an intent to make prevention and treatment services for caries and other dental diseases a reality in rural Alaska through the training and certification of paraprofessional dental health aides.

Examining, as we must, "the structure and purpose of [25 U.S.C. § 1616*l*] as a whole, as revealed not only in the text, but through the * * * reasoned understanding of the way in which Congress intended the statute and its surrounding regulatory scheme" to work,[25] we conclude that Congress intended to provide dental care to Alaska Natives through a comprehensive federal system of paraprofessional aides, trained by program-accredited teachers using a federally-developed curriculum and licensed by a federal board under federal standards, whose performance following certification would be closely supervised, reviewed and evaluated by the Secretary and updated through federally-mandated continuing education requirements.

---

[24]    S. REP. No. 102-392, at 51 (1992), *as reprinted in* 1992 U.S.C.C.A.N. 3943, 3993.

[25]    *Medtronic*, 518 U.S. at 486.

Robert E. Warren, DDS                                              September 8, 2005
*Re: State Licensure of Federal Dental Health Aides*                        Page 11
Our File No. 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

### 2. AS 08.32 and AS 08.36

AS 08.32 and AS 08.36 are similar to 25 U.S.C. § 1616*l*, although state law is more detailed.[26]  The purpose of these statutes is to protect the public health.  Like the federal statute, AS 08.32 requires dental hygienists to be licensed, specifies educational standards by requiring an applicant to be a graduate of an accredited program, allows for licensure through equivalent experience (licensure by credentials) and sets out supervision requirements and employment requirements.

AS 08.36 establishes the Board of Dental Examiners, regulates the use of dental radiological equipment, and, like AS 08.32, sets educational and licensure standards for dentists.

In brief, AS 08.32 and AS 08.36 generally cover the same ground for dental hygienists and dentists that 25 U.S.C. § 1616*l* covers for federal dental health aides.

#### a.  State Dental Licensure Exemptions

There are two exemptions to state dental licensure requirements that must be addressed because, if they apply, there is no actual conflict between state law and federal law.  AS 08.32.187 and AS 08.36.350 exempt from state licensure those dentists and dental hygienists who are in the military service discharging their official duties or who are employed by various federal agencies, including the Alaska Native Service.  We conclude that these exemptions do not apply to federal dental health aides for two reasons.

First, dental health aides are not "dentists" or "dental hygienists" as those terms are used in AS 08.32 and AS 08.36.  As used in AS 08.32 and AS 08.36, a dentist or dental hygienist is an individual who has completed the training required by those statutes and who otherwise meets the statutory qualifications for licensure.  Dental health aides do not meet the statutory requirements and, thus, are not dentists or dental hygienists within the meaning of AS 08.32 and AS 08.36.

Second, dental health aides are employed by Native non-profit corporations, formed under Alaska law, that manage Native health clinics under a

---

[26]    We do not need to include in this memorandum a detailed section-by-section description of state law, as the Dental Board is well-acquainted with these statutes.  Instead we point out areas where state and federal law cover the same ground.

compact and separate funding agreements with the Alaska Area Native Health Service, as authorized under the ISDEAA.[27]    Native non-profits are not agencies of the federal government and are likely not instrumentalities of the United States exempt from state regulation.[28]

### 3. AS 08.32 and AS 08.36 Stand as Obstacles to the Accomplishment of the Objective and Purpose of 25 U.S.C. § 1616*l*

It is undisputed that dental health aides operating under the federal Community Health Aide Program will be performing dental procedures regulated by AS 08.32 and AS 08.36.  It is also undisputed that federal dental health aides do not receive training from the accredited sources required by state law and are thus ineligible for state licensure as dental hygienists or dentists.

However, the issue is whether the educational, licensure, supervision and accreditation standards of state law stand "as an obstacle to the accomplishment and execution of the full purposes and objective of Congress"[29] set out in 25 U.S.C. § 1616*l*. We believe that state law would interfere with the full accomplishment of federal law if it

---

[27]    *See supra* note 1.

[28]    *See, e.g.*, *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 149-50 (1973) (holding that nondiscriminatory state laws of general application apply to Indian tribes operating outside of Indian country and rejecting the federal instrumentality doctrine as an exemption from state tax laws); *Oklahoma Tax Comm. v. Texas Co.*, 336 U.S. 342, 365 (1949) (private entities are not immune from state law merely because they are contractors performing functions for the United States); *Bd. of Equalization for the Bor. of Ketchikan v. Alaska Native Brotherhood*, 666 P.2d 1015, 1023 (Alaska 1983) (applying *Mescalero* and *Oklahoma* to a tax dispute with an Indian organization); *see also Arkansas v. Farm Credit Services of Central Arkansas*, 520 U.S. 821, 829 (1997) (noting that even "[a]n instrumentality of the United States can enjoy the benefits and immunities conferred by explicit statutes ... without [enjoying] the further inference that the instrumentality has all the rights and privileges of the National Government."); *NLRB v. Chapa De Indian Health Program, Inc.*, 316 F.3d 995, 1001-02 (9th Cir. 2003) (NLRB jurisdiction was not "plainly lacking" where a tribal non-profit corporation claimed it was a federal instrumentality statutorily exempt from the National Labor Relations Act because it carried out federal health care functions under an ISDEAA contract.).

[29]    *de la Cuesta*, 458 U.S. at 153 (citing *Hines*, 312 U.S. at 67).

Robert E. Warren, DDS                                                September 8, 2005
*Re: State Licensure of Federal Dental Health Aides*                        Page 13
Our File No. 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

were applied to dental health aides certified under the Community Health Aide Program of 25 U.S.C. § 1616*l*.

As demonstrated above, Congress has mandated that dental health care for Alaska Natives be delivered through federally-trained and certified paraprofessionals. Congress has mandated that the Secretary of the U.S. Department of Health and Human Services develop and oversee all aspects of that program. If dental health aides cannot deliver dental services unless they meet both the state and the federal standards, the objective of Congress will be thwarted.

The purpose and objective of 25 U.S.C. § 1616*l* is to provide dental care to Alaska Natives through paraprofessionals because there are too few dentists and hygienists available to provide those services in remote areas.[30] The Alaska Legislature recognizes that this shortage exists and has authorized an annual isolated area practice permit program.[31]

If federal dental health aides are forced to comply with state law before they can lawfully provide dental treatment, the congressional purpose to increase dental treatment in remote areas through the use of paraprofessional aides will be defeated. Dental health aides will have to be state-licensed dentists or hygienists if state law applies. Yet, it is the shortage of state-licensed dentists and hygienists in rural areas of the state (resulting in the under-treatment of dental disease) that Congress seeks to redress through the use of federally-trained and licensed paraprofessional aides.

Furthermore, if by the application of state law the Secretary were forced to adopt state dental licensing standards as the federal standard for dental health aides, the direction that Congress gave to the Secretary to develop a federal program for licensure of paraprofessionals under 25 U.S.C. § 1616*l* would be thwarted. Paraprofessionals meeting standards that did not satisfy state requirements would not be permitted to provide dental treatment in Alaska.

---

[30]    S. REP. No. 102-392, at 7, 51-52 (1992), *as reprinted in* 1992 U.S.C.C.A.N. 3943, 3949, 3993-94.

[31]    AS 08.36.271 authorizes the Board of Dental Examiners to issue annual permits for U.S. Public Health Service or military dentists allowing them to provide dental care to residents of isolated areas of the state who are not otherwise eligible for state or federal dental care.

Robert E. Warren, DDS
*Re: State Licensure of Federal Dental Health Aides*
Our File No. 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

September 8, 2005
Page 14

   In our opinion, AS 08.32 and AS 08.36 would be an obstacle to the accomplishment of Congress' purpose and objective in enacting 25 U.S.C. § 1616*l* if they were applied to dental health aides certified under the federal dental health aide program for Alaska Natives living in remote areas of the state. Although the state has a legitimate interest in protecting the health of its citizens, "[t]he relative importance to the State of its own law is not material when there is a conflict with a valid federal law, for the Framers of our Constitution provided that the federal law must prevail."[32] Therefore, AS 08.32 and AS 08.36 are preempted as applied to dental health aides employed under the federal Community Health Aide Program.[33]

   On the other hand, because, as we explain in note 33, the Certification Board's standards and procedures do not have preemptive effect, the actions of certified dental health aides *would* be subject to state licensure if the aides performed (with or without board authorization) dental treatments that did not reasonably fall within of the scope of the congressional dental health objectives of 25 U.S.C. §§ 1602(b)(20) – (26).[34] The § 1602(b) objectives form the contours of congressional intent, which is the

---

[32]   *de la Cuesta*, 458 U.S. at 153 (citations and inner quotation marks omitted).

[33]   The Secretary has delegated to the federal Certification Board the responsibility to adopt curriculum and draft standards for the Community Health Aide Program. The board has adopted detailed standards and procedures governing the program. If these standards were adopted as regulations by the U.S. Department of Health and Human Services, they may preempt conflicting state law. *Credit Suisse First Boston*, 400 F.3d at 1128 ("Federal regulations issued by an agency in the scope of its congressionally-delegated authority are included among the 'Laws of the United States' which can preempt state law.") (citing *City of New York v. FCC*, 486 U.S. 57, 63-64 (1988)).

   The community health aide standards and procedures, although promulgated by a federal board and apparently approved (or acquiesced in) by the director of the Alaska Area Native Health Service, are not federal regulations. We have found no authority that gives preemptive effect to a federal policy that is not expressed in a regulation. Therefore, we doubt the board's standards and procedures have preemptive effect and we stress that it is the federal statute (25 U.S.C. § 1616*l*), *not* the health aide standards, that preempt state law in this case.

[34]   These objectives are summarized above in the text accompanying notes 14-24.

Robert E. Warren, DDS
*Re: State Licensure of Federal Dental Health Aides*
Our File No. 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

September 8, 2005
Page 15

"ultimate touchstone"[35] in deciding whether state law is preempted. Furthermore, state law is presumed *not* to be preempted when the state legislates in the area of its traditional police powers, as we demonstrated above.[36]

Therefore, although 25 U.S.C. § 1616*l* preempts state dental licensure laws as to dental health aides certified by the federal board under the Community Health Aide Program, any treatment performed by aides or authorized by the federal board that does not fairly fall within the scope of the congressional objectives would be subject to state regulation, including its dental licensure laws and enforcement powers.[37]

### 3. 1993 Opinion Limited

In 1993 *Inf. Op. Att'y Gen.* (Dec. 6; 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),[38] this office concluded that dental assistants must obtain state licenses if they are employed by Native nonprofit health corporations providing health care services under ISDEAA contracts with the federal government. Our opinion, which was based solely on an analysis of the ISDEAA, concluded that the ISDEAA does not preempt state licensing laws. We continue to adhere to that conclusion.

However, our 1993 opinion did not address 25 U.S.C. § 1616*l*. Therefore, our 1993 opinion is limited in its scope. While ISDEAA does not preempt state law, 25 U.S.C. § 1616*l* does preempt state law requiring licensure of dental health aides operating under the Community Health Aide Program.

**CONCLUSION**

We conclude that, in enacting 25 U.S.C. § 1616*l*, Congress intended to provide dental care to Alaska Natives through paraprofessional treatment providers who may not qualify to be licensed as dentists or dental hygienists under Alaska law. The

---

[35]    *Gade*, 505 U.S. at 96 (citations and inner quotation marks omitted).

[36]    *See supra* notes 8-9 and accompanying text.

[37]    As currently written, the treatments authorized under the Community Health Aide Program Certification Board Standards and Procedures (Jan. 31, 2005) appear to be consistent with the objectives set out in 25 U.S.C. § 1602(b).

[38]    1993 WL 566446 (Alaska A.G.).

Robert E. Warren, DDS                                          September 8, 2005
*Re: State Licensure of Federal Dental Health Aides*                    Page 16
Our File No. 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

application of AS 08.32 and AS 08.36 to dental health aides licensed by the federal Certification Board stands as an obstacle to the full achievement of a legitimate federal purpose expressed through a valid federal statute.

Therefore, 25 U.S.C. § 1616*l* preempts AS 08.32 and AS 08.36 as applied to certified dental health aides while they are providing treatment to eligible patients through Native health clinics operating under the federal Community Health Aide Program, so long as the program's purported reach remains within the contours of congressional intent stated in 25 U.S.C. § 1602(b). However, any individual providing dental services outside of the auspices of the federal program or performing dental treatment outside of the scope of treatments envisioned by Congress in 25 U.S.C. §§ 1602(b) and 1616*l* would be subject to state licensure laws.

Our 1993 informal opinion in 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 is limited to the extent it is contrary to this memorandum.