SONOSKY, CHAMBERS, SACHSE
 MILLER & MUNSON LLP
Myra M. Munson
Richard D. Monkman
dick@sonoksyjuneau.com
Aaron M. Schutt
318 Fourth Street
Juneau, Alaska 99801
Tel: 907-586-5880
Fax: 902-586-5883
Counsel for Defendant
Alaska Native Tribal Health Consortium

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE ) <br> AMERICAN DENTAL ASSOCIATION, ) <br> DR. T. HOWARD JONES, DR. ) <br> MICHALE BOOTHE, DR. PETE HIGGINS ) <br> and DR. GEORGE SHAFFER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE ALASKA NATIVE TRIBAL HEALTH ) <br> CONSORTIUM and DOES 1 through 8, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 3:06-CV-0039 (TMB) <br> Filed Electronically |

**PROPOSED ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS (STANDING)**

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (STANDING)  Page 1 of 6
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.;*
Case No. 3:06-CV-0039 (TMB)
s/dha litgiation/proposed order granting defendant's motion to dismiss (standing)

Having considered Defendant's Motion to Dismiss, all briefs, argument, exhibits and law filed in support and opposition, the Court finds that the Complaint must be dismissed for lack of standing. The basis for the order is set out below.

1. Plaintiffs are the Alaska Dental Society (ADS); the American Dental Association (ADA); one member of the ADA and three members of the ADS. Defendant Alaska Native Tribal Health Consortium, is a consortium of Alaska Tribes and Alaska Tribal health organizations organized pursuant to § 325 of Pub. L. 105-83 that carries out federal health care programs for Alaska Natives and American Indians. Also defendants are eight unnamed "John Does," alleged to be federally-certified dental health aide therapists providing dental care in rural Alaska.

2. Plaintiffs challenge the federal Community Health Aide Program Certification Board's dental health initiative which certifies community health aides, community health aide practitioners, dental health aides and dental health aide therapists (or DHATs), all of whom provide health care services to Alaska Natives, American Indians and other persons authorized to be served by the Indian Health Service in Alaska. Plaintiffs complain that the scope of practice of DHATs certified by the Board goes beyond the bounds allowed under federal law. Plaintiffs also allege that Defendant ANTHC is violating the Alaska Dental Practice Act by employing, supervising and directing dental health aide therapists to perform dental procedures.

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (STANDING)   Page 2 of 6
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litgiation/proposed order granting defendant's motion to dismiss (standing)

       This conduct, plaintiff asserts, constitutes a Class B misdemeanor under state law. Plaintiffs request an injunction prohibiting defendants from engaging in this allegedly unlicensed practice of dentistry. In the alternative, plaintiffs request a declaration that the dental health aide therapists and ANTHC are violating state law by engaging in the unlicensed practice of dentistry. Plaintiffs do not seek tort or contract damages.

3.    Plaintiffs have failed to establish the injury standing requirement. The Supreme Court has made clear that "the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992). Plaintiffs do not allege that any actual injury has occurred to anyone. Plaintiffs' sole claim of injury – if that is what it is – is their assertion that DHATs "pose a risk of physical harm to patients" by providing dental services with allegedly inadequate training and licensing prerequisites. Complaint ¶48; *see also id.* ¶49 (DHATs alleged to "plac[e] patients at risk"). Plaintiffs do not allege any direct or indirect injury to themselves, whether economic or physical, nor to any other of their personal interests. *See See also Qwest Corporation v. City of Surprise*, 2006 WL 223711 (9th Cir. 2006); *Gillam v. Barton*, 353 F.Supp.2d 1068 (D. Ak. 1996). The Complaint makes no allegations of any actual harm whatsoever, but relies on bare speculation of future risk to

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (STANDING)   Page 3 of 6
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litgiation/proposed order granting defendant's motion to dismiss (standing)

unknown, unidentified patients of the DHATs. Such vague assertions of "future contingent injury" are inadequate to establish standing. *See Whitmore v. Arkansas*, 495 U.S. 149, 157-158 (1990)

4. Plaintiffs Alaska Dental Society and American Dental Association also fail to satisfy standing requirements for associations. The Complaint does not allege injury suffered by the associations themselves or by any of their members. *See Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977); *Black Faculty Assoc'n. of Mesa College v. San Diego Community College Dist.*, 664 F.2d 1153, 1156 (9th Cir. 1981) (no facts establishing injury to association or to individual members).

5. Plaintiffs' Complaint also fails the causation standing requirement. The Board which established the Community Health Aide Program dental health initiative of which Plaintiffs complain is a federal agency which is not before the Court. Plaintiffs cannot establish that the alleged injury "fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41– 42 (1976). A declaration that the dental initiative violates Alaska or federal law, and an order enjoining ANTHC from "practicing dentistry without a license" would not bind the Secretary of Health and Human Services nor the Board itself. The Board could obtain staffing services elsewhere, or provide its own, and and

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (STANDING)    Page 4 of 6
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litgiation/proposed order granting defendant's motion to dismiss (standing)

continue with the training, certification and oversight activities complained of. Neither the Secretary nor the Board are before the Court. An injunction issued against ANTHC would not affect their independent rights – or their legal obligations – to continue the CHAP dental health initiative.

6. Plaintiffs lack standing to seek this Court's assistance to obtain compliance with the laws invoked in the Complaint. The dental initiative is authorized by the Indian Health Care Improvement Act, 25 U.S.C. § 1601, and established under the Snyder Act. 25 U.S.C. § 13; *see also id*. § 1616*l*. The Secretary of Health and Human Services is charged with implementing and enforcing these federal laws. *See* 25 U.S.C. § 1602(d). The Alaska Attorney General is charged with enforcing state criminal statutes, including AS 08.36.340, which relates to the unlicensed practice of dentistry. *See* AS 44.23.020(b)(4).[1] The Alaska Department of Community and Economic Development is charged with investigating and prosecuting alleged violations of the state Dentistry Act and other licensing laws. *See*, AS 08.01.087. The United States Supreme Court has held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54 (1986) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619

---

[1] In response to the State Dental Board's inquiry, the Alaska Attorney General opined that the Alaska statutes upon which plaintiffs' claims are based are preempted by federal law with respect to the Community Health Aide Program Certification Board's dental health initiative. 2005 Inf. Op. Alaska Att'y Gen. 2 (Sept. 8, 2005) ("individuals certified as dental health aides by the federal Certification Board do not have to comply with state dental licensure laws").

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (STANDING)    Page 5 of 6
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litgiation/proposed order granting defendant's motion to dismiss (standing)

(1973)); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981); *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883 (1984); *Associated Builders & Contractors v. Perry*, 16 F.3d 688 (6th Cir. 1994). This principle is controlling here.

7. Plaintiffs have failed to establish their right to assert the rights of the patients of DHATs the interests asserted here. *See Warth v. Selden*, 422 U.S. 490, 499 (1976); *Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002); *Black Faculty Assoc'n. of Mesa College, supra*. First, as discussed above, Plaintiffs have failed to show injury. Second, Plaintiffs demonstrated no relationship to patients of DHATs to justify assertion of their rights. Finally, no evidence has been presented that the DHAT patients are unable to assert any such rights on their own behalf.

IT IS ORDERED that the Defendant's Motion to Dismiss is GRANTED.

_____                                          _____
Date                                                            Timothy M. Burgess
                                                                United States District Judge

I hereby certify that on the 15th day of March, 2006, a copy of the foregoing Proposed Order Granting Defendant's Motion to Dismiss (Standing) was served electronically addressed to:

Thomas V. Van Flein.
tvf@cplawak.com

/s/ *Richard D. Monkman*
_____

Richard D. Monkman

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (STANDING)                Page 6 of 6
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litgiation/proposed order granting defendant's motion to dismiss (standing)