SONOSKY, CHAMBERS, SACHSE
 MILLER & MUNSON LLP
Myra M. Munson
Richard D. Monkman
dick@sonoskyjuneau.com
Aaron M. Schutt
318 Fourth Street
Juneau, Alaska 99801
Tel: 907-586-5880
Fax: 902-586-5883
Counsel for Defendant
Alaska Native Tribal Health Consortium

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:06-CV-0039 (TMB) |
| THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8, | ) ) ) ) | Filed Electronically |
| Defendants. | ) ) ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS (STANDING)**

**INTRODUCTION**

This action must be dismissed for lack of standing. It is an entirely inappropriate and

unwarranted attack on an extraordinarily valuable federal program designed to improve the dental

health of Alaska Natives and American Indians, in particular children, in the villages of Alaska. The

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)    Page 1 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

Plaintiffs are private dentists and associations of private dentists who are not affected by this program and who do not have any legally cognizable interest in bringing this action. The Plaintiffs are indignant that any individual other than an Alaska-licensed dentist would provide dental care for Alaska Native children. No dental care, they believe, is better than dental care by someone outside their guild. The Plaintiffs' indignation may be genuine, if misplaced, but it does not provide standing to bring this action.

Plaintiffs make no allegation of harm or injury to themselves, either the individual dentists or dental associations. This stands to reason. When a second grader in Kwethluk receives a filling in a baby tooth, for example, what is the harm to the Plaintiff dentist from Ketchikan? When a resident of Ambler receives treatment for acute dental pain that would otherwise go untreated for months, what is the harm to members of the American Dental Association in suburban Chicago? The Complaint does not answer these questions, as it cannot. There is simply no harm to Plaintiffs from this federal program.

Plaintiffs fail to satisfy the fundamental, constitutional requirements of standing: injury, causation and redressability. The federal and state laws which Plaintiffs invoke do not afford these private dentists statutory standing to sue. The Complaint fails to comply with prudential standing requirements. Plaintiffs have an insufficient basis to assert the claims of unknown, unidentified and uninjured third parties.

## SUMMARY OF COMPLAINT

Plaintiffs are the Alaska Dental Society (ADS); the American Dental Association (ADA); one member of the ADA and three members of the ADS. Defendant Alaska Native Tribal Health Consortium is a consortium of Alaska Tribes and Alaska Tribal health organizations. ANTHC is organized pursuant to § 325 of Pub. L. 105-83 and carries out federal health care programs for Alaska Natives and American Indians, including health care programs authorized, *inter alia,* by the Indian Health Care Improvement Act, 25 U.S.C. § 1616l, Section 121 of Pub. L. 94-437, as amended

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)    Page 2 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

and Title V of the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450 *et seq.,* Public Law 93-638, as amended.  Also defendants are eight unnamed "John Does," alleged to be federally-certified dental health aide therapists providing dental care in rural Alaska.

Plaintiffs challenge the federal Community Health Aide Program's dental health initiative. The Community Health Aide Program was established as a discretionary program under the authority of the Act of November 2, 1921 (25 U.S.C. § 13, popularly known as the Snyder Act), and pursuant to 25 U.S.C. §§ 1601 and 1616l (Section 121 of Publ. L. 94-437, the Indian Health Care Improvement Act, as amended).  The Community Health Aide Program ("CHAP") has been in existence for over 50 years, training primary care providers who serve in Alaska's villages.  The CHAP is widely recognized as having had a tremendous, positive effect on the health and well-being of those it serves.

The Community Health Aide Program Certification Board is established by federal statute, 25 U.S.C. § 1616*l*(b)(3).  The Board is charged with developing standards, providing training and education, and supervising community health aides in Alaska, including community health aides trained as dental health aides and dental health aide therapists.  The Board examines and certifies community health aides, community health aide practitioners, dental health aides and dental health aide therapists (or DHATs), all of whom provide health care services to Alaska Natives, American Indians and other persons authorized to be served by the Indian Health Service in Alaska.  The Board has developed a comprehensive certification process.  Community Health Aide Program Certification Board, *Standards and Procedures* (Nov. 26, 2002, am. Jan. 31, 2005).[1]

---

[1]  http://www.phs-dental.org/depac/newfile50.html

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)        Page 3 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

Plaintiffs complain that the scope of practice of Board-certified DHATs goes beyond the bounds allowed under federal law.  They allege that federal certification is inadequate to protect the public health — that is to say, Plaintiffs allege that all DHATs must fully qualify as state-licenced dentists before providing basic levels of dental care in the Indian health programs in Alaska. Additionally, Plaintiffs allege that Defendant ANTHC is violating the Alaska Dental Practice Act by employing, supervising and directing dental health aide therapists to perform dental procedures. This conduct, Plaintiffs assert, constitutes a Class B misdemeanor under state law.

Plaintiffs further allege that the Alaska State Dental Board has the sole jurisdiction to control the manner of licensing dentists and the Dental Board has determined that dental health aide therapists, and the services they provide constitute the unlawful practice of dentistry in violation of Alaska law.  The State Attorney General disagrees. *See,* 2005 Inf. Op. Alaska Att'y Gen. (Sept. 8, 2005) (Dkt. 1, *Notice of Removal*, Ex. B) ("individuals certified as dental health aides by the federal Certification Board do not have to comply  with state dental licensure laws").   Having failed to persuade the Attorney General, Plaintiffs now request an injunction from this Court prohibiting Defendants from providing dental care authorized by their federal certifications.  In the alternative, Plaintiffs request a declaration that the dental health aide therapists and ANTHC are violating state law by engaging in the "unlicensed practice of dentistry."  Plaintiffs do not seek tort or contract damages.

### STANDARDS FOR MOTION TO DISMISS

Rule 12(b) of the Federal Rules of Civil Procedure allows a court to dismiss a claim for lack of subject matter and personal jurisdiction.  Where a challenge is made on the basis of standing, it is the burden of the party seeking to invoke the power of the court to establish that the relevant

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)        Page 4 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

jurisdictional requirements are satisfied. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Article III standing is an absolute, constitutional prerequisite for Plaintiffs to pursue this action. *Warth v. Selden*, 422 U.S. 490, 501 (1976).

For purposes of ruling on a motion to dismiss for want of standing, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Selden*, 422 U.S. at 501. Also, "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." *Id*. at 501-502. In this instance, Defendant ANTHC does not believe that any amendment can save Plaintiffs' fundamentally flawed action.

## ARGUMENT

## I.    PLAINTIFFS LACK STANDING TO MAINTAIN THIS ACTION

### A.    Standing Principles

Article III, § 2, of the Constitution "extends the 'judicial power' of the United States only to 'Cases' and 'Controversies.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102 (1998). Standing to sue "is part of the common understanding of what it takes to make a justiciable case." *Id*. It "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth*, 422 U.S. at 489. It requires that "the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Id*. at 498-499 (citation omitted). "A federal court's jurisdiction therefore can be invoked *only when the plaintiff himself has suffered*

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)         Page 5 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

'some threatened or actual injury resulting from the putatively illegal action . . . .'" *Id*. at 499 (emphasis added; citations omitted).

To establish standing to bring suit a plaintiff must satisfy "the irreducible constitutional minimum of standing contains three elements.  First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560 (citations omitted). Second, "there must be a causal connection between the injury and the conduct complained of–the injury has to be 'fairly...trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.'" *Id*. at 560-561 (citations omitted).  Third, it must be "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*. at 561 (citations omitted).  "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id*. (citations omitted).

In addition to these Article III requirements, the standing doctrine also contains certain prudential requirements – or judicially self-imposed limits – on the exercise of federal jurisdiction. Of relevance here, these prudential considerations include "the general prohibition on a litigant's raising another person's legal rights." *Allen v. Wright,* 468 U.S. 737, 751 (1984).  For example, a suing party must assert his or her own legal rights and interests and cannot rest his or her claim to relief on the legal rights or interests of others.  *Warth,* 422 U.S. at 499.   Also, the suing party normally must assert an injury peculiar to himself or herself or to a distinct group of which he or she

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)          Page 6 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

is a part, rather than "only a generally available grievance about government-claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that  no more directly and tangibly benefits him than it does the public at large." *Lujan,* 504 U.S. at 573-574 (citations omitted).  Unless these judicially imposed, prudential principles of self restraint are satisfied in the appropriate circumstances, a party suing will lack standing even though he or she has met the constitutionally imposed requirement of an injury-in-fact.

As shown below, Plaintiffs in this matter have not established any of the requisite constitutional or prudential standing requirements.

### B.    Plaintiffs Have Failed To Allege Injury-In-Fact

The Supreme Court has made clear that "the 'injury-in-fact' test requires more than an injury to a cognizable interest.   It requires that the party seeking review be himself among the injured." *Lujan,* 504 U.S. at 562.  To the limited extent that Plaintiffs have alleged any injury whatsoever arising from this federal program, Plaintiffs fail to satisfy these requirements.

Plaintiffs do not allege that any actual injury has occurred to anyone.  Plaintiffs' sole claim of injury – if that is what it is – is their assertion that DHATs "pose a risk of physical harm to patients" by providing dental services with allegedly inadequate training and licensing prerequisites. Complaint ¶48; *see also id.* ¶49 (DHATs alleged to "plac[e] patients at risk").[2]  Plaintiffs do not allege any direct or indirect injury to themselves, whether economic or physical, nor to any other of their personal interests.  For example, the  individual dentist Plaintiffs do not allege that they have ever been treated by DHATs.  The Plaintiff Associations do not claim that they have suffered any

---

[2] Plaintiffs also allege violations of the Indian Health Care Improvement Act and state law regulating the practice of dentistry. *Id.* ¶51, 57, 58.  As discussed *infra.,* Section D, such claims of generalized interest in the proper application of the law is not a particularized concrete injury and does not confer standing.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)          Page 7 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

harm whatsoever.  Plaintiffs are certainly indignant that individuals outside their guild are providing

dental services to Alaska Natives, regardless of how desperately needed and valuable those services

may be.  Indignation is not injury.  Plaintiffs' Complaint, on its face, fails to establish injury-in-fact

for standing purposes.

This Court's ruling in *Gillam v. Barton,* 353 F.Supp.2d 1068 (D. Alaska 1996), found similar

challenges to a governmental program to fail the standing requirement.  In that case, the Alaska

Department of Transportation and Public Facilities (DOTPF) began to construct a roadway and

bridge between Iliamna and Nondalton.  Plaintiff, an Anchorage banker who owned a second

home/fishing lodge in the area, sought declaratory and injunctive relief for alleged violations of his

civil rights under a number of claims related to DOTPF's decisions.  Plaintiff claimed that the

construction "*may* adversely impact Plaintiff's use and enjoyment of his property and the surrounding

public lands."  *Id.*

Judge Beistline dismissed the claim, without leave to amend, holding that plaintiff did not

allege facts showing any causal relationship between the actions of the defendant and violation of

any legally protected right.  The Court held that plaintiff failed to allege facts "necessary to support

a finding that he is suffering an injury-in-fact that is peculiar to himself or a distinct group of which

he is a part, rather than one shared in substantially equal measure by *all* or a *large class* of citizens."

Id., at 1071.  *See also, Qwest Corporation v. City of Surprise,* 434 F.3d 1176 (9th Cir. 2006)

(corporation lacked standing to challenge City ordinances which exempted corporation).

Plaintiffs' claims here similarly  fail.  Standing requires that the injury be "actual or

imminent, not 'conjectural' or 'hypothetical.'"  *Id. citing Lujan,* 504 U.S. at 560. The Complaint

makes no allegations of any actual harm whatsoever, but relies on bare speculation of future risk to

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)          Page 8 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

unknown, unidentified, uninjured patients of the anonymous "John Doe" defendants. Such vague

assertions of "future contingent injury" are entirely inadequate to establish standing. *See Whitmore*

*v. Arkansas,* 495 U.S. 149, 157-158 (1990) (prisoner's assertion of interest in case of fellow inmate

based on impact of fellow inmate's case on state system of comparative review in death penalty cases

too "speculative" and "conjectural" to support standing). An allegation of injury must be "'certainly

impending'" to constitute injury in fact. *Id.* at 158 (citation omitted).

Plaintiffs Alaska Dental Society and American Dental Association also fail to satisfy

standing requirements for associations. An association may have standing in its own right to seek

judicial relief from injury to itself and to vindicate whatever rights and immunities the association

itself may enjoy. *Warth,* 422 U.S. at 511. If injury-in-fact is present, an association may have

standing to sue on behalf of its members when (1) its members would otherwise have standing to

sue in their own right, (2) the interests the association seeks to protect are germane to the

organization's purpose, and (3) neither the claim asserted nor the relief requested requires the

participation of individual members in the lawsuit. *Hunt v. Washington Apple Advertising Comm'n,*

432 U.S. 333, 343 (1977). "The possibility of such representational standing, however, does not

eliminate or attenuate the constitutional requirement of a case or controversy. The association must

allege that its members, or any one of them, are suffering immediate or threatened injury as a result

of the challenged action of the sort that would make out a justiciable case had the members

themselves brought suit." *Warth,* 422 U.S. at 511.

The Complaint does not allege injury suffered by the associations themselves or by any of

their members. *See Black Faculty Ass'n. of Mesa College v. San Diego Community College Dist.,*

664 F.2d 1153, 1156 (9th Cir. 1981) (no facts establishing injury to association or to individual

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)       Page 9 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

members).   The Complaint does not allege injury suffered by either individual plaintiffs or associations or the relation of any such alleged injury to the organizations' purposes.  Again, the associations are indignant that individuals who are not state-licensed dentists are providing a limited range of dental care in Alaska's villages.  How this injures the associations' members in Winnetka, Scarsdale or Brentwood, however, is not described.

Nor could such an injury be alleged, ANTHC believes, in conformance with Rule 11's requirements.  The Plaintiff associations' members are not harmed by the Community Health Aide Program's dental health initiative.  Without injury-in-fact, there can be no standing.  Plaintiffs cannot meet the most basic threshold for maintaining this action.

### C.   Plaintiffs' Claims Fail to Establish the Causation Standing Requirement

Plaintiffs' claims also cannot satisfy the causation requirement for standing. To establish standing a plaintiff must establish that the alleged injury "fairly can be traced to the challenged action of a defendant, and not solely to some third party." *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 41– 42 (1976).  "[A]n organization's abstract concern with a subject that could be affected by an adjudication does not substitute for the concrete injury required by Article III." *Id.,* at 40.   The conduct complained of is attributable principally to the U.S. Department of Health and Human Services' Community Health Program Certification Board, not Defendants.

The Community Health Aide Program Certification Board is a federal agency established pursuant to federal law.  The Indian Health Care Improvement Act, 25 U.S.C. § 1616*l*(b)(3), requires the Secretary of Health and Human Services, acting through the Community Health Aide Program of the Indian Health Service, to "establish and maintain a Community Health Aide Certification Board."  The purposes of the Board are to provide training, certification and continuing education

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)        Page 10 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

requirements for health aides or community health practitioners. The Board is required to provide for the review and evaluation of the work of community health aides and community health practitioners to assure the provision of quality health care, health promotion, and disease prevention services. *Id.*

The Community Health Aide Program's dental health initiative is consistent with the objectives in 25 U.S.C. § 1602(b). By its plain terms, this statute is aimed at providing and enhancing health care – expressly including dental care – for Alaska Natives and American Indians. *See id.* § 1602(a) ("in fulfillment of its special responsibilities and legal obligation to the American Indian people, to assure the highest possible health status for Indians and urban Indians and to provide all resources necessary to effect that policy."). § 1602(b) describes the dental health objectives of the Act in detail: "It is the intent of the Congress that the Nation meet the following health status objectives with respect to Indians and urban Indians by the year 2000," including, *inter alia,*

> (20) Reduce dental caries (cavities) so that the proportion of children with one or more caries (in permanent or primary teeth) is no more than 45 percent among children aged 6 through 8 and no more than 60 percent among adolescents aged 15.
>
> (21) Reduce untreated dental caries so that the proportion of children with untreated caries (in permanent or primary teeth) is no more than 20 percent among children aged 6 through 8 and no more than 40 percent among adolescents aged 15.
>
> (22) Reduce to no more than 20 percent the proportion of individuals aged 65 and older who have lost all of their natural teeth.
>
> (23) Increase to at least 45 percent the proportion of individuals aged 35 to 44 who have never lost a permanent tooth due to dental caries or periodontal disease.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)          Page 11 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

(24) Reduce destructive periodontal disease to a prevalence of no more than 15 percent among individuals aged 35 to 44.

(25) Increase to at least 50 percent the proportion of children who have received protective sealants on the occlusal (chewing) surfaces of permanent molar teeth.

(26) Reduce the prevalence of gingivitis among individuals aged 35 to 44 to no more than 50 percent.

As part of its mandate to use community health aides to provide "health care, health promotion, and disease prevention services to Alaska Natives living in villages in rural Alaska," 25 U.S.C. § 1616*l*(a)(2), the Board adopted the standards for dental health aides that are at issue in this matter.[3] Defendant ANTHC provides administrative services to the Board under its Pub. L. 93-638 contract with the Indian Health Service.

As in *Simon,* Plaintiffs sidestep the issue and have sued ANTHC when their real complaint is with the CHAP Board. The relief requested – an injunction against ANTHC – would have at most speculative effect on the CHAP dental health initiative. In *Simon*, associations representing indigents and individual indigent persons sued the IRS, challenging a revenue ruling that a charitable hospital may retain its charitable status if it provides solely emergency room services to indigent patients without charge, while providing no other free services. The plaintiffs asserted that the revenue ruling "encouraged" hospitals to deny services to indigents. 426 U.S. at 42. The Court held this insufficient to confer standing on the associations:

> The implicit corollary of this allegation is that a grant of respondents' requested relief, resulting in a requirement that all hospitals serve indigents as a condition to favorable tax treatment, would "discourage" hospitals from denying their services to respondents. But it does not follow from the allegation and its corollary that the denial of access to hospital services in fact results from petitioners' new Ruling, or

---

[3] Community Health Aide Program Certification Board, *Standards and Procedures*, am. Jan. 31, 2005; http://www.phs-dental.org/depac/newfile50.html

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)     Page 12 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

that a court-ordered return by petitioners to their previous policy would result in these respondents' receiving the hospital services they desire. It is purely speculative whether the denials of service specified in the complaint fairly can be traced to petitioners' "encouragement" or instead result from decisions made by the hospitals without regard to the tax implications.

*Id.* at 42-43.  The Court held that it was equally speculative that the exercise of the court's remedial powers would result in the availability of desired hospital services, reasoning that "it is just as plausible that the hospitals to which respondents may apply for service would elect to forgo favorable tax treatment to avoid the undetermined financial drain of an increase in the level of uncompensated services." *Id.* at 43.

Similarly, a declaration that the Community Health Aide Program dental health initiative violates Alaska or federal law, or an order enjoining ANTHC from "practicing dentistry without a license," would not bind the Secretary of Health and Human Services or the Board itself.  The Board could obtain staffing services elsewhere, or provide its own, and continue with the training, certification and oversight activities complained of.  Neither the Secretary nor the Board are before the Court.  An injunction issued against ANTHC would not affect their independent rights – nor their legal obligations – to continue the CHAP dental health initiative.  Thus, Plaintiffs' claims cannot satisfy the causation requirements for standing.

**D.     Plaintiffs Lack Standing to Enforce State or Federal Law**

Plaintiffs' Complaint alleges violations of the federal Indian Health Care Improvement Act and the Alaska Dentistry Act.  A generalized interest in the proper application of the law, however, is insufficient to satisfy standing requirements.[4]  Furthermore, the laws invoked are enforced by the

---

[4]  The Supreme Court has said "when the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily 'substantially more difficult' to establish." *Lujan*, 504 U.S. at 562.  This is because "[w]hen . . . a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of someone else, much more is needed.  In that circumstance,

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)          Page 13 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

federal and state government authorities.  The dental initiative is authorized by the Indian Health

Care Improvement Act, 25 U.S.C. § 1601, and established under the Snyder Act. 25 U.S.C. § 13; *see*

*also id.* § 1616*l*.  The Secretary of Health and Human Services is charged with implementing and

enforcing these federal laws. *See* 25 U.S.C. § 1602(d).[5]  The Alaska Attorney General is charged

with enforcing state criminal statutes, including AS 08.36.340, which relates to the unlicensed

practice of dentistry.  *See* AS 44.23.020(b)(4).[6]    The Alaska Department of Community and

Economic Development is charged with investigating and prosecuting alleged violations of the state

Dentistry Act and other licensing laws.  *See,* AS 08.01.087.  There are no statutory provisions

authorizing private enforcement of these laws.

Plaintiffs lack standing to enforce these state and federal laws.  The United States Supreme

Court has held that "a private citizen lacks a judicially cognizable interest in the prosecution or

nonprosecution of another." *Diamond v. Charles,* 476 U.S. 54 (1986) (quoting *Linda R.S. v. Richard*

*D.,* 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman,* 454 U.S. 83 (1981);  *Sure-Tan, Inc. v.*

*NLRB,* 467 U.S. 883 (1984); *cf. Allen,* 468 U.S. at 754 ("[A]n asserted right to have the Government

---

causation and redressability ordinarily hinge on the response of the regulated (or regulable) third party to the
government action or inaction-and perhaps on the response of others as well.   The existence of one or more of the
essential elements of standing 'depends on the unfettered choices made by independent actors not before the courts
and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict,' . . .;
and it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in
such manner as to produce causation and permit redressability of injury." *Id.* (citations omitted).  Further, "'suits
challenging, not specifically identifiable Government violations of law, but the particular programs agencies
establish to carry out their legal obligations ... [are], even when premised on allegations of several instances of
violations of law, ... rarely if ever appropriate for federal-court adjudication.'" *Id.* at 568 (citations omitted).

[5]   Plaintiffs cite no provision of federal law creating a private right of action for alleged violations of these
provisions. *See Cort v. Ash*, 422 U.S. 66 (1975).

[6] In response to the State Dental Board, the Alaska Attorney General opined that the Alaska statutes upon
which plaintiffs' claims are based are preempted by federal law with respect to the Community Health Aide Program
Certification Board's dental health initiative.  2005 Inf. Op. Alaska Att'y Gen. Sept. 8, 2005 ("individuals certified
as dental health aides by the federal Certification Board do not have to comply  with state dental licensure laws").

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)          Page 14 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court"). For "'the power to create and enforce a legal code, both civil and criminal' is one of the quintessential functions of a State." *Diamond,* 476 U.S. at 65 (quoting *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez,* 458 U.S. 592, 601 (1982)). "Because the State alone is entitled to create a legal code, only the State has the kind of 'direct stake' identified in *Sierra Club v. Morton,* . . . , in defending the standards embodied in that code." *Diamond,* 476 U.S. at 65. Applying these principles, the Supreme Court held in *Diamond* that a doctor lacked standing to seek enforcement of a state abortion law against others.

Similarly, in *Associated Builders & Contractors v. Perry,* 16 F.3d 688 (6th Cir. 1994), the Sixth Circuit held that a trade association for electrical contractors lacked standing to appeal a decision seeking enforcement of state law governing electrician apprenticeship programs. The Associated Builders & Contractors filed suit challenging state law regulating the ratio of journeyman electricians and master electricians and requiring that training programs satisfy federal requirements. The Michigan Chapter of the National Electrical Contractors Association (NECA), a separate trade association, was allowed to intervene in the case before the district court to seek enforcement of the state requirements "to insure that proper safety and quality standards are preserved in the industry and to deny a competitive advantage to contractors . . . who employ unlicensed, untrained, and unsupervised individuals whom they designate as apprentices to perform work NCEA members and other responsible employers have performed by experience journeymen and qualified apprentices under their supervision." *Id.* at 690. The district court ruled that the Employee Retirement Income Security Act (ERISA) preempted the state's requirements.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)       Page 15 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.;*
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

On appeal, the Sixth Circuit held that NECA's "interests in having the state law enforced" were insufficient to confer standing. *Id.* at 691. The court held that *Diamond* was controlling and rejected the NECA's attempt to distinguish that case on the ground that it involved a criminal statute while the present case involved a civil regulatory statute. The court reasoned that, by not pursuing the appeal, the State of Michigan acquiesced in the district court's determination that the state requirements were preempted by ERISA. The court held that under *Diamond* "the state cannot be compelled by a citizen to exercise its sovereign powers." *Id.* at 693. .

The Alaska statutes invoked by Plaintiffs regulating the practice of dentistry are not designed to protect dentists. They are health and safety statutes that are intended to be, and actually are, enforced by the Alaska authorities. The Alaska Dentistry Act, AS 08.36, is intended to assure that Alaska dentists are qualified and competent, and that those who are not are prevented from practicing. AS 08.36.070 ("General Powers") and AS 08.36.315 ("Grounds for Discipline"). There is no private cause of action in AS 08.36. The Department of Community and Economic Development is charged with investigating and prosecuting alleged civil violations of the Act, *see,* AS 08.01.087, not any private party, including dental associations or individual dentists. Similarly, the Attorney General is charged with prosecuting any crimes relating to dentistry, not private dental associations. AS 44.23.020(b)(4); Complaint, Dkt. 1, Ex. A at 11 ("The conduct of the DHATs and ANTHC constitutes a Class B misdemeanor," *citing,* AS 08.36.340). Here, the Alaska Attorney General has determined that DHATs are not subject to the state's dental licencing laws. 2005 Inf. Op. Alaska Att'y Gen. (Sept. 8, 2005).

Alaska law has, in some limited circumstances, implied private *tort* causes of action from the violation of professional licensing laws, when a specific statute is clearly intended to benefit a

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)          Page 16 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

private class of individuals, and where "there are no other apparent remedies." *Hendsch v. Alaska Board of Marine Pilots,* 950 P.2d 98 (Alaska 1997).   Plaintiffs do not allege torts.  Nor do they allege the existence of a "special relationship" between the Plaintiffs and ANTHC that might justify recognizing a tort cause of action in this context, nor any other basis for doing so.  *O.K. Lumber Co. v. Providence Washington Insurance Co.,* 759 P.2d 523, 536-27 (Alaska 1988); *cf. Peter v. Schumacher Enterprises, Inc.,* 22 P.3d 481, 488 (Alaska 2001) and *Doyle v. Peabody,* 781 P.2d 957 (Alaska 1990).

Instead of seeking a tort remedy, Plaintiffs wish to act as private prosecutors, having the Court enforce public health and safety laws in the manner they believe appropriate.  Alaska law does not provide for private prosecutors of health and safety laws.  "Courts uniformly hold that health and safety legislation such as AS 18.60.089 does not create a private cause of action in the absence of explicit language to that effect." *Reed v. Municipality of Anchorage,* 782 P. 2d 1155, 1157 (Alaska, 1989); *accord*, *Roberts v. Sankey,* 196 F. Supp. 2d 378 (Indiana 2004) ("As a general rule, a private party may not enforce rights under a statute designed to protect the public in general and containing a comprehensive enforcement mechanism.").

*Diamond* and *Perry* are controlling here.  Plaintiffs may not, through an action for injunction, obtain enforcement of state regulatory laws.

### E.    Plaintiffs May Not Assert The Rights Of Absent Patients

As noted above, Plaintiffs assert the interest of patients in dental services provided in accordance with law.  Yet "even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)          Page 17 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

*Warth,* 422 U.S. at 499 (citations omitted). A plaintiff may bring an action on behalf of a third party provided that three criteria are satisfied: (1) the litigant must himself have suffered injury-in-fact; (2) the litigant must have a close relation to the third party; and (3) there must exist some hindrance to the third party's ability to protect his or her own interests. *Coalition of Clergy, Lawyers, and Professors v. Bush,* 310 F.3d 1153, 1163 (9th Cir. 2002) (*quoting Powers v. Ohio,* 499 U.S. 400, 410-411 (1991). These requirements are not met here.

In *Bush* a coalition of clergy, attorneys and professors filed a petition for writ of habeas corpus alleging that detention in Cuba of terrorist combatants captured by the United States was unconstitutional and in violation of laws and treaties of the United States. The court held that the coalition did not meet either of the first two requirements which would have permitted them to bring a claim based on third party standing. *Id.* at 1163-1164. The court found that the coalition made no allegation of personal injury to its members nor did they allege a close relationship to the detainees. Thus, the court held that the coalition did not have standing. *Id.*; *see also Black Faculty Assoc'n. of Mesa College, supra.* (plaintiffs suing college for allegedly discriminatory hiring and promotion practices failed to establish standing as they were already faculty members and never applied for promotions could not "establish his own standing ... by asserting the rights of some hypothetical third parties who were allegedly harmed by [defendant's hiring] practices.")

Just as in *Bush,* Plaintiffs here allege no direct injury as a result of the alleged violations complained of. Nor do Plaintiffs claim any relationship to patients of DHATs. Plaintiffs do not assert that the patients of DHATs are unable to assert such claims without their assistance. Accordingly, Plaintiffs may not claim third party standing. The *Bush* court's reasoning is applicable here:

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)       Page 18 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)

The Supreme Court has stated that federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation. . . . Such a concern cuts to the heart of the case-and-controversy requirement of Article III. Courts should not adjudicate rights unnecessarily; the real parties in interest in an adversarial system are usually the best proponents of their own rights. . . . The Supreme Court has warned, where litigants lack standing, that '[f]or a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.'

*Id.* at 1164 (citations omitted).

## CONCLUSION

This is a misguided and most unfortunate lawsuit. The Plaintiff dentists and dental associations, regardless of how strongly they may feel on the virtues of state-licensed dentistry, do not have standing to challenge the federal Community Health Aide Program's dental health initiative. This matter should be dismissed.

Dated this 15th day of March 2006.

Respectfully submitted,

/s/ *Richard D. Monkman*

By: _____

Myra M. Munson
Alaska Bar No. 8011103
Richard D. Monkman
dick@sonoskyjuneau.com
Alaska Bar No. 8011101
Aaron M. Schutt
Alaska Bar No. 0011084

I hereby certify that on the 15th day of March, 2006, a copy of the foregoing Memorandum in Support of Defendant's Motion to Dismiss (Standing) was served electronically addressed to:

Thomas V. Van Flein.
tvf@cplawak.com

/s/ *Richard D. Monkman*

_____
Richard D. Monkman

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS (STANDING)     Page 19 of 19
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al.*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/memo in support of defendant's motion to dismiss(standing)