Thomas V. Van Flein
CLAPP, PETERSON, VAN FLEIN
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Tel: (907) 272-9272
Fax: (907) 272-9586
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

THE ALASKA DENTAL SOCIETY, THE)
AMERICAN DENTAL ASSOCIATION,      )
DR. T. HOWARD JONES, DR.          )
MICHAEL BOOTHE, DR. PETE HIGGINS  )
AND DR. GEORGE SHAFFER,           )
                                  )
            Plaintiffs,           )
                                  )
vs.                               )
                                  )
THE ALASKA NATIVE TRIBAL HEALTH   )
CONSORTIUM and DOES 1 through 8,  )
                                  )
            Defendants.           )**CASE NO:3:06-CV-00039-TMB**
_____)

## MOTION FOR REMAND AND/OR ABSTENTION

Plaintiffs, The Alaska Dental Society, The American Dental Association, Dr. Jones, Dr. Boothe, Dr. Higgins and Dr. Shaffer (collectively Plaintiffs), through Counsel, hereby move the Court for an order of remand and/or abstention, returning this case to the Superior Court for the State of Alaska, Third Judicial District at Anchorage, where the suit was originally filed. This motion is submitted pursuant to 28 U.S.C. § 1447 (remand). This motion is supported by the following memorandum of law.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 1 of 27

This suit is an action to seek a declaration about, and enforce, state law which prohibits the unlicensed practice of dentistry within the State of Alaska. The Defendant, Alaska Native Tribal Health Consortium ("ANTHC") is an Alaskan non-profit corporation comprised of several Alaska Native local regional organizations, formed to provide health services to Alaskan Natives. Defendant contends that its healthcare programs for Alaskan Natives are authorized by federal law, the Indian Healthcare Improvement Act, 25 U.S.C. § 1616l, thus making it a "federal employee" or working directly for a federal officer, and therefore subject to removal. As discussed below, this is not tenable since no federal officer or agency has exerted any direct control over ANTHC's operations.

The Defendant has implemented the Dental Health Aide Program ("DHAP") under which dental health aide therapists (DHATs) practice dentistry by pulling teeth, restoring teeth and performing other dental practices. The ANTHC is not a federal officer or agency, but is a state non-profit corporation.

In addition to claiming to be a federal employee or agency, the ANTHC is claiming that it has good federal defenses, so removal is proper. But that is not the law. Ordinarily, a "federal defense" is insufficient to confer federal question jurisdiction. *ARCO Environmental Remediation, LLC v. Montana Dep't of Health & Env. Quality*,

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 2 of 27

213 F3d 1108, 1113 (9th Cir. 2000). "[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California*, 463 US 1, 14 (1983). "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO*, 213 F.3d at 1113.

A narrow exception to the general rule is the doctrine of "complete preemption," by which Congress may so completely preempt a particular field that any complaint raising claims in that field is necessarily federal in nature. But complete preemption is rare. *ARCO*, 213 F.3d at 1114. Among the few existing areas where complete preemption has been recognized is actions arising under or implicating the Labor-Management Relations Act of 1947, *see Caterpillar Inc. v. Williams*, 482 US 386, 393-94 (1987), and the Employee Retirement Income Security Act of 1974 (ERISA). *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987). Only "complete preemption" statutes provide a basis for federal question jurisdiction when pled as a defense; ordinary preemption statutes do not. Consequently, it is possible for some or even all of the Plaintiffs' claims to be preempted by federal law, yet federal question jurisdiction would be absent. In

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 3 of 27

such cases, it is the state court that must determine whether a particular state law claim (or part thereof) is preempted, subject ultimately to review by the United States Supreme Court. *See Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R. Co.*, 858 F2d 936, 942 (3rd Cir. 1988).

Accordingly, all of the ANTHC's arguments about its potential preemption defenses miss the point in that these defenses do not give rise to removal jurisdiction. Plaintiffs' complaint alleges, quite simply, that the Defendant's Dental Health Aide Program violates Alaska professional licensing laws. In addition, even assuming, *arguendo,* that the existence of federal jurisdiction is plausible, this Court should abstain from exercising jurisdiction in this case, under the principles of federal abstention.

## II.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The facts of this case are summarized in the Plaintiffs' complaint.  The ANTHC has developed and implemented the Dental Health Aide Program, purportedly pursuant to 25 U.S.C. § 1616l.  Plaintiffs assert that the ANTHC's use of DHATs to provide dental services violates state law under the Alaska Dental Practices Act.  *See* Complaint ¶¶ 11-14.  Further, the Plaintiffs contend that the Defendant's DHATs are unlicensed under Alaska law and are practicing dentistry by engaging in numerous dental functions, including performing and holding themselves out to the public as being able to provide dental

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 4 of 27

care, diagnosing dental problems, performing dental operations, and extracting human teeth. *See* Complaint ¶¶ 15-20.

Counts I and II of the Plaintiffs' Complaint requests declaratory and injunctive relief, declaring the Defendant's DHATs to be in violation of the Alaska's Dental Practices Act, AS 08.36.100, and to enjoin these violations of state law.

Plaintiffs' third and fourth claims for relief allege in the alternative that even assuming arguendo that some of the treatment provided by the Defendant's DHATs is authorized or approved by the Indian Healthcare Improvement Act, the Defendant's DHATs are performing services and treatments that fall outside the scope of Congress' dental health objectives, and are not covered by that federal law. *See* Complaint ¶¶ 56, 57. Count four of Plaintiff's Complaint asks for injunctive relief, enjoining the dental services provided by the Defendant's dental health aide therapists that fall outside the scope of the Congressional objectives. Therefore, Defendant's alternative claims for relief "carve out" the dental care allegedly authorized by the Federal law.

Plaintiffs' complaint was filed on January 31, 2006, in the Superior Court for the State of Alaska at Anchorage, Third Judicial District. The ANTHC answered the Complaint, and filed a notice of removal of the action pursuant to 28 U.S.C. § 1441(b) (federal question) and 28 U.S.C. § 1442

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 5 of 27

(federal official).  For the reasons that follow, removal was inappropriate and the case should be remanded to state court pursuant to 28 U.S.C. § 1447.  In addition, the Court should abstain from exercising any federal court jurisdiction in order to avoid needless conflict with the administration of state law by the State of Alaska, over its own affairs.

### III. ARGUMENT

### A.    Federal Question Jurisdiction is Absent.

The plethora of case law addressing federal question removal should be read in conjunction with § 1441(b), which is clear.  Original federal jurisdiction must be "founded on a claim or right arising under the Constitution, treaties, or laws of the United States."  28 U.S. C. § 1441(b).  There must be a "basic" and "necessary" or "direct and essential" federal claim to give rise to federal question jurisdiction. *Gully v. First Nat'l Bank*, 299 U.S. 109, 118, 81 L.Ed. 70, 57 S.Ct. 96 (1936); *Smith v. Grimm*, 534 F.2d 1346, 1350-41 (9th Cir. 1976).    Further, it is a "long-settled understanding that *the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction*." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1044-45 (9th Cir. 2003).

As discussed in *Lippitt*:

> During oral argument, Lippitt's counsel stated that his client would not amend

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 6 of 27

the complaint to add a federal claim upon remand of the action to state court. We remand in reliance that Lippitt will adhere to this promise, as well as to the characterization of the complaint which he offered to us, since judicial estoppel 'bars a party from taking inconsistent positions in the same litigation.' *United States. V. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1147 (9th Cir. 1998).

*Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1046 (9th Cir. 2003). It is well recognized that state courts have concurrent jurisdiction over all the classes of cases and controversies enumerated in Article III, except suits between States, those to which the United States is a party, those to which a foreign state is a party, and those within the traditional admiralty jurisdiction. *See* 28 U.S.C. §§ 1251, 1331 et seq.

It is a recognized presumption that state courts enjoy concurrent jurisdiction, and **_Congress must explicitly or implicitly confine jurisdiction to the federal courts_** only to oust the state courts of concurrent jurisdiction. *See Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-484 (1981); *Tafflin v. Levitt*, 493 U.S. 455 (1990); *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820 (1990). Justice Scalia has stated that state courts have jurisdiction generally and Congress can provide exclusive federal jurisdiction only by explicit and affirmative statement in the text of the statute. *Tafflin v. Levitt*, 493 U.S. at 469.

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 7 of 27

Thus, if the gravamen the Plaintiff's claim lies in State Law (which in this case it does, the state dental practice act), the Defendant should not to be permitted to claim that federal claims predominate or are central to the case. In this case, the Plaintiffs **_are not seeking any remedy based on federal law._** The Plaintiffs are using state law to vindicate state law. This is a fundamental sovereign aspect reserved to the state courts.

Basic notions of comity further compel remand in this circumstance. "[T]he notion of 'comity,' according to Justice Black, consists of "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as 'Our Federalism'. . . ." *Younger v. Harris*, 401 U.S. 37, 44 (1971). Although comity is a self-imposed rule of judicial restraint, it has a strong basis in the concept of federalism. Supreme Court decisions emphasize comity as the primary reason for restraint in federal court actions that could interfere with state courts. *See, e.g., O'Shea v. Littleton*, 414 U.S. 488, 499–504 (1974); *Huffman v. Pursue*, Ltd., 420 U.S 592, 599–603 (1975); *Moore v. Sims*, 442 U.S 415, 430 (1979); *Fair Assessment in Real Estate Assn. v.*

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 8 of 27

*McNary*, 454 U.S 100 (1981) (comity limits federal court interference with state tax systems).  Here, the federal court should not interfere with the state court's interpretation and application of the state dental practice act.

Also, it must be noted that there is no private right of action created by the Community Health Aide Program Statute, 25 U.S.C. § 1616l.  *Cf. Fla. Democratic Party v. Hood*, 342 F.Supp. 2d 1073, 1078 (D. Fla. 2004) (federal statute "does not itself crate a private right of action").  Thus, there could be no primary claim asserted under the federal statute, even if the Plaintiffs wanted to pursue that avenue.  In other words, had the Plaintiffs wanted to file suit in federal court, the ANTHC could just as easily seek dismissal of the suit by pointing out that the federal statute does not authorize any such suit.  Since the case could not be brought initially into federal court, it certainly cannot be removed to federal court.  The absence of any right of action under federal law negates the possibility of any federal claim giving rise to removal jurisdiction simply by mentioning federal law.

Merely referencing a federal statute is not sufficient to establish federal jurisdiction.  *Rains v. Criterion Systems Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) (in wrongful termination action, direct and indirect references to Title VII were not sufficient to establish federal jurisdiction).

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 9 of 27

In *Greene v. General Motors*, 261 F.Supp.2d 414 (2003), the reference to the Magnuson Moss Warranty Act in a complaint as establishing a standard of conduct did not create a federal claim and the case was remanded.    Federal question jurisdiction also does not arise when a state court plaintiff alleges that a federal statute provides a standard of care or conduct, *or otherwise refers to federal authority as evidence that a defendant violated state law.    See, e.g., ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Montana,* 213 F.3d 1108, 1113 (9th Cir. 2000) ("the fact that ARCO's complaint makes repeated references to CERCLA does not mean that CERCLA creates the cause of action under which ARCO sues"); *Hill v. Marston,* 13 F.3d 1548, 1550 (11th Cir. 1994) (the "violation of a federal standard as an element of a state tort claim does not change the state tort nature of the action").    In the case at bar, the Plaintiff's complaint is similar to *ARCO Envtl.,* in that Plaintiff refers to federal law, but the Community Health Aide Program statute did not created the basis for this suit filed in state court.

In *Kravitz v. Homeowners Warranty Corp.*, 542 F.Supp. 317, 319-20 (E.D. Pa. 1982), the plaintiff homeowners contended that the defendant's failure to comply with Magnuson-Moss warranty standards entitled them to contract rescission under state law.    The court held that the plaintiff's cause of action "was rooted in" state law and that the state courts "[were] fully competent to interpret

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 10 of 27

the Magnuson-Moss" warranty standards, finding little justification for assertion of federal question jurisdiction. The same argument applies with equal force in the case at bar. Although federal law is referred to, it does not provide the basis for the relief being sought.

**B.    The State Regulation Over the Practice of Dentistry is A Core Police Power for the State**

The practice of dentistry, like medicine, falls squarely and traditionally within the purview of the States. The standard of care established by state law (and alleged to be violated by the DHATs) is necessarily based on local issues because no nationwide standard can adequately protect each State's historic interest in regulating the practice of medical professionals within its jurisdiction. *Bigelow v. Virginia*, 421 U.S. 809, 827 (1975). Without question, States have always had the right to establish a regulatory framework to license and monitor health care professionals:

> It is elemental that a state has broad power to establish and enforce standards of conduct within its borders relative to the health of everyone there. *It is a vital part of a state's police power* * * * [Each State has a] legitimate concern for maintaining high standards of professional conduct extend[ing] beyond initial licensing.

*Barsky v. Board of Regents*, 347 U.S. 442, 449-451 (1954). The court held that the practice of medicine within a state is a privilege granted by the State under its plenary power. *Id.* The States' interest in regulating the practice of medicine is not an economic endeavor of the type that the Commerce Clause or

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 11 of 27

Indian Clause envision. Rather, a State's ability to grant this privilege is grounded in the notion that to protect its citizens, the State must have the power to ensure the quality of medical care provided within its borders. *Bigelow*, 421 U.S. at 827.

That the States have plenary power to regulate the practice of medicine in order to protect the welfare of its citizens is a longstanding and fundamental element of our federalist system of government. In *Dent v. West Virginia*, 129 U.S. 114, 122 (1889), the Supreme Court observed that the power of a State to provide for the welfare of its people authorized it to prescribe all medical regulations, noting especially that "it has been the practice of different states, from time immemorial, to exact in many pursuits a certain degree of skill and learning upon which the community may confidently rely." *Cf. Crane v. Johnson*, 242 U.S. 339 (1917) (State police power extends to requiring that drugless practitioners employing faith, hope, and mental suggestion shall have completed a course of study and passed an examination); *Lambert v. Yellowley,* 272 U.S. 581 (1926) (right to practice medicine is subject to police power of state); *Great Atlantic & Pacific Tea Co., Inc. v. Cottrell*, 424 U.S. 366 (1976) (under our constitutional scheme, the states retain "broad power" to legislate protection for their citizens in matters of local concern such as public health). Indeed, so fundamental is the right of States to regulate medicine that the Supreme Court has

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 12 of 27

declared it obvious: "***Obviously, direct control of medical practice in the states is beyond the power of the federal government***." *Linder v. United States*, 268 U.S. 5, 18 (1925). Since it is beyond the power of the federal government, this federal court has no jurisdiction to address the issue of whether the DHATs are violating state licensing laws.

### C. Federal Agency Or Contractor Jurisdiction is Absent.

Defendant asserts that this civil action is really an action brought against an officer of the United States or person acting under the direction of such federal officer. This argument is based on 28 §1442(a)(1), which permits removal by "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." Defendant asserts that because health care is authorized by federal law, such as the Snyder Act, or the Indian Health Care Improvement Act, that it, an Alaskan corporation, is really a federal agency or officer and really it should be "deemed to be [an] employee" of the federal government. (Notice of Removal, pp. 3-4).

This argument is not correct. No federal officer or agency is named in this suit. The United States is not named. The real defendant, ANTHC, describes itself in its website, located at www.ANTHC.org/abt/, as **an Alaskan non-profit corporation.** This Defendant admitted as much in its Answer, thus constituting a judicial admission of fact. *See*

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 13 of 27

Defendant's Answer, ¶ 5.  The Defendant is, as alleged, employing DHATs, and purports to do so under the **_general authority_** allegedly granted by federal law—but at no time has the ANTHC been directed by any federal government agency or official on how to exactly treat patients, when to do it, where to do it, or any other federal **_direct control_** that is required under this defense.

Relying on a federal law to act does not convert one into a federal officer, employee or agency.  Were that the case, even H & R Block would be a federal contractor for helping people file their taxes.  Setting up a program to pull teeth does not transform an Alaskan corporation into a federal officer or agency, or entity acting under the specific direction of the United States.  Rather, ANTHC is simply providing health care to residents of Alaska—as it admits.

> The Alaska Native Tribal Health Consortium is part of the Alaska Tribal Health System, a network of tribes linked by common goals and objectives. In 2004, tribes and tribal health organizations signed a Memorandum of Understanding to define and enhance the ways we can cooperate and coordinate health services for Alaska Natives.

> The goal is to ensure that all Alaska Natives have access to a comprehensive, integrated, tribally managed health care delivery system for the improvement of the health and well-being of Alaska Native people.

> In partnership with the Alaska Native Health Board, tribes and tribal health organizations have formed statewide

1
2
3
            committees and task forces to assure
            continued coordination among tribal
            health programs.  New programs and
            delivery systems continue to be
            developed on a program-by-program and
            statewide basis.

4  www.anthc.org/abt/org/.

5       The statute relied upon by the ANTHC is intended for

6  situations where a federal officer is sued or prosecuted in a

7  state court for acts done under color of law or if a federal

8  employee is sued for a wrongful or negligent act that the

9  Attorney General certifies was done while he or she was acting

10  within the scope of her federal employment; these actions may

11  be removed. *See* 28 U.S.C. Sec. 1442. That is not the case here.

12      The removal statute invoked by the ANTHC originates from

13  the Act of February 4, 1815, Sec. 8, 3 Stat. 198 (removal of

14  civil and criminal actions against federal customs officers for

15  official acts), and the Act of March 2, 1833, Sec. 3, 4 Stat.

16  633 (removal of civil and criminal actions against federal

17  officers on account of acts done under the revenue laws), both

18  of which grew out of disputes arising when certain States

19  attempted to nullify federal laws, and the Act of March 3,

20  1863, Sec. 5, 12 Stat. 756 (removal of civil and criminal

21  actions against federal officers for acts done during the

22  existence of the Civil War under color of federal authority).[1]

23
24
25
26

---

[1] In *Mesa v. California*, 489 U.S. 121 (1989), the Court held
that the statute authorized federal officer removal only when

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 15 of 27

1  ANTHC contends that as a "federal employee" if it commits a

2  negligent act while "acting within the scope of his office or

3  employment," the Plaintiffs' exclusive remedy is a suit against

4  the United States in federal court under the Federal Tort

5  Claims Act ("FTCA"). 28 U.S.C. § 2679(b)(1).

6      But that begs the question that this Alaska corporation is

7  really a "federal employee." If a plaintiff files a claim in

8  state court against a federal employee, the Attorney General

9  may certify that the federal employee was acting in the scope

10 of his or her employment and remove the case to federal

11 district court and substitute the United States as the

12 defendant. 28 U.S.C. § 2679(d)(2). Had the U.S. Attorney filed

13 such a certification, it would be *prima facie* evidence that the

14 "federal employee" was acting within the scope of his or her

15 employment and would be conclusive unless challenged. *Billings*

16 *v. United States*, 57 F .3d 797, 800(9th Cir.1997). To date, the

17 U.S. Attorney General has not made any such determination on

18 behalf of the ANTHC. *Compare with Mesa v. California*, 489 U.S.

19 121 (1989) (involving federal mail truck drivers facing charges

20 in state court and the United States attorney filed petitions

21 for removal of the complaints to Federal District Court

22 pursuant to 28 U.S.C. 1442(a)(1)).

23

24

25 the defendant avers a federal defense. *See also Willingham v.*
   *Morgan*, 395 U.S. 402 (1969).

   MOTION FOR REMAND AND/OR ABSTENTION

26 The Alaska Dental Society et al v. The Alaska Native Tribal Health
   Consortium, et al., Case No. 3:06-cv-00039-TMB
   Page 16 of 27

It is true that the U.S. can contract with private companies or other entities, to act on the federal government's behalf. But that is not enough to automatically turn a private party into a government agent. There would be thousands of new government agents yearly if every federal contract created a federal agency. Accordingly, that is not the law.

Those courts that have deemed private individuals to be "acting under" a federal officer have required that the federal officer have "direct and detailed control over the defendant." The Agent Orange cases are illustrative. In *Ryan v. Dow Chemical Co.*, 781 F Supp 934 (E.D.N.Y. 1992), Judge Weinstein held that the manufacturers were not acting under direct and detailed control of a federal official, because the government simply purchased off-the-shelf herbicides that the company had previously developed without government intervention. The composition of the product, and the manner in which it was produced, was not determined by the government, which was simply buying the product.

Here, there is no "direct and detailed control" by a federal officer over any of the DHATs. What federal officer is in the operatory with the DHATs? What federal officer tells the DHAT what to do and how to do it? Where is the treatment plan created by the federal agency with which the DHATs must comply? What federal officer told the DHATs what supplies to order, who to treat and with what tools and instruments? The

1  ANTHC had the burden to provide proof to support this removal

2  basis, and if failed to do so.  There is no federal "direct and

3  detailed control" of the DHATs.

4      Further, the ANTHC has failed to provide or prove the

5  existence of even a contract in this case whereby the ANTHC is

6  contractually obligated to act on behalf of the U.S. in

7  carrying out DHAT services. Also, at the very moment that the

8  ANTHC hired people to pull teeth who did not have a state

9  license to do so, it subjected itself to state regulation and

10  control—even if it was acting for the federal government, which

11  it wasn't.    Thus, the ANTHC has not met its burden of

12  establishing that the present case is within the scope of

13  § 442(a)(1).

14

15      **D.    <u>The Court Should Abstain From Exercising Any</u>**
        **<u>Jurisdiction</u>**.

16      Assuming, *arguendo*, there may be an arguable basis for

17  this Court to recognize removal jurisdiction, which the

18  Plaintiffs do not concede, this Court should nonetheless

19  abstain from accepting this case, in deference to the State

20  of Alaska's police powers, and predominant interest in this

21  dispute.

22      Federal courts may abstain out of deference to the

23  paramount interests of another sovereign, based upon the

24  principles of comity and federalism.  *Younger*, 401 U.S. at

25  44-45.   Abstention dictates that even where the federal

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 18 of 27

26

courts have jurisdiction they should decline to exercise it because of other factors. The concept of comity is found in the abstention doctrine. The abstention doctrine instructs federal courts to abstain from exercising jurisdiction if applicable state law, which would be dispositive of the controversy, is unclear and a state court interpretation of the state law question might obviate the necessity of deciding a federal constitutional issue. C. Wright, *Handbook of the Law of Federal Courts* at p. 13 (St. Paul: 4th ed. 1983).

The basic doctrine was formulated by Justice Frankfurter in *Railroad Comm. V. Pullman Co.*, 312 U.S. 496 (1941). Justice Kennedy explained, in his concurrence in *Quackenbush v. Allstate Ins. Co.,* 517, U.S. 706 1996), that:

> Abstention doctrines are a significant contribution to the theory of federalism and to the preservation of the federal system in practice. They allow federal courts to give appropriate and necessary recognition to the role and authority of the States. The duty to take these considerations into account must inform the exercise of federal jurisdiction. Principles of equity thus are not the sole foundation for abstention rules; obligations of comity, and respect for the appropriate balance between state and federal interests, are an important part of the justification and authority for abstention as well. *See, e.g., id.,* at 344 ("a sound respect for the independence of state action requires the federal equity court to stay its hand"); *Younger v. Harris*, 401 U.S. 37, 44 (1971) (rooting abstention in "a proper respect for state functions" and "sensitivity to the legitimate interests of both State and National

Governments"); *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 817 (1976) (abstention doctrines are based on "considerations of proper constitutional adjudication and regard for federal state relations"). *See also Shapiro, Jurisdiction and Discretion*, 60 N.Y.U.L. Rev. 543, 551-552 (1985).

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

There are several types of abstention. The first type, applicable here, is that a federal court should refrain from exercising jurisdiction in order to avoid needless conflict with the administration by a State of its own affairs. This is called the *Burford Abstention Doctrine*. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).[2]

The court in *Burford* explained:

Although a federal equity court does have jurisdiction of a particular proceeding, it may, in its sound discretion, whether its jurisdiction is invoked on the ground of diversity of citizenship of otherwise, 'refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest," for it 'is in the public interest that federal courts of equity should exercise their discretionary power **with proper regard for the rightful independence of state**

_____

[2] *See also Alabama Public Service Comm. Southern Ry.,* 341 U.S. 341 (1951); *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293 (1943); *Martin v. Creasy,* 360 U.S. 219 (1959); *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983); *New Orleans Public Service, Inc. v. Council of the City of New Orleans,* 491 U.S. 350 (1989); *Meredith v. City of Winter Haven*, 320 U.S. 228 (1943); *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185 (1959); *Louisiana Power & Light Co. v. City of Thibidaux*, 360 U.S. 25 (1959).

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 20 of 27

1           *governments in carrying out their domestic policy.'*

2 *Buford*, 319 U.S. at 317-18 (footnote omitted) (*quoting United*

3 *States ex rel. Greathouse v. Dern,* 289 U.S. 352, 360 (1933)

4 and *Pennsylvania v. Williams*, 294 U.S. at 185) (emphasis

5 added).   The enforcement of state police powers over the

6 practice of dentistry within Alaskan borders constitutes core

7 state functions of domestic policy.

8     *Burford* allows the federal court to reject a case if it

9 presents questions of state law bearing on policy problems of

10 substantial public import, "whose importance transcends the

11 result in the case then at bar" or if its adjudication in a

12 federal forum "would be disruptive of state efforts to

13 establish a coherent policy with respect to a matter of

14 substantial public concern." *New Orleans Public Service, Inc.*

15 *v. Council of City of New Orleans*, 491 U.S. 350, 359-361

16 (1989).

17     In *Burford*, the Sun Oil Company brought a federal suit

18 based on diversity grounds, to enjoin enforcement of an

19 administrative order of a Texas State commission granting

20 *Burford* a permit to drill four oil wells. *Burford*, 319 U.S.

21 at 332.   The Supreme Court concluded that the Texas courts

22 should have the first opportunity to consider the substantial

23 problems posed by the lawsuit because:  (1) the order under

24 consideration was *part of the general regulatory system*

25 devised for the conservation of oil and gas in Texas; (2)

Texas had substantial interests in the regulation of its

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 21 of 27

26

natural resources; and (3) Texas had already devised a system of review regarding oil regulation that could be impaired by inconsistent federal decisions construing the state law governing such matters. *Id.* at 318, 321-30. Due to the potentially overlapping claims of many parties who had an interest in a common pool of oil in Texas, the Court held that these factors weighted in favor of federal abstention to allow for state adjudication. *Id.* at 332.

The Court in *Quackenbush* further explained the *Burford* Doctrine:

> These cases do not provide a formulaic test for determining when dismissal under *Burford* is appropriate, but they do demonstrate the power to dismiss under the *Burford* doctrine, as with other abstention doctrines, see *supra*, at 9-16 (describing the traditional application of the abstention doctrine), derives from the discretion historically enjoyed by courts of equity. They further demonstrate that exercise of this discretion must reflect "principles of federalism and comity." *Growe v. Emison*, 507 U.S. 25, 32 (1993). Ultimately, what is at stake is a federal court's decision, based on a careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing concern for the "independence of state action," *Burford*, 319 U.S. at 334, that the State's interests are paramount and that a dispute would best be adjudicated in a state forum. See *NOPSI*, 491 U.S. at 363 (question under *Burford* is whether adjudication in federal court would "unduly intrude into the processes of state government or undermine the State's ability to maintain desired uniformity"). This equitable decision balances the strong federal interest in having certain classes of cases, and

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 22 of 27

certain federal rights, adjudicated in
federal court, against the State's
interests in maintaining "uniformity in
the treatment of an 'essentially local
problem,'" 491 U.S. at 362 (quoting
*Alabama Pub. Serv. Comm'n, supra,* at
347), and retaining local control over
"difficult questions of state law
bearing on policy problems of
substantial public import," *Colorado
River, supra* at 814.

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

Federal jurisdiction is not necessarily removed under this doctrine; rather it may simply be postponed. *American Trial Lawyers Assn. v. New Jersey Supreme Court*, 409 U.S. 467, 469 (1973). In short, under the *Burford Doctrine* the federal court should abstain from hearing claims whose adjudication in a federal forum "would be disruptive of state efforts to establish coherent policy with respect to a matter of substantial public concern." *Burford v. Sun Oil*, 319 U.S. 315, 332 (1943). The state regulation over the practice of dentistry is a prime example that fits well within the *Burford* doctrine.

Applying *Burford* to the case at bar, the state Dental Practice Act is a state general regulatory system, and the state of Alaska has the primary interest in regulating professions. Thus, the two first prongs for *Burford Abstention* are clearly met. The third prong, the threat of inconsistent results, is definitely at issue, due to the State's appointment of the Alaska Dental Board as the Administrative Body charged with regulation and enforcement of

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 23 of 27

the Dental Practice Act.  Nothing under Alaska law envisions federal involvement in the practice of dentistry.

The Court in *Quackenbush* held that federal courts have the power to dismiss or remand cases based on abstention principles only where relief being sought is equitable or otherwise discretionary, but may not do so in common-law actions for damages.  The court explained:

> We have thus held that in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court.

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

Here, the complaint is wholly based upon equitable principles.  There are no claims for damages.  Thus, the decision to abstain lies within the discretion of the trial judge.  *C-Y Development Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983).  Recent Ninth Circuit cases indicate that to justify *Burford* abstention, the court requires that (1) the state has created resolution of the issue in a particular court; (2) the federal issues are not easily separable from state law issues with which the state courts may have special competence; and (3) federal review might disrupt state efforts to establish a coherent policy.  *Poulos v. Caesar's World, Inc.*, 379 F.3d 654, 671 (9th Cir. 2004).

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 24 of 27

The Alaska Board of Dental Examiners was created by statute, AS 08.36.010.091. The Board functions as a specialized court in matters relating to the practice of dentistry within the State of Alaska. The Board is charged with the duty to conduct hearings concerning alleged violations of state licensing requirements. AS 08.36.076. The Alaska Administrative Procedure Act applies to all such matters. AS 08.36.091.

Thus, the State Dental Board constitutes a special administrative body charged with implementing and enforcing state dental laws. The Dental Board holds special competence regarding dental issues, regulation, and licensing. The State's creation of the Board of Dental Examiners reflects Alaska's effort to create a coherent policy regulating the practice of dentistry. Federal intervention creates a risk of inconsistent results which satisfies the third factor for *Burford Abstention*. In addition, as noted in the primary argument against removal, there is no federal issue at stake. This is at its core a request for a state court to enforce state law. This supports abstention under the second prong (even though *Burford* assumes there are federal issues).

The court's abstention in this case is separately authorized under the *Thibidaux* abstention doctrine, derived from *Louisiana Power and Light Co. v. City of Thibidaux*, 360 U.S. 25 (1959). *Thibidaux* abstention allows a federal court to abstain from equitable proceedings allowing the State court

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 25 of 27

to decide issues of state law that are great public importance to that state. In *Thibidaux*, a city in Louisiana brought a eminent domain proceeding in state court, seeking to condemn for public use certain property owned by Florida corporation. The corporation moved the action to federal court. The Federal District Court decided on its own motion to abstain, pending a state court's determination whether the City could exercise the power of eminent domain under state law. The issues in that suit were "intimately involved with the State's sovereign prerogative." The Supreme Court in *Thibidaux* concluded that "the considerations that prevailed in conventional equity suits for avoiding the hazards of serious disruption by federal courts of state government or needless friction between state and federal authorities are similarly appropriate in a state eminent domain proceeding brought in, or removed to a federal court." *Thibidaux*, 517 U.S. at 720.

The claims in this case are based entirely on state law. The Defendant has presented defenses based on federal preemption and federal contractor. Although there is no federal claim, the resolution of the state law question will affect these defenses. Since this suit is based entirely on equitable principles, involves a matter of primary interest to the State of Alaska, and involves a matter that goes to the heart of state sovereignty—the application of state police powers—it should be remanded.

## IV.  <u>CONCLUSION</u>

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 26 of 27

For all the foregoing reasons, this Court should grant Plaintiffs' motion to remand this, abstain from adjudicating this case, and return this case to the Alaska Superior Court where it was originally filed.

DATED at Anchorage, Alaska, this 20th day of March, 2006.

s/  Thomas V. Van Flein
CLAPP, PETERSON, VAN FLEIN
TIEMESSEN & THORSNESS, LLC
Attorneys for Plaintiffs
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Tel: (907) 272-9272
Fax: (907) 272-9586
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiffs

Certificate of Service

I hereby certify that on March 20, 2006, a copy of the foregoing document was served electronically on Richard D. Monkman, Myra M. Munson, and Aaron M. Schutt.

s/ Thomas V. Van Flein

MOTION FOR REMAND AND/OR ABSTENTION
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 27 of 27