Thomas V. Van Flein
CLAPP, PETERSON, VAN FLEIN
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Tel:  (907)  272-9272
Fax:  (907)  272-9586
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

THE ALASKA DENTAL SOCIETY, THE        )
AMERICAN DENTAL ASSOCIATION,          )
DR. T. HOWARD JONES, DR.              )
MICHAEL BOOTHE, DR. PETE HIGGINS      )
AND DR. GEORGE SHAFFER,               )
                                      )
        Plaintiffs,                   )
                                      )
vs.                                   )
                                      )
THE ALASKA NATIVE TRIBAL HEALTH       )
CONSORTIUM and DOES 1 through 8,      )
                                      )
        Defendants.                   ) CASE NO:3:06-CV-00039-TMB
_____)

**PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS PENDING
DETERMINATION AND RULING ON JURISDICTION AND REMAND**

Plaintiffs, The Alaska Dental Society, The American Dental Association, Dr. Jones, Dr. Boothe, Dr. Higgins and Dr. Shaffer (collectively Plaintiffs), through Counsel, hereby move the Court for an order staying all further proceedings in this case, and all deadlines—except for the opposition and reply brief regarding the Motion for Remand,

MOTION FOR STAY
The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 1 of 4

until this Court has issued its ruling regarding jurisdiction and remand.

## I. DISCUSSION

The Plaintiffs have moved, pursuant to 28 U.S.C. § 1447, to remand this case to state court on the basis of no federal jurisdiction and abstention. Rather than proceed with briefing on the Defendant's motion to dismiss, or plan discovery and have status conferences on discovery planning, the Court should first rule on whether it has jurisdiction over the case. The ability to stay all issues and maintain the status quo is appropriately exercised to permit the Court to determine whether it has jurisdiction over the action. *United States v. United Mine Workers of America*, 330 U.S. 258, 293, 6 S. Ct. 677, 695 (1947). The Supreme Court explained:

> In the case before us, the District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.

*United States v. United Mine Workers of America*, 330 U.S. at 293. The Plaintiffs are asking the Court to "preserve existing conditions" by issuing a stay "while it [is] determining its own" jurisdiction. "It is now held that, except in case of plain usurpation, a court has jurisdiction to determine its own jurisdiction . . . ." *Carter v. United*

*States*, 5 Cir., 1943, 135 F.2d 858, 861 (5th Cir. 1943). That is exactly what is being done now.

Accordingly, this Court should stay further proceedings until that task is completed. This Court's power to stay proceedings until it has ruled on the jurisdiction issues flows from the inherent power of the federal courts, codified in 28 U.S.C. §1651, to issue all orders "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The stay of proceedings requested herein is temporary to preserve the status quo and allow the court time to address a core and overriding issue—its own jurisdiction.

The request is equitable in nature and is also authorized by the Federal Rules of Civil Procedure 65(b). Further, in other contexts, the federal courts have stayed litigation while issues such as jurisdiction or exhaustion of remedies was at issue. *See Coast to Coast Financial v. FDIC*, 51 Fed.Cl. 358, 362 (Cl. Cts. 2002) ("We agree with Receiver that staying the counterclaim against FDIC for a limited period of time is a prudent investment. There is no question that FDIC as Receiver has the ability to address the pending administrative claim").

## II.  CONCLUSION

The Court should stay all further deadlines and proceedings except for briefing on the issue of jurisdiction and remand pending this Court's decision on jurisdiction.

DATED at Anchorage, Alaska, this 31st day of March, 2006.

        s/   Thomas V. Van Flein
CLAPP, PETERSON, VAN FLEIN
TIEMESSEN & THORSNESS, LLC
Attorneys for Plaintiffs
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Tel:  (907)  272-9272
Fax:  (907)  272-9586
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiffs

### Certificate of Service

I hereby certify that on March 31, 2006, a copy of the foregoing document was served electronically on Richard D. Monkman, Myra M. Munson, and Aaron M. Schutt.

        s/ Thomas V. Van Flein

MOTION FOR STAY
The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium, et al., Case No. 3:06-cv-00039-TMB
Page 4 of 4