Douglas J. Serdahely (Alaska Bar No. 7210072)
**PATTON BOGGS LLP**
601 West 5th Avenue, Suite 700
Anchorage, AK  99501
(907) 263-6310; (907) 263-6345 (fax)
dserdahely@pattonboggs.com

*Attorneys for Plaintiffs The American Dental
Association and Dr. T. Howard Jones*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8,<br><br>        Defendants. | Case No. 3:06-cv-00039 (TMB)<br><br>**JOINDER OF PLAINTIFFS AMERICAN DENTAL ASSOCIATION AND DR. JONES IN OTHER PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS PENDING DETERMINATION AND RULING ON JURISDICTION AND REMAND, AND REQUEST FOR EXPEDITED <u>CONSIDERATION OF SAME</u>** |

### <u>INTRODUCTION</u>

Plaintiffs, The American Dental Association ("ADA") and Dr. T. Howard Jones ("Jones"), by and through their undersigned counsel (who has just appeared as new counsel of record on their behalf in this proceeding), hereby join in the other Plaintiffs' Motion for Stay of Proceedings Pending Determination and Ruling on Jurisdiction and Remand, ("Motion for Stay") filed herein on March 31, 2006, and respectfully urge this Court to first address and adjudicate Plaintiffs' Motion for Remand and related jurisdictional issues, to stay or defer consideration of all other proceedings herein -- including Defendant's Motion to Dismiss -- until it has ruled on

48308v2

Plaintiffs' Motion For Remand and related jurisdictional issues, and to consider the Motion for Stay on an expedited basis. Not only does addressing and resolving the threshold jurisdictional issues first, at the outset of this litigation, make good sense, but doing so is also well within the Court's broad discretion to manage this case in a prudent and economical manner.

## PROCEDURAL BACKGROUND

As the record reflects, Plaintiffs filed this action in Alaska Superior Court on 1/31/06. Defendant Alaska Native Tribal Health Consortium ("Defendant" or "Consortium") removed the action to federal court on 2/22/06 [Docket No. 1], and thereafter brought a Motion to Dismiss the action on 3/15/06 [Docket No. 13]. On 3/20/06, Plaintiffs filed a Motion for Remand and/or Abstention [Docket No. 14], challenging the Consortium's claim of federal jurisdiction. Promptly thereafter, on 3/31/06, Plaintiffs filed their Motion for Stay of Proceedings Pending Determination and Ruling on Jurisdiction and Remand [Docket No. 20]. Briefing on these motions, including Plaintiffs' Motion for Stay, has yet to be completed and all such motions remain pending.[1]

## ARGUMENT

Plaintiffs ADA and Jones join in the other Plaintiffs' Motion for Stay and respectfully submit that the most sensible and economic approach for the Court to take in this case would be to address and adjudicate the critical threshold issue of whether this Court has jurisdiction in this action first, before reaching any other issues, and to stay or defer all other proceedings herein,

---

[1] Plaintiffs' Motion for Stay was neither adjudicated at the Scheduling Conference held on 4/4/06 nor by this Court's Scheduling Order dated 4/4/06 [Docket No. 22]. Defendant's response to Plaintiff's Motion for Stay is currently due on 4/17/06.

48308v2

JOINDER OF PLAINTIFFS AMERICAN DENTAL ASSOCIATION AND DR.
JONES IN OTHER PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS
PENDING DETERMINATION AND RULING ON JURISDICTION AND REMAND,
AND REQUEST FOR EXPEDITED CONSIDERATION OF SAME
CASE NO. 3:06-cv-00039 (TMB)
PAGE 2

including Defendant's Motion to Dismiss and discovery activities, until the jurisdictional issue is resolved. The issue of jurisdiction has been properly and squarely raised by Plaintiffs' Motion to Remand and will soon be fully briefed and ripe for the Court's consideration.[2] It is clear that the Court must at some point during the pendency of this action adjudicate the question of whether it has jurisdiction in this case. *Libhart v. Santa Monica Daily Co.*, 592 F.2d 1062, 1064 (9th Cir.1979) ("A review of the federal court's jurisdiction is a threshold question which must be answered prior to the disposition of each case before it."). *See also Retail Flooring Dealers v. Beaulieu of America*, 339 F.3d 1146 (9th Cir. 2003); *McCarthy W. Construction v. Phoenix Resort Corp.*, 951 F.2d 1137 (9th Cir. 1991). The only issue is timing.

In their briefing on their Motion for Remand, Plaintiffs have demonstrated, and will further demonstrate, why federal jurisdiction does not exist in this proceeding, or if it does, why it should not be exercised by this Court. If the Court rules on other matters, such as Defendant's Motion to Dismiss or discovery disputes, before the Court determines whether it has jurisdiction in this action, and if it turns out that the Court lacks jurisdiction herein, then all such rulings will have to be vacated and the action remanded to state court. *Rivas v. Rail Delivery Service, Inc.*, 423 F.3d 1079, 1084 (9th Cir. 2005) (vacating orders on claims for which the district court had no jurisdiction and ordering remaining claims remanded back to state court); *Libhart*, 592 F.2d at 1065 (same). In this event, the Court and parties would have wasted substantial time, resources and energy on litigation of such other matters in this case. Moreover, a ruling that

---

[2] Under the current requested briefing schedule, briefing on this motion will be completed by 5/12/06.

48308v2

JOINDER OF PLAINTIFFS AMERICAN DENTAL ASSOCIATION AND DR.
JONES IN OTHER PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS
PENDING DETERMINATION AND RULING ON JURISDICTION AND REMAND,
AND REQUEST FOR EXPEDITED CONSIDERATION OF SAME
CASE NO. 3:06-cv-00039 (TMB)
PAGE 3

would have the effect of disposing of the case would be impermissible if issued prior to the adjudication of the threshold jurisdictional issue. *Libhart*, 592 F.2d at 1064.

That the Court has the discretion and authority to prioritize motions pending before it and adjudicate first a motion raising jurisdictional issues cannot be questioned. The Court has broad discretion to direct the scheduling and course of the cases on its docket. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."). *See also* Fed. R. Civ. P. 6(b) (permitting enlargements of time), 16(e) (permitting binding orders regarding scheduling). In an analogous context, it has been held that Courts have discretion to stay all matters in a case until another judicial, administrative, or arbitral proceeding concludes. *Landis v. North American Co., Levya v. Certified Grocers of California*, 593 F.2d 857, 863-64 (9th Cir. 1979). In such cases, the Court should balance the harm of delaying the progress of a case against the hardship or inequity in being required to go forward and any disruptions to the orderly course of justice. *Lockye*, 398 F.3d at 1110 (*quoting CMAX, Inc.*, 300 F.2d at 268).[3] Here, such a balance would demand that this case be stayed until the jurisdictional issue is decided.

---

[3] Similarly, in another analogous context, courts have routinely stayed all discovery pending rulings on motions to dismiss or other dispositive motions. *See, e.g., Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (holding that district court did not abuse its discretion in granting stay of discovery proceedings pending disposition of motion to dismiss); *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (deferring discovery until disposition of motion to dismiss not an abuse of discretion); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1989) (finding it proper to enter order staying discovery pending resolution of Rule 12(b) motion); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming district court decision to stay discovery due to pending motion to dismiss antitrust claims).

48308v2

JOINDER OF PLAINTIFFS AMERICAN DENTAL ASSOCIATION AND DR.
JONES IN OTHER PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS
PENDING DETERMINATION AND RULING ON JURISDICTION AND REMAND,
AND REQUEST FOR EXPEDITED CONSIDERATION OF SAME
CASE NO. 3:06-cv-00039 (TMB)
PAGE 4

The most prudent and efficient manner of managing this case would be for the Court to stay or defer all other proceedings in the action and proceed expeditiously and exclusively to adjudicate Plaintiffs' Motion for Remand.

## REQUEST FOR EXPEDITED CONSIDERATION

Here, Plaintiffs ADA and Jones also respectfully request the Court to consider and decide Plaintiffs' Motion for Stay on an expeditious basis. By so doing, the Court will focus the Court's and parties' attention and efforts solely on the jurisdictional issue, and prevent the Court and parties from wasting time, effort, resources and attorney's fees on other potentially unnecessary litigation activities.

In this regard, Defendant's response to Plaintiffs' Motion for Stay is due on 4/17/06. Plaintiffs will immediately submit their replies thereto, and the motion will then be ripe for decision. Plaintiffs ADA and Jones urge the Court to rule on such motion as expeditiously as practicable, and in any event to proceed to decide Plaintiffs' Motion for Remand before addressing any other motions or issues.

## CONCLUSION

For the foregoing reasons, Plaintiffs ADA and Jones join in the other Plaintiffs' Motion for Stay and request the Court to grant such motion on an expedited basis and to address and adjudicate Plaintiffs' Motion for Remand before addressing other motions or issues in this case.

48308v2

JOINDER OF PLAINTIFFS AMERICAN DENTAL ASSOCIATION AND DR.
JONES IN OTHER PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS
PENDING DETERMINATION AND RULING ON JURISDICTION AND REMAND,
AND REQUEST FOR EXPEDITED CONSIDERATION OF SAME
CASE NO. 3:06-cv-00039 (TMB)
PAGE 5

DATED at Anchorage, Alaska this 14th day of April, 2006.

        s/Douglas J. Serdahely
Douglas J. Serdahely
PATTON BOGGS LLP
601 West Fifth Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907) 263-6310
Fax: (907) 263-6345
Email: dserdahely@pattonboggs.com
Alaska Bar No. 7210072

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2006, a copy of the Joinder Of Plaintiffs American Dental Association And Dr. Jones In Other Plaintiffs' Motion For Stay Of Proceedings Pending Determination And Ruling On Jurisdiction And Remand, And Request For Expedited Consideration Of Same was served electronically on:

**Thomas V. Van Flein**
usdc-anch-ntc@cplawak.com

**Aaron M. Schutt**
aaron@sonosky.net

**Myra M. Munson**
myra@sonoskyjuneau.com

**Richard D. Monkman**
dick@sonoskyjuneau.com

By:    s/Nina E. Bingham
       Nina E. Bingham, Legal Secretary
       PATTON BOGGS LLP

48308v2

JOINDER OF PLAINTIFFS AMERICAN DENTAL ASSOCIATION AND DR.
JONES IN OTHER PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS
PENDING DETERMINATION AND RULING ON JURISDICTION AND REMAND,
AND REQUEST FOR EXPEDITED CONSIDERATION OF SAME
CASE NO. 3:06-cv-00039 (TMB)
PAGE 6