Thomas V. Van Flein, Esq.
CLAPP, PETERSON, VAN FLEIN
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Tel:  (907)  272-9272
Fax:  (907)  272-9586
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHAEL BOOTHE, DR. PETE HIGGINS AND DR. GEORGE SHAFFER,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8,<br><br>　　　　Defendants. | CASE NO:3:06-CV-00039-TMB |

**PLAINTIFFS' REPLY TO LIMITED OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS PENDING DETERMINATION AND RULING ON JURISDICTION AND REMAND**

Plaintiffs, The Alaska Dental Society, Dr. Boothe, Dr. Higgins and Dr. Shaffer (collectively Plaintiffs), through Counsel, submit their reply to the Defendant's limited opposition for an order staying all further proceedings in

Plaintiffs' Reply to Limited Opposition to Motion for Stay
*The Alaska Dental Society v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:06-CV-0039 (TMB)
Page 1 of 5

this case except for briefing relating to the Motion for Remand.

## I. DISCUSSION

The Defendant contends that the motion to stay is "essentially moot." While it is true that the Court issued a routine scheduling order, it is equally true that this Court has not determined whether it has jurisdiction over the case. Determining jurisdiction is the first job (if challenged) for the federal courts. Thus, the motion to stay proceedings on the motion to dismiss is not moot.

It is undisputed that a "federal court has the inherent power to stay a proceeding . . . ." *Commonwealth of Pennsylvania v. Tap Pharmaceutical Products, Inc.*, 415 F.Supp.2d 516, 521 (E.D. Pa.2005). This Court is obligated to first determine whether it has jurisdiction over this case before it can address any other matters, such as the motion to dismiss. In *McKenzie v. Wilson*, 2002 WL 31056688 (N.D. Ill. 2002), the court explained, as part of the background of the case, that the defendant "filed a motion to dismiss and **we have granted a motion to stay further briefing and disposition of the**

Plaintiffs' Reply to Limited Opposition to Motion for Stay
*The Alaska Dental Society v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:06-CV-0039 (TMB)
Page 2 of 5

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

*motion to dismiss pending resolution of this motion to remand*." (Emphasis added). Thus, the McKenzie court supports the Plaintiffs' contention here that the motion to dismiss should be stayed until there is a final ruling on the motion for remand based on lack of subject matter jurisdiction and abstention.

Also, in *Brennan Law Firm v. Norfolk Southern Railway Co.*, 2005 WL 3358889 & n. 3 (S.D. Ill. 2005), the court explained:

> Before addressing the merits of a motion to dismiss, the Court must first determine whether it has subject matter jurisdiction over the cause of action. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Thus, it is proper for the Court to decide the motion to remand *prior* to deciding the motion to dismiss.

*Brennan Law Firm v. Norfolk Southern Railway Co.*, 2005 WL 3358889 at p. 1 and n. 3 (emphasis added). Again, this reasoning supports the motion for stay pending resolution of the motion for remand.

In addition, it is fundamental to this Court's power to address the issues raised in the motion to dismiss that it first determine whether it has subject matter jurisdiction.

Plaintiffs' Reply to Limited Opposition to Motion for Stay
*The Alaska Dental Society v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:06-CV-0039 (TMB)
Page 3 of 5

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

The court in *Commonwealth of Pennsylvania v. Tap Pharmaceutical Products, Inc.*, 415 F.Supp.2d 516, 521 (E.D. Pa. 2005), rejected a motion to stay resolution of a pending motion for remand concluding that determining jurisdiction is the first priority and nothing else can be resolved until that is determined:

> If this Court is to adjudicate any pretrial matters, it must satisfy itself that it has the power to do so. The reasons for this are straightforward: determinations of subject matter jurisdiction should be made on an individualized basis.

*Commonwealth of Pennsylvania v. Tap Pharmaceutical Products, Inc.*, 415 F.Supp.2d at 521. And, in this case as in the cases discussed above, that determination has to be made first. Accordingly, the law supports granting the motion to stay further action on the motion to dismiss pending this court's adjudication of the Plaintiffs' motion for remand.

## II. CONCLUSION

The Court should stay all further deadlines and proceedings except for briefing on the issue of jurisdiction and remand pending this Court's decision on jurisdiction.

Plaintiffs' Reply to Limited Opposition to Motion for Stay
*The Alaska Dental Society v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:06-CV-0039 (TMB)
Page 4 of 5

DATED at Anchorage, Alaska, this 17th day of April, 2006.

```
                        s/   Thomas V. Van Flein
                        CLAPP, PETERSON, VAN FLEIN
                        TIEMESSEN & THORSNESS, LLC
                         Attorneys for Plaintiffs
                         711 H Street, Suite 620
                         Anchorage, Alaska 99501-3454
                         Tel:   (907)   272-9272
                         Fax:   (907)   272-9586
                         (907) 272-9272
                         usdc-anch-ntc@cplawak.com
                         Attorneys for Plaintiffs
```

### Certificate of Service

I hereby certify that on April 17, 2006, a copy of the foregoing document was served electronically on Douglas Serdahely, Richard D. Monkman, Myra M. Munson, and Aaron M. Schutt.

| | |
|---|---|
| **Douglas Serdahely**<br>[DSerdahely@PattonBoggs.com] | **Aaron M. Schutt**<br>aaron@sonosky.net |
| **Myra M. Munson**<br>myra@sonoskyjuneau.com | **Richard D. Monkman**<br>dick@sonoskyjuneau.com |

s/ Thomas V. Van Flein

Plaintiffs' Reply to Limited Opposition to Motion for Stay
*The Alaska Dental Society v. Alaska Native Tribal Health Consortium, et al.*
Case No. 3:06-CV-0039 (TMB)
Page 5 of 5