SONOSKY, CHAMBERS, SACHSE
 MILLER & MUNSON LLP
Myra M. Munson
Richard D. Monkman
dick@sonoskyjuneau.com
318 Fourth Street
Juneau, Alaska 99801
Tel: 907-586-5880
Fax: 907-586-5883
Counsel for Defendant
Alaska Native Tribal Health Consortium

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER,  Plaintiffs, v. THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8,  Defendants. | Case No. 3:06-CV-0039 (TMB) Filed Electronically |

OBJECTION TO ADA'S TWO "JOINDERS" TO ITS OWN STAY MOTION
AND CHANGED POSITIONS IN REPLY MEMORANDA

Defendant Alaska Native Health Consortium objects to the American Dental Association's two "*Joinders*" to the ADA's own motion and to the plaintiffs' inconsistent positions in their "reply" memoranda. By ANTHC's count, plaintiffs have filed five

DEFENDANT'S OBJECTION TO "JOINDERS" AND CHANGE OF POSITION  Page 1 of 7
RE MOTION TO STAY
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/Def's Objection to "Joinders" and Change of Position Re Motion to Stay

memoranda on this motion when they were, at most, allowed three.[1]  Four of plaintiffs' memoranda – including both ADA "*Joinders*" – were filed after ANTHC filed its *Opposition*.  Plaintiffs' memoranda take positions inconsistent with plaintiffs' two stipulations, *ADA's [First] Unopposed Motion for Extension of Time*, 3/27/06, Dkt. 18, and *ADA's [Second] Unopposed Motion for Extension of Time*, 4/12/06, Dkt. 25, and with the Court's recent order on the briefing schedule.  *Minute Order (Briefing Schedule)*, 4/18/06, Dkt. 33.

ANTHC objects, and requests that the Court disregard plaintiff ADA's irregular and procedurally improper "*Joinders*."  Local Rule 7.1(a) provides that "a motion is initiated by the filing and service of a *single* document" (emphasis added).  There is simply no provision in the rules for a party to file a motion and then subsequently file a second opening brief in the guise of a "joinder" to its own motion (let alone two "joinders"), especially after an opposition has been filed.  ANTHC further objects based upon the doctrine of judicial estoppel.  *Wagner v. Professional Engineers in California Government*, 354 F.3d 1036 (9th Cir., 2004).  As a matter of sound case management, the Court should not allow plaintiffs to file irregular, multiple and untimely pleadings.

---

[1] The plaintiffs' filed memoranda are: (1) *Plaintiffs' Motion for Stay of Proceedings Pending Determination and Ruling on Jurisdiction and Remand*, 3/31/06, Dkt. 20; (2) *Joinder of Plaintiffs American Dental Association and Dr. Jones in Other Plaintiffs' Motion for Stay of Proceedings Pending Determination and Ruling on Jurisdiction and Remand, and Request for Expedited Consideration of Same*, 4/14/06, Dkt. 29; (3) *Joinder of Plaintiffs American Dental Association and Dr. Jones in Other Plaintiffs' Motion for Stay of Proceedings Pending Determination and Ruling on Jurisdiction and Remand*, 4/14/06, Dkt. 30-1; (4) *Reply of Plaintiffs American Dental Association and Dr. Jones in Support of Other Plaintiffs' Motion for Stay of Proceedings Pending Determination and Ruling on Jurisdiction and Remand*, 4/17/06, Dkt. 31; and (5) *Plaintiffs' [Alaska Dental Society et al] Reply to Limited Opposition to Motion for Stay of Proceedings Pending Determination and Ruling on Jurisdiction and Remand*, 4/17/06, Dkt. 32.

DEFENDANT'S OBJECTION TO "JOINDERS" AND CHANGE OF POSITION                Page 2 of 7
RE MOTION TO STAY
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/Def's Objection to "Joinders" and Change of Position Re Motion to Stay

1.   Pending motions.   Plaintiffs' two "*Joinders*" and their two reply memoranda request that the Court suspend briefing and consideration of ANTHC's *Motion to Dismiss (Standing)*, 3/15/06, Dkt. 13, until after the Court decides plaintiffs' *Motion for Remand*, 3/20/06, Dkt. 14.  Both motions are jurisdictional.  Plaintiffs' *Motion for Remand* (generally speaking) raises the issue of whether this matter was properly removed from state court under 28 U.S.C. §§ 1441 and 1442.  Dkt. 20.  Defendant ANTHC's *Motion to Dismiss (Standing)* raises the jurisdictional question of whether plaintiffs may maintain their suit under Article III.  Dkt. 14, *citing*, *inter alia*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) *and Warth v. Selden*, 422 U.S. 490, 501 (1976) (Article III standing is an absolute, constitutional prerequisite for maintaining an action).

2.   Timing.   ANTHC agrees that these jurisdictional motions should be decided as preliminary matters in this action.  The ADA now maintains that "the only question is timing."  Dkt. 31 at 3.  But that issue has been settled.  The parties twice agreed to simultaneous briefing schedules on these motions and twice requested that the Court approve simultaneous briefing schedules.  *See ADA's [First] Unopposed Motion for Extension of Time*, 3/27/06, Dkt. 18, *and ADA's [Second] Unopposed Motion for Extension of Time*, 4/12/06, Dkt. 25.  The Court has twice approved and ordered simultaneous briefing of the jurisdictional motions.  *See Order Granting Motion for Extensions of Time*, 3/28/06, Dkt. 18, *and, Minute Order (Briefing Schedule)*, 4/18/06, Dkt. 33.  The ADA has not moved for reconsideration of the Court's scheduling orders.

DEFENDANT'S OBJECTION TO "JOINDERS" AND CHANGE OF POSITION             Page 3 of 7
RE MOTION TO STAY
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/Def's Objection to "Joinders" and Change of Position Re Motion to Stay

ANTHC believes that the Court's decision on either motion will benefit from its consideration of the other. The ADA's cases do not hold otherwise. The cases in their *Reply*, Dkt. 31, addressed dismissals on the merits – not consideration of simultaneously filed jurisdictional motions – or else deal with entirely irrelevant matters. *Libhart v. Santa Monica Daily Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) (vacating summary judgment); *Retail Floor Dealers v. Beaulieu of America*, 339 F.3d 1146 (9th Cir. 2003) (Rule 11 sanctions); *McCarthy W. Construction v. Phoenix Resort Corp.*, 951 F.2d 1137 (9th Cir. 1991) (untimely filing of removal notice). The only analogous case cited by the ADA is, in fact, a standing case, *Rivas v. Rail Delivery Service, Inc.*, 423 F.3d 1079 (9th Cir. 2005), which emphasizes that Article III standing is a jurisdictional issue that must be decided at the outset of a case. 423 F.3d at 1083. In *Rivas*, just as ANTHC argues in its standing motion, the Ninth Circuit dismissed because "plaintiffs concede that the regulatory violations for which [plaintiffs] sought injunctive relief caused them no injury." *Id.* [2]

      3.    <u>Judicial Estoppel.</u> The *Motion to Stay* was discussed with the Court at the scheduling conference on April 4, 2006. ANTHC understood the Court to indicate that it wished the briefing to proceed, and would deal with the pending motions as it believed appropriate after reviewing the briefing. When new counsel appeared for the ADA, the ADA's new counsel requested an extension of time and proposed a new simultaneous briefing schedule. After securing ANTHC's agreement, the ADA filed an unopposed motion to that

---

[2] *N.b.*, ANTHC does not believe that there were any "regulatory violations" in this matter, and assumes that plaintiffs do not intend to concede lack of injury.

DEFENDANT'S OBJECTION TO "JOINDERS" AND CHANGE OF POSITION    Page 4 of 7
RE MOTION TO STAY
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/Def's Objection to "Joinders" and Change of Position Re Motion to Stay

effect. Dkt. 25. The Court has since granted that motion. Dkt. 33. Now, plaintiffs take the opposing position, arguing that briefing on ANTHC's standing motion should be stayed until a decision is reached on remand.

ANTHC objects to this change of position. The doctrine of judicial estoppel, or "the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343,* 94 F.3d 597, 600 (9th Cir.1996). That is precisely what plaintiffs have done. Plaintiffs seek advantage by setting aside the agreed briefing schedule and precluding the Court from reviewing the jurisdictional motions together. *See* ADA "*Joinder*" #1, Dkt. 29, at 3 – 4; ADA "*Joinder*" #2, Dkt. 30-1, at 3; ADA *Reply*, Dkt. 31; ADS *Reply*, Dkt. 32, at 2 – 3. This position was not apparent from plaintiffs' opening memorandum, Dkt. 20; was not articulated by counsel at the scheduling conference (although counsel did state he hoped the Court would rule on the remand motion "first"); and is flatly inconsistent with plaintiffs' "unopposed motions" and the Court's *Minute Order* of April 18, 2006, Dkt. 33.

The doctrine of judicial estoppel applies in this situation. "Judicial estoppel is an equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'" *Wagner v. Professional Engineers in California Government*, 354 F.3d 1036 (9th Cir., 2004), *quoting*, *Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir.1990). The doctrine properly applies "to a party's stated position whether it is an expression of intention, a statement of fact, or a legal assertion."

DEFENDANT'S OBJECTION TO "JOINDERS" AND CHANGE OF POSITION          Page 5 of 7
RE MOTION TO STAY
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/Def's Objection to "Joinders" and Change of Position Re Motion to Stay

*Helfand v. Gerson,* 105 F.3d 530, 535 (9th Cir.1997).  It should be applied in this instance.  The ADA's improper "*Joinders*" should be disregarded by the Court.  Plaintiffs' inconsistent positions on the briefing schedule, first clearly articulated in their post-*Opposition* memoranda, should not be considered.  *Id.*; *cf.*, Local Rule 7.1(b).

    4. <u>Conclusion.</u>  ANTHC is flattered that plaintiffs find its *Motion to Dismiss (Standing)* sufficiently fearsome that they seek to block the Court's review of that motion at this early stage.  Both pending motions are jurisdictional, however, and both should be considered at the outset of the case.  *Rivas*, *supra*.  The Court's decisions will benefit from the more complete understanding of the case that will result from review of both motions, not simply consideration of the motion to remand, in isolation.

    DATED this 19th day of April, 2006.

        SONOSKY, CHAMBERS, SACHSE,
         MILLER & MUNSON, LLP

         */S/ Richard D. Monkman*
        _____
        Myra M. Munson
        Alaska Bar No. 8011103
        Richard D. Monkman
        dick@sonoskyjuneau.com
        Alaska Bar No. 8011101
        Aaron M. Schutt
        Alaska Bar No. 0011084

        Counsel for Defendant
        Alaska Native Tribal Health Consortium

//
//
//

DEFENDANT'S OBJECTION TO "JOINDERS" AND CHANGE OF POSITION Page 6 of 7
RE MOTION TO STAY
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/Def's Objection to "Joinders" and Change of Position Re Motion to Stay

Certificate of Service

I hereby certify that on April 19, 2006, a copy of the foregoing *Objection to Joinder* was served electronically addressed to:

Thomas V. Van Flein, Esq.
tvf@cplawak.com

Douglas J. Serdahely, Esq.
dserdahely@pattonboggs.com

*Richard D. Monkman*
_____
Richard D. Monkman

DEFENDANT'S OBJECTION TO "JOINDERS" AND CHANGE OF POSITION    Page 7 of 7
RE MOTION TO STAY
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al*;
Case No. 3:06-CV-0039 (TMB)
s/dha litigation/Def's Objection to "Joinders" and Change of Position Re Motion to Stay