Douglas J. Serdahely (Alaska Bar No. 7210072)
**PATTON BOGGS LLP**
601 West 5th Avenue, Suite 700
Anchorage, AK  99501
(907) 263-6310; (907) 263-6345 (fax)
dserdahely@pattonboggs.com

*Attorneys for Plaintiffs The American Dental*
*Association and Dr. T. Howard Jones*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8,<br><br>　　　　Defendants. | Case No. 3:06-cv-00039 (TMB)<br><br>**PLAINTIFFS AMERICAN DENTAL ASSOCIATION AND DR. JONES' RESPONSE TO DEFENDANT'S "OBJECTION" PLEADING** |

Without desiring to expand further the already completed briefing on all Plaintiffs' Motion for Stay, Plaintiffs The American Dental Association ("ADA") and Dr. T. Howard Jones, ("Jones"), by and through their undersigned counsel, reluctantly feel compelled to respond to Defendant The Alaska Native Tribal Health Consortium's ("Defendant") so-called "Objection" pleading, which in reality is an unauthorized surreply brief filed without leave of Court.[1]

---

[1] Even though Defendant has in effect filed an unauthorized surreply brief under the title of "Objection", Plaintiffs ADA and Jones have no objection to the Court considering Defendant's surreply brief, if it wishes to do so.  However, if the Court does decide to consider Defendant's surreply brief, then in fairness, it should consider the instant response by Plaintiffs ADA and Jones.  And if leave of Court is required to file the instant response, then Plaintiffs ADA and Jones respectfully request such leave of Court.

48422v1

First, by calling its Motion to Dismiss a "jurisdictional motion," it is apparent that Defendant does not understand the difference between the doctrines of jurisdiction and standing. Jurisdiction has to do with a court's legal power or authority to adjudicate a claim. Standing has to do with a party's right to assert a claim before a court of competent jurisdiction. A party's standing to assert a claim has nothing to do with whether or not a court has jurisdiction to adjudicate such claim.

Second, a court cannot lawfully adjudicate a claim if it lacks jurisdiction to do so. Accordingly, a court must first determine whether it has jurisdiction before it can adjudicate other substantive motions or matters pending before it. If it lacks jurisdiction, the Court lacks power and authority to adjudicate such claim or any other motions or matters.

Third, Defendant complains that Plaintiffs ADA and Jones filed two "joinders" and further objects to Plaintiffs having filed two reply briefs in support of their Motion for Stay.[2] Defendant's objections in this regard are unfounded, and frankly, silly. Plaintiffs ADA and Jones filed their "Joinder" in the pending Motion to Stay in order to clarify to the Court what their position on that motion was, after having retained new counsel to represent them, following the original filing of the motion. They were entitled to do so, and it should be useful for the Court to have such clarification. Indeed, Plaintiffs ADA and Jones could have, under the rules, filed a new motion for stay, had they so chosen. No motions filing deadlines for this case would have precluded such filing.

---

[2] In fact, only one "Joinder" has been filed herein. Plaintiffs ADA's and Jones' first "Joinder" [Docket No. 29] was not accepted for filing by the clerk because it contained a request for expedited consideration, which the clerk believed should have been set forth in a separate motion. Plaintiffs ADA and Jones deleted such request, and then re-filed an otherwise identical Joinder [Docket No. 30].

48422v1

PLAINTIFFS AMERICAN DENTAL ASSOCIATION AND DR.
JONES' RESPONSE TO DEFENDANT'S "OBJECTION" PLEADING
CASE NO. 3:06-cv-00039 (TMB)
PAGE 2

Moreover, Defendant's objection to the two reply briefs filed by Plaintiffs ADA and Jones, and the other Plaintiffs, on the Motion for Stay is simply wrong. Local Rule 7.1, cited by Defendant, simply governs the format of a motion filed by a party. It does not, as Defendant erroneously suggests, require multiple parties to an action to file <u>joint</u> motions or <u>joint</u> reply briefs. No Rule of Civil Procedure or Local Rule so requires. If each Plaintiff in this action chose to be represented by separate counsel, under the rules, Plaintiffs would have been entitled to file <u>six</u> separate reply briefs, if they wanted to do so.

Finally, Plaintiffs have not "changed position" regarding their Motion for Stay, nor made any miscommunication or misrepresentation to Defendant regarding such motion. As detailed in the accompanying affidavit of counsel, Plaintiffs ADA and Jones requested a two-week extension of time to allow their new counsel sufficient time to review and respond to Defendant's Motion to Dismiss. In the course of discussing this request with defense counsel, defense counsel requested a like extension to respond to Plaintiffs' Motion for Remand, and further requested additional briefing page limits. The extension of time for Defendant to respond to Plaintiffs' Motion for Remand, and Defendant's request for expanded briefing page limits, were incorporated into a motion to this effect as an accommodation to Defendant. Plaintiffs' Motion to Stay was never addressed during these discussions. Nor was there any discussion of the alleged mootness, modification or withdrawal of such motion. *See* Affidavit of Counsel Douglas J. Serdahely.

Moreover, Plaintiffs' position regarding the Motion for Stay has remained unchanged from the start. All Plaintiffs supported the Motion for Stay where it was first filed, and all Plaintiffs support it now.

48422v1

PLAINTIFFS AMERICAN DENTAL ASSOCIATION AND DR.
JONES' RESPONSE TO DEFENDANT'S "OBJECTION" PLEADING
CASE NO. 3:06-cv-00039 (TMB)
PAGE 3

Accordingly, Plaintiffs ADA and Jones urge the Court promptly to rule on their Motion for Stay, and in any event, to decide the threshold issue of whether the Court has jurisdiction in this action before addressing any other motions or matters.

DATED at Anchorage, Alaska this 20th day of April 2006.

        s/Douglas J. Serdahely
Douglas J. Serdahely
PATTON BOGGS LLP
601 West Fifth Avenue, Suite 700
Anchorage, Alaska  99501
Phone: (907) 263-6310
Fax:  (907) 263-6345
Email:  dserdahely@pattonboggs.com
Alaska Bar No. 7210072

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2006, a copy of the Plaintiffs American Dental Association and Dr. Jones' Response To Defendant's "Objection" Pleading was served electronically on:

**Thomas V. Van Flein**
Usdc-anch-ntc@cplawak.com

**Aaron M. Schutt**
aaron@sonosky.net

**Myra M. Munson**
myra@sonoskyjuneau.com

**Richard D. Monkman**
dick@sonoskyjuneau.com

By:    s/Nina E. Bingham
      Nina E. Bingham, Legal Secretary
      PATTON BOGGS LLP

48422v1

PLAINTIFFS AMERICAN DENTAL ASSOCIATION AND DR.
JONES' RESPONSE TO DEFENDANT'S "OBJECTION" PLEADING
CASE NO. 3:06-cv-00039 (TMB)
PAGE 4