Thomas V. Van Flein
CLAPP, PETERSON, VAN FLEIN
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Tel:  (907)  272-9272
Fax:  (907)  272-9586
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHAEL BOOTHE, DR. PETE HIGGINS AND DR. GEORGE SHAFFER,<br><br>Plaintiffs,<br><br>vs.<br><br>THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8,<br><br>Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br>NO:3:06-CV-00039-TMB |

**PLAINTIFFS' RESPONSE TO SUR-REPLY RE:**
**MOTION FOR STAY OF PROCEEDINGS**

Plaintiffs, The Alaska Dental Society, Dr. Boothe, Dr. Higgins and Dr. Shaffer, through their counsel, submit this Response to Defendant's "Objection" to joinders, which is really a sur-reply and will be classified as such.

Plaintiff's Response to Sur-Reply Re:
Motion for Stay of Proceedings
*American Dental Association v. ANTHC*, Case No. 3:06-CV-00039 TMB
Page 1 of 5

# I. DISCUSSION

## (1) There is no Inconsistency

At the outset, the Plaintiffs will voice no objection to the Defendant's sur-reply, though not authorized by any rule.[1] Further, to the extent ANTHC asserts any pleading filed thus far is not authorized by the rules, ANTHC could have filed a motion to strike the pleading. Here, the ANTHC did not file a motion to strike; instead, it filed a substantive sur-reply. Had a motion to strike been filed, the Plaintiffs would have been entitled to file an opposition brief.

The Defendant asserts that the Plaintiffs have taken an inconsistent position regarding the stay request. To the contrary, the Plaintiffs moved for a stay and consistently insisted that a stay was appropriate pending the motion for remand. While the Plaintiffs previously acknowledged that the issue of a stay was discussed at the pre-trial conference, the motion was not ripe (indeed, no opposition had yet been filed) and there was no ruling on the motion. The Plaintiffs will let their motion and responsive pleadings speak for themselves as to any alleged inconsistency.

---

[1] Fairness dictates the current responsive pleading, and the Plaintiffs request the Court's permission to submit and consider this response.

Plaintiff's Response to Sur-Reply Re:
Motion for Stay of Proceedings
*American Dental Association v. ANTHC*, Case No. 3:06-CV-00039 TMB
Page 2 of 5

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

### (2) The Motion to Dismiss Is A Ruling on the Merits

ANTHC now contends that its motion to dismiss should be addressed "simultaneously" by the Court. However, ANTHC fails to appreciate that, without subject matter jurisdiction, this Court cannot address or rule upon the motion to dismiss. Because federal courts lack the power to act without subject matter jurisdiction, this is a fundamental and threshold issue that has to be decided before addressing issues such as standing, mootness, etc. Since the federal courts are courts of limited and defined jurisdiction, whether a court has jurisdiction is an issue to be addressed first. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 95 (1998). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id.* at 94-95 (*quoting Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

Subject matter jurisdiction is so important that a party can challenge it any time during a case, *see Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 127 (1804), and a federal court always can examine its own jurisdiction *sua sponte*, *see Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S.

Plaintiff's Response to Sur-Reply Re:
Motion for Stay of Proceedings
*American Dental Association v. ANTHC*, Case No. 3:06-CV-00039 TMB
Page 3 of 5

379, 382 (1884). Federalism imposes a variety of checks and balances, as well as decentralization between the states and the federal government. This is an intended inefficiency to preclude the accumulation of federal power at the expense of the states. *See Atlas Global Group, L.P. v. Grupo Dataflux*, 312 F.3d 168, 178 (5th Cir. 2002) (Garza, J., dissenting) ("[T]he so-called 'waste' of judicial resources that occurs when we dismiss a case for lack of jurisdiction is the price that we pay for federalism."). Accordingly, addressing the stay and establishing a protocol to resolve the core jurisdictional issue first is required.

## II. CONCLUSION

The Plaintiffs have not been inconsistent. They have requested a stay in order for this Court to address the fundamental issue of jurisdiction.

DATED: April 20, 2006

s/   Thomas V. Van Flein
**CLAPP, PETERSON, VAN FLEIN**
**TIEMESSEN & THORSNESS, LLC**
Attorneys for Plaintiffs
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Tel:  (907)  272-9272
Fax:  (907)  272-9586
(907)  272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiffs

Plaintiff's Response to Sur-Reply Re:
Motion for Stay of Proceedings
*American Dental Association v. ANTHC*, Case No. 3:06-CV-00039 TMB
Page 4 of 5

## Certificate of Service

I hereby certify that on April 20, 2006, a copy of the foregoing document was served electronically on Douglas Serdahely, Richard D. Monkman, Myra M. Munson, and Aaron M. Schutt.

**Douglas Serdahely**
dserdahely@pattonboggs.com

**Aaron M. Schutt**
aaron@sonosky.net

**Myra M. Munson**
myra@sonoskyjuneau.com

**Richard D. Monkman**
dick@sonoskyjuneau.com

s/ Barbara Pauli

Plaintiff's Response to Sur-Reply Re:
Motion for Stay of Proceedings
*American Dental Association v. ANTHC*, Case No. 3:06-CV-00039 TMB
Page 5 of 5

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586