Thomas V. Van Flein
CLAPP, PETERSON, VAN FLEIN
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Tel:  (907)  272-9272
Fax:  (907)  272-9586
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS AND DR. GEORGE SHAFFER,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) NO: 3:06-CV-00039-TMB<br>) |

**AFFIDAVIT OF DR. MICHALE BOOTHE**

STATE OF ALASKA          )
                         ) ss.
THIRD JUDICIAL DISTRICT  )

I, Michale Boothe, being first duly sworn, state the following:

1. I am dentist duly licensed to practice dentistry in the state of Alaska, and I am a member of the Alaska Dental Society and the American Dental Association. I have

been practicing dentistry in Alaska since July 1983. I am also a named plaintiff in this case.

2. It is my opinion that there is an unacceptably high risk for injury and harm to the public and especially to children who may be treated by DHATs who lack the training and credentialing that is required for irreversible dentistry.

3. Under state law, as a state licensed dentist, I must abide by the ADA Principles of Ethics and Code of Professional Conduct. Within that code of conduct, and Section 3, I, as well as my fellow licensed dentists, are obligated, and "have a duty to act for the benefit of others." Further, under this principle, I, and other dentists, have a "primary obligation [of] service to the patient *and the public-at-large.*" Accordingly, I believe I am ethically duty bound, a duty imposed as a matter of state law, to act to protect the public at large when I see issues that threaten the dental health of the public.

4. Pursuant to my state mandated obligation to protect the public relative to dental care, I have joined in this suit as a plaintiff since I believe that the DHAT's are practicing dentistry without a license and are in violation of state law, and threaten the health of the public at large, particularly the rural residents for

whom they purport to serve. In addition, I filed a complaint in December 2005 with the State, Office of Children's Services, regarding a propaganda film produced by the Defendant ANTHC, in which it was revealed, to my shock, that a five year old child needed $10,000 worth of dental treatment and a 13 year old child needed dentures. I am attaching a copy of my report as Exhibit 1 to this Affidavit and the state's response as Exhibit 2. This report was compelled by my duty to act to protect the public just like my participation in this suit.

5. Section 3.A of the ADA Code of Conduct states that dentists "have an obligation to use their skills . . . for the improvement of the dental health of the public . . . ." This is another reference to what I consider to be our obligation to take actions to protect and improve "the dental health of the public." The current lawsuit is intended to do just that by having only trained, educated, licensed and regulated dentists providing irreversible dental care.

6. Also, Section 4 of the ADA Code of Conduct provides that dentists have a duty "to treat people fairly." Part of this duty, the code explains, is to deal with people justly and to deliver "dental care without prejudice." Further, dentists are obligated, under Section 4.A, to

provide dental services irrespective "of the patient's race, creed, color, sex or national origin." In my opinion, allowing the unlicensed practice of dentistry on bush residents, most of whom are supposed to be Alaska Natives, is unfair to Alaska Natives as it subjects them to second class dentistry and does so based on their race. This is contrary not just to state law, but contrary to good morals.

7. The unlicensed practice of dentistry by the DHATs will, and there are reports that they have already, cause harm to patients, and require licensed dentists to step into the breach and fix the problems caused by the unlicensed dentists.

8. The rigorous educational standards and licensing requirements for dentists carries with it substantial costs. There are substantial economic costs to obtaining an undergraduate and post-graduate education. I am informed that in-state tuition at the University of Washington Dental School approaches $70,000. Private schools are more. A licensed dentist must invest in expensive equipment, staff and physical office space. The unlicensed DHATs do not have to incur these costs. The provision of dental services by unlicensed DHATs therefore poses an economic risk to the dental market by unfairly providing services

without having to expend the time and resources required of licensed dentists.

Further your affiant sayeth naught.

DATED this 28TH day of April 2006, at Anchorage, Alaska.

By: _____
     Michale Boothe

SUBSCRIBED AND SWORN to before me, a Notary Public in and for the State of Alaska, this ____ day of April, 2006, at Anchorage, Alaska.

                                       _____
                                       Notary Public in and for
                                       Alaska
                                       My Commission Expires:_____

## Certificate of Service

I hereby certify that on April 28, 2006, a copy of the foregoing document was served electronically on Douglas Serdahely, Richard D. Monkman, Myra M. Munson, and Aaron M. Schutt.

**Douglas Serdahely**
dserdahely@pattonboggs.com

**Myra M. Munson**
myra@sonoskyjuneau.com

**Aaron M. Schutt**
aaron@sonosky.net

**Richard D. Monkman**
dick@sonoskyjuneau.com

s/ Barbara Pauli



Many Alaska Native youth suffer extensive tooth decay.

*Permission is granted to use this image in media coverage of the American Dental Association's position on Dental Health Aide Therapists.*
*January 2006*



# Michale L. Boothe, D.D.S.

Dec. 13, 2005

State of Alaska
Office of Children's Services
550 W. 8th Ave. Suite 304
Anchorage, AK 99501

To Whom it May Concern:

    Watching Rhonda McBride's television series **Toothaches and Heartache** caused me great distress. A written version published by KTUU is submitted for your evaluation. I come to seek your help as a father.

    Ten thousand dollars worth of dental treatment for a five year old is parental neglect by any reasonable standard. So are dentures being necessary for any thirteen year old. Repeat cases of neglect are the definition of active abuse. The Kaitlin in this story has been abused. The Brendan in this story has been abused.

    Failure to report extreme neglect has led to abuse. Dental personnel are mandated reporters. Were any reports received? If not, why not? Are the federal service and ANTHC health care providers held to a lower standard than those of us who live in urban areas?

    Someone needs to watch over the children of Alaska, all of the children of all of Alaska.

Sincerely,

[signature]

cc:   Rep. Coghill
       Sen. Huggins
       Rep. Stoltze
       Occ. License / Dental Examiners

EXHIBIT __1__
PAGE __1__ OF __1__

121 WEST FIREWEED, SUITE 200    ANCHORAGE, ALASKA 99503    TELEPHONE (907) 276-5522

# STATE OF ALASKA

**DEPARTMENT OF HEALTH AND SOCIAL SERVICES**

OFFICE OF CHILDREN'S SERVICES

FRANK H. MURKOWSKI, GOVERNOR

P.O. BOX 110630
JUNEAU, ALASKA 99811-0630
PHONE:   (907) 465-3170

January 5, 2006

Michale L. Boothe, D.D.S.
121 West Fireweed, Ste 200
Anchorage, Alaska  99503

Dear Dr. Boothe:

The Anchorage Office of Children's Services (OCS) has forwarded your December 13, 2005, letter regarding the reporting of medical (dental) neglect in rural Alaska to me for review and response.  Your points-of-view and your questions are well taken.

State law protects the anonymity of children and families under the jurisdiction of the OCS.  I am not able to respond to your question about the children specifically highlighted in the *Toothaches and Heartaches* television series.  However, I can tell you that there is no distinction in state law between urban and rural health care providers – the law holds them to equal mandated reporter standards.

For a more informed exchange of information related to dental care services for the children of rural Alaska, please be encouraged to contact the Division of Health Care Services (DHCS).  The DHCS contact information is:

> Division of Health Care Services
> Alaska Office Building
> PO Box 110660
> Juneau, AK  99811
> 907.465.3355

I wish the decision of reporting a parent for medical neglect were a black and white issue. I believe the decision to report must be balanced against personal knowledge of a particular family and the medical resources available to them in each specific case. Ultimately, the OCS can only investigate those concerns that get reported to our offices.

Thank you for bringing your concerns to my attention.

Sincerely,

*Tammy Sandoval/jg*
Tammy Sandoval
Deputy Commissioner

EXHIBIT  2
PAGE  1  OF  2



# Michale L. Boothe, D.D.S.

January 25, 2006

Tammy Sandoval
Deputy Commissioner
HSS / OCS
P. O. Box 110630
Juneau, AK 99811


Dear Ms. Sandoval,

In your response (dated January 5, 2006) to my letter of Dec. 13, 2005 you state that the law makes no distinction between urban and rural standards for reporting neglect and abuse. Will you provide me with statistics as to the actual reporting in the last three calendar years? The law makes no distinction but the enforcement of the law may.

I agree with you that, in some cases, reporting a parent may be a difficult decision. I have struggled with that myself. In the cases I'm citing here the numbers speak for them themselves. Ten thousand dollars worth of dentistry on a five year old is a massive amount of work. To repeat the process a few years later begs for intervention for the sake of the child. The problems here will not be fixed with more medical or dental resources. That is improper thinking. Prevention and education should have made this a non-issue. Dental disease in children is almost entirely preventable in 2006. It was almost entirely preventable in 1976. The parents of the children need to be held accountable for their lapses in the provision of a proper diet, lack of sanitation and prompt attention to health care needs. The "Brendan" and "Kaitlin" highlighted in the film deserve equal protection under the law, not cultural relativity.

As to only investigating those cases that get reported to your office: That is precisely what I was doing in my letter. I am a mandated reporter. I, in good faith, reported what was publicly broadcast in the interest of all of the minor children cited in the broadcast. I have done my part, now do yours.

Sincerely,

*[signature]*

cc: Division of Health Care Services
   Alaska Office Building
   P. O. Box 110660
   Juneau, AK 99811

   Rep. Coghill

EXHIBIT 2
PAGE 2 OF 2

121 WEST FIREWEED, SUITE 200   ANCHORAGE, ALASKA 99503   TELEPHONE (907) 276-5522