DAVID W. MÁRQUEZ
ATTORNEY GENERAL
Paul R. Lyle
Michael G. Hotchkin
Sr. Assistant Attorneys General
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5234
Fax: (907) 279-2834
Paul_Lyle@law.state.ak.us
Michael_Hotchkin@law.state.ak.us

Attorney for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER, Plaintiffs<br><br>v.<br><br>THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8, Defendants<br><br>STATE OF ALASKA, Applicant for Intervention | *Memorandum in Support of Motion to Intervene*<br><br>Case No. 3:06-CV-0039 (TMB) |

## I. INTRODUCTION

Because of significant potential effects on its sovereign interests, the State of Alaska ("State") has moved to intervene in this case under Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, under Rule 24(b)(2). Should the Court deny intervention, the State requests leave to participate as an amicus curiae. The State

moves to participate in this action because the Dental Societies and the individual plaintiffs seek to usurp the State's authority to enforce state dental statutes.

This case involves a request by the plaintiffs,[1] for a declaration that defendants[2] are in violation of Alaska dental licensing laws contained in AS 08.36. The Dental Societies seek an injunction to prevent the defendants from engaging in the unlicensed practice of dentistry. The complaint alleges that the Consortium "developed and implemented the Dental Health Aide Program ("DHAP") which is purportedly part of the Community Health Aide Program ("CHAP"), pursuant to 25 U.S.C. Sec. 1616*l*." [*Complaint* ¶8, Dkt 1, Exhibit A at p.7 ] Before the complaint was filed, the Office of the Attorney General of the State of Alaska, in response to a request by the Alaska Board of Dental Examiners, issued an informal opinion that concluded that enforcement of state dental licensing laws contained in AS 08.36 was preempted by 25 U.S.C. § 1616*l*,[3] "as to certified dental health aides while they are providing treatment to eligible patients through Native health clinics operating under the federal Community Health Aide Program." 2005 *Inf. Op. Att'y Gen.* at 16 (Sep 5; 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), 2005 WL

---

[1] The plaintiffs are two dental associations and four dentists, who are hereinafter collectively referred to as the "Dental Societies" unless the context requires otherwise.

[2] The defendants are the Alaska Native Tribal Health Consortium, an Alaska non-profit corporation ("the Consortium") and several as-yet-unidentified individual defendants ("the Doe defendants").

[3] 25 U.S.C. § 1616*l* is a section of the Indian Health Care Improvement Act ("IHCIA," 25 U.S.C. §§1601 – 1680o). The section, which applies only in Alaska, mandates the creation of the Community Health Aide Program Certification Board and requires the board to train, certify and monitor community health aides for deployment in rural Alaska villages (the "CHAP program"). The aides are to provide health care services within the scope of the goals set by Congress for American Indians and Native Alaskans set out in the IHCIA at 25 U.S.C. § 1602. The dental health aides who are the subject of this litigation are certified pursuant to the CHAP program.

2300398 at *8 (Alaska A.G. 2005). The opinion determined that, "so long as they are employed by Native Health clinics and treat patients authorized to receive care in those clinics, individuals certified as dental health aides by the federal Community Health Aide Certification Board do not have to comply with state dental licensure laws." 2005 *Inf. Op. Att'y Gen.* at 2 (Sep 5; 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), 2005 WL 2300398 at *1 (Alaska A.G. 2005). The Dental Societies seek a declaration that such individuals are in violation of state dental licensure laws and an order to enjoin them from continuing to treat patients.

The result of this case may significantly affect the State. In seeking to obtain a declaration that the Consortium and the Doe defendants are in violation of state law and an injunction prohibiting the Consortium and the Doe defendants from providing services to patients authorized by federal law to receive such services, the Dental Societies seek, in effect, to usurp the discretionary authority of the state attorney general to enforce state laws through judicial action. Allowing private parties to enforce state regulatory laws could have significant and lasting consequences on the State's ability to exercise its discretion to enforce its laws in the future.

## II. ARGUMENT

### A.   The State of Alaska is Entitled to Intervene as a Matter of Right Under Rule 24(a).

The State of Alaska is entitled to intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure in order to defend the State's sovereign responsibility to exercise its discretion in enforcing state laws regulating the provision of health care to its citizens. Rule 24(a) provides that upon timely application, an applicant "shall be permitted to intervene" in an action

> . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit applies a four-part test to determine whether a party may intervene as of right:  1) the motion must be timely; 2) the movant must claim a "significant protectible" interest relating to the property or transaction which is the subject of the action; 3) the movant must be so situated that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and 4) the movant's interest must not be adequately represented by the existing parties. *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999); *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997); *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).  The Ninth Circuit liberally construes the rule in favor of allowing intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).  The State of Alaska meets these requirements and thus should be allowed to intervene as a matter of right.

**1.     The Motion is Timely.**

The timeliness of a motion to intervene is evaluated in light of three factors:  the length of, and the reason for, any delay; the stage of the proceedings; and the prejudice that the existing parties will suffer if the motion is granted. *U.S. v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).  The primary consideration is prejudice to the existing parties. *Nissei Sangyo America, Ltd. v. U.S.*, 31 F.3d 435, 439 (7th Cir. 1994).  Prejudice is central because the purpose of requiring timely application is not to punish the

intervener, but rather to protect the existing parties from prejudice. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994); *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073-74 (5th Cir. 1970).

A motion to intervene will be considered timely where discovery has not been completed, there have been no significant decisions on the merits considered or decided, and the parties could not be prejudiced by delay or completion of the pleadings. *Jet Traders Inv., Corp. v. Tekair, Ltd.*, 89 F.R.D. 560, 568 (D.C.Del 1981). *See Crosby v. St. Paul Fire & Marine Insurance Co.*, 138 F.R.D. 570, 572 (W.D. Wash. 1991).

The inquiry into timeliness goes beyond merely counting the number of days since a suit was filed. When no prejudice would result, federal courts have permitted intervention very late in the proceedings. *See Yniguez v. State of Arizona*, 939 F.2d 727 (9th Cir. 1991) (post-judgment intervention granted in order to facilitate appeal); *Espy*, 18 F.3d 1202 (state allowed to intervene eight years after the original complaint was filed, a year after the amended complaint was filed and two months after a preliminary injunction was filed); *Pellegrino v. Nesbitt*, 203 F.2d 463 (9th Cir. 1953) (post-judgment intervention granted in order to facilitate appeal); *Jet Traders Inv.*, 89 F.R.D. at 568 (intervention allowed eight months after the answer was filed, with no reason given for the delay). "Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Espy*, 18 F.3d at 1205, (quoting *McDonald*, 430 F.2d at 1074).

The State's motion to intervene in this case is timely. The present incentive for the State to enter this action arose a mere 14 days ago, when the Dental Societies filed their oppositions to the Consortium's motion to dismiss. It was not until the oppositions

were filed that the State understood that the Dental Societies based their Article III standing in part on an implied private right of action to enforce the Dentistry Act, a right not recognized in Alaska law. Further, the case is still at a very preliminary stage. Discovery has yet to begin and no significant rulings have yet been made. The Consortium's motion to dismiss the case and the Dental Societies' motion to remand are presently pending. Because the State is seeking intervention at an early stage of the proceedings, intervention will not significantly delay the proceedings or prejudice the existing parties.

### 2. The State of Alaska Has a Significant Protectible Interest at Stake in this Action.

The Dental Societies are attempting to privately enforce state occupational licensing statutes, a matter of vital interest to the state and a responsibility committed solely to the state under state law. The interest of the State in the outcome of this litigation is, therefore, "of sufficient magnitude to warrant [the State's] inclusion in the action." *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981).

The Ninth Circuit has noted that "sufficient room for disagreement exists" over the meaning of the term "interest" in FRCP 24(a). *Arakaki*, 324 F.3d at 1083. The court has rejected the notion that intervention as of right requires an intervener to possess a specific legal or equitable interest in the matter at stake. *Fresno County v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). The court views the interest component as "a threshold [test], rather than the determinative criterion for intervention, because the criteria of practical harm to the applicant and the adequacy of representation by others are better suited to the task of limiting extension of the right to intervene." *Fresno County*, 622 F.2d at 438. The court construes an applicant's interest liberally, noting

that the test functions as "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id*.

The court has found sufficient interest to allow intervention in a variety of situations, including in *Fresno County* (potential purchasers of excess government land allowed to intervene in county's suit to enjoin the Secretary of the Interior from promulgating regulations governing sale of excess land until an environmental impact statement was prepared); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 526-28 (9th Cir. 1983) (environmental groups allowed to intervene in suit challenging federal government's attempt to create a bird preserve); *U.S. v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) (police officer union allowed to intervene in suit brought by United States against a city, police commissioners, and police department, alleging that the defendants deprived individuals of constitutional rights through improper conduct).

To be sufficient to support intervention a movant's asserted interest must be "protectible" under some law, and there must be a relationship between the protected interest and the claims at issue. *City of Los Angeles*, 288 F.3d at 398. The State's interest in exercising discretion in enforcement of state statutes is well established under the law. The Alaska Supreme Court has stated that, "the [Alaska] attorney general has the power to bring any action which he thinks necessary to protect the public interest, a broad grant of authority which includes the power to act to enforce Alaska's statutes." *Botelho v. Griffin*, 25 P.3d 689, 692 (Alaska 2001) (citations omitted); and that:

> an attorney general is empowered to bring any action which he thinks necessary to protect the public interest, and he possesses the corollary power to make any disposition of the state's litigation which he thinks best. This

> discretionary control over the legal business of the state, both civil and criminal, includes the initiation, prosecution and disposition of cases. When an act is committed to executive discretion, the exercise of that discretion within constitutional bounds is not subject to the control or review of the courts.

*Pub. Defender Agency v. Superior Court*, 534 P.2d 947, 950 (Alaska 1975) (citations omitted).

There can be no question that the state's protectible interest in enforcing its statutes is sufficiently related to the subject matter of this proceeding; the Dental Societies seek a declaration that the Consortium and the Doe defendants are in violation of state statutes and seek to enjoin the Consortium and the Doe defendants from violating those statutes.

### 3.     Disposition of This Action May Impair or Impede the State's Ability to Protect Its Interest.

The Office of the Alaska Attorney General has determined that state dental statutes have been preempted by federal law insofar as the licensure of dental health aides is concerned. 2005 *Inf. Op. Att'y Gen.* (Sep 5; 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), 2005 WL 2300398 (Alaska A.G. 2005). Therefore, the State has withheld, in the public interest, enforcement of those statutes against the dental health aides and their employers. The Dental Societies, in seeking to obtain a declaratory judgment and an injunction against the Consortium and the Doe defendants, are effectively attempting to wrest from the attorney general his discretionary power to enforce Alaska's statutes. This power includes "discretionary control over the legal business of the state, both civil and criminal, includ[ing] the initiation [and] prosecution . . . of cases," as well as "the corollary power to make any disposition of the state's litigation which he thinks best." *Pub. Defender Agency v. Superior Court*, 534 P.2d at 950. There is no indication in

Alaska law that the legislature intended to authorize private citizens to enforce state dental regulatory statutes. *Vick v. State Board of Electrical Examiners*, 626 P.2d 90 (Alaska 1981). Because the attorney general has declined to enforce those statutes against the Consortium and the Doe defendants, this suit, if successful, would directly impair the State's discretionary interest in enforcing its laws.

### 4. The Existing Parties Do Not Adequately Represent Alaska's Interests.

If an applicant meets the conditions of timeliness and impairment of interest, intervention shall be permitted "unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). According to the United States Supreme Court, "[t]he requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) (citation omitted). The Court must consider whether the interests of the existing parties are such that they will undoubtedly make all the intervener's arguments; and whether the intervener would offer any necessary element to the proceedings that other parties would neglect. *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995).

In the present case the State's interest is unique. Neither the plaintiff dentists and dental associations nor the defendant Consortium or individual Doe defendants are vested with the state's sovereign interest in regulating health care to advance and protect the interests of all citizens of Alaska. Nor does any party share the State's exclusive discretionary responsibility to enforce state licensing laws.

No existing party shares the State's position with regard to the legal arguments likely to be joined in this suit. The Dental Societies' request for declaratory and injunctive relief directly contravenes the attorney general's determination that federal law preempts enforcement of state licensure laws against dental health aides certified by the federal board under the Community Health Aide Program. The Dental Societies claim that state dental laws may be enforced against the Consortium and the Doe defendants regardless of 25 U.S.C. §1616*l*, a position explicitly rejected by the Attorney General's Office. In addition, the Dental Societies argue that they and their members have the right to privately enforce state occupational licensing statutes, a position with which the State vehemently disagrees.

The Consortium and the Doe defendants do not share the State's interest in protecting its sovereign rights and responsibilities from usurpation by private parties. The Dental Societies' claim of a private right of action to enforce the State Dentistry Act has implications for the state's discretionary law enforcement prerogatives that reach far beyond the issue of whether dental health aide therapists must be licensed dentists. The Dentistry Act is only one of thirty-six professions over which state officials are given broad discretionary enforcement authority under AS 08.01. *See* AS 08.01.010. In the face of the direct attack on the state's sovereign authority and enforcement prerogatives that this case now presents, the State should not be prevented from vigorously defending its interests by advancing legal arguments on its own behalf.

The State of Alaska's motion to intervene as of right is timely; it establishes that the State has a protectible interest in the subject matter of the action and that this interest may, as a practical matter, be impaired by the disposition of the action; and it

demonstrates that the existing parties do not adequately represent the State's interest. The State's motion to intervene in this action as of right should be granted.

### B. The State of Alaska Should Be Allowed to Intervene Permissively Under Rule 24(b).

If the Court determines that the State is not entitled to intervene as a matter of right, the State should be allowed permissive intervention under Fed. R. Civ. P. 24(b). Rule 24(b) states in part:

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency . . . the officer or agency upon timely application may be permitted to intervene in the action.

#### 1. Common Questions of Law and Fact[4]

The State of Alaska's defense contains common questions of law and fact with the main action in that the Dental Societies allege that the Consortium and the Doe defendants are in violation of state dental licensing laws and they have taken the position that they have a private right of action to enforce those laws. *ADA Opposition to Motion to Dismiss*, Dkt. 39, at 13-16; *ADS Opposition to Motion to Dismiss*, Dkt. 45 at 8-11, 21-30. The State will argue that, under conflict preemption, federal law displaces the State's dental licensing laws as to dental health aides employed within the CHAP program so long as they act in accordance with their certifications issued by the CHAP Certification Board, and that enforcement of the state dental licensing laws is a matter that is within the sole discretion of the State.

---

[4] The timeliness of the State's motion has already been discussed.

**2.   State Statutes as Grounds for the Dental Societies' Claims**

In addition to the "common question" basis for permissive intervention, the State meets the alternative criterion for permissive intervention. The Dental Societies' claims rely upon a statute – AS 08.36 – administered by the State. In fact, the Dental Societies argue that they have a private right of action to enforce state statutes. *ADA Opposition to Motion to Dismiss*, Dkt. 39, at 13-16; *ADS Opposition to Motion to Dismiss*, Dkt. 45 at 8-11, 21-30. In such cases, Rule 24(b)(2) provides that the State "upon timely application may be permitted to intervene in the action." This provision was added to the rule in 1946, in order to permit intervention

> by a state or federal governmental official charged with administering a state statute or regulation on which any party relies for his claim or defense. The amendment . . . in effect expands the concept of "claim or defense" insofar as intervention by a governmental officer or agency is concerned.

*Nuesse v. Camp*, 385 F.2d 694, 704-05 (D.C. Cir 1967). The *Nuesse* court explained that the rule codified the principle established in *SEC v. United States Realty & Improvement Corp.*, 310 U.S. 434 (1940), that "intervention to promote a relevant public interest is permissible when the public official charged with primary responsibility for vindicating that interest seeks to defend it." *Nuesse*, 385 F.2d at 705.

This provision of Rule 24(b)(2) has been cited as a basis for allowing intervention of: (1) a state banking commissioner in an action brought by a state bank against the federal Comptroller of Currency, who allegedly was about to unlawfully approve the application of a national bank to open a branch in the vicinity of the state bank's office in violation of a federal statute, (*Nuesse*, 385 F.2d 694); (2) the federal Equal Employment Opportunity Commission (EEOC) in a sex discrimination suit

brought by employees against employers, (*Stuart v. Hewlett-Packard Co.*, 66 F.R.D. 73 (D. Mich.1975)); (3) the EEOC in a civil rights suit brought by minority union members against their employer and their union, (*Marshall v. Electric Hose & Rubber Co.*, 65 F.R.D. 599 (D. Del.1974)); (4) a state roads commission in an action by the federal Secretary of Labor for injunctive relief under the Fair Labor Standards Act, (*Mitchell v. Singstad*, 23 F.R.D. 62 (D. Md.1959)); and (5) a state public utility commission in an action brought by an insured taxi company against its insurer, (*Metro Transp. Co. v. Balboa Ins. Co.*, 118 F.R.D. 423, (D. Pa.1987)).  The interest of the State of Alaska in the discretionary enforcement of the state dental licensing statutes upon which the Dental Societies' claims rely is at least on a par with the interests of the governmental interveners in the cited cases.

Courts have denied intervention under this provision of Rule 24(b)(2) when allowing the intervention would unduly expand the controversy or otherwise lead to improvident delay or expense.  *See* 5 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1912 (3d ed.).  Allowing the State to intervene will not unduly expand the controversy or lead to improvident delay or expense in this case because the state will address legal arguments directly related to the main action and raised by the parties therein.

An additional factor to be considered in ruling on a request for permissive intervention is whether the movant would contribute to a fuller development or understanding of the facts or legal issues.  *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978).  The State's unique interest and perspective with regard to enforcement of state licensing statutes, combined with its previous experiences in

briefing and arguing this and related issues in a variety of forums, cannot do other than contribute to the issue's full development, thus aiding the Court in its understanding of the issue. *See, e.g., Vick,* 626 P.2d 90; *State v. Carlson*, 555 P.2d 269 (Alaska 1976); *Public Defender Agency*, 534 P.2d 947; *Cooper v. District Court*, --- P.3d ---, 2006 WL 976894 (Alaska App. Apr. 14, 2006); *State v. District Court*, 53 P.3d 629, (Alaska App. 2002).

The State of Alaska meets the requirements for permissive intervention under Fed. R. Civ. P. 24(b). Its defense shares common questions of fact and law with the main action; it is a governmental entity responsible for administering the statutes relied upon by the Dental Societies, its participation would not unduly expand the controversy or otherwise lead to improvident delay or expense, and its participation would contribute to a fuller development or understanding of the facts and legal issues. Therefore, in the event that the court does not grant the State the right to intervene as a matter of right, the State respectfully requests leave to intervene permissively.

### C.  The State Should Be Allowed To Participate As Amicus Curiae.

If the Court denies the State's request for intervention, the State requests leave to participate in this case as an *amicus curiae*. The District Court has broad discretion to appoint *amici curiae*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). As set out in the previous sections of this memorandum, the State has a vital interest in the outcome of the litigation, it brings a unique perspective to the case, and its input regarding the laws at issue may be helpful to the Court. Nor would the State likely submit a brief that would simply reflect the arguments of any existing party.

### D. The State Should Be Heard On the Question of the Plaintiffs' Standing to Maintain This Action.

Regardless of the nature of the State's participation, it should be allowed to be heard on the question of whether the plaintiffs have the requisite standing to maintain this action under an implied private right to enforce state licensing statutes. Issues raised in the Dental Societies' opposition to the motion to dismiss include the Dental Societies' claims to possess a private right of action to enforce state licensing statutes. As discussed above, this issue is of critical importance to the State. The State's arguments concerning this issue are contained in its *Motion to Deny Plaintiffs' Standing Based on an Implied State Law Private Right of Action to Enforce the Alaska Dentistry Act*, which is being lodged along with the present motion.

//

//

//

//

//

//

//

//

//

//

//

### III. CONCLUSION

For the reasons stated above, the State of Alaska respectfully requests that the court grant its motion to intervene as of right under Rule 24(a)(2). In the alternative, the State requests leave to intervene permissively pursuant to Rule 24(b)(2). If the Court denies these requests, the State requests leave to participate as an amicus curiae.

DATED this 12th day of May in Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL


By:
/s/ Paul R. Lyle
Sr. Assistant Attorney General
Attorney General's Office
1031 W. Fourth Avenue, Suite 200
Anchorage, AK  99501
(907) 451-2811 (Phone)
(907) 451-2846 (Fax)
OPE_ECF@law.state.ak.us
Alaska Bar No.  8408072


By:
/s/ Michael G. Hotchkin
Sr. Assistant Attorney General
Attorney General's Office
1031 W. Fourth Avenue, Suite 200
Anchorage, AK  99501
(907) 269-5234 (Phone)
(907) 279-2834 (Fax)
OPE_ECF@law.state.ak.us
Alaska Bar No.  8408072

Memo In Support of Motion to Intervene                                                                 Page 16 of 17
*Alaska Dental Society, American Dental Association & Dr. Jones, Dr. Boothe
Dr. Higgins & Dr. Shaffer v. The Alaska Native Health Consortium
& Does 1 thru 8,* 3:06-CV-0039 (TMB)

**CERTIFICATE OF SERVICE**

This is to certify that on May 12, 2006, a true and correct copy of the **MEMO IN SUPPORT OF MOTION TO INTERVENE** in this proceeding was served electronically on the following:

-Thomas V. Van Flein, usdc-anch-ntc@cplawak.com
-Aaron M. Schutt, aaron@sonosky.net
-Myra M. Munson, myra@sonoskyjuneau.net
-Richard D. Monkman, dick@sonoskyjuneau.net


/s/ Paul R. Lyle
Sr. Assistant Attorney General
Attorney for the State of Alaska
Applicant for Intervention

/s/ Michael G. Hotchkin
Sr. Assistant Attorney General
Attorney for the State of Alaska
Applicant for Intervention