DAVID W. MÁRQUEZ
ATTORNEY GENERAL
Paul R. Lyle
Michael G. Hotchkin
Sr. Assistant Attorneys General
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5234
Fax: (907) 279-2834
Paul_Lyle@law.state.ak.us
Michael_Hotchkin@law.state.ak.us

Attorney for the State of Alaska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER, Plaintiffs<br><br>v.<br><br>THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8, Defendants<br><br>STATE OF ALASKA, Intervener | *Intervener's Answer*<br><br><br>Case No. 3:06-CV-0039 (TMB) |

The State of Alaska ("State") answers Plaintiffs' Complaint as follows:

1. Admit that the Alaska Dental Society is a non-profit corporation organized in 1956 and that membership is open to any Alaska dentist. Except as admitted, deny for lack of knowledge.

2. Admit that the American Dental Association is an Illinois corporation founded in 1859. Except as admitted, deny for lack of knowledge.

3. Deny for lack of knowledge.

4. Deny for lack of knowledge that plaintiff George Shaffer is a member of the Alaska Dental Society. Except as denied, admit.

5. Admit.

6. Deny that dental health aide therapists are employed by ANTHC. Deny remainder of allegation for lack of knowledge.

7. Admit that under state statutes the Alaska Superior Court has jurisdiction to declare rights and issue declarations and injunctions. Admit that the plaintiffs are seeking a declaration and an injunction.

8. Admit.

9. Admit that the Community Health Aide Program Certification Board ("CHAP Certification Board") has promulgated Standards and Procedures that prescribe the requirements for certification as a Dental Health Aide Therapist ("DHAT") and specify the activities in which DHATs may participate. Admit that certain activities in which the CHAP Certification Board's standards authorize DHATs to participate would constitute the practice of dentistry under Alaska Law if that law applied to the DHATs. Admit that certain activities in which the CHAP Certification Board's standards authorize DHATs to participate are irreversible. Deny for lack of knowledge that DHAT training is inadequate. Admit that CHAP Certification Board standards permit DHATs who otherwise meet specified requirements to work without the "direct supervision" of a dentist as the term "direct supervision" is defined in the CHAP standards. Deny that state dentist licensing law applies to DHATs so long as they act within the scope of their federal certifications. Deny that defendant ANTHC permits and directs DHATs' activities.

10. Admit that defendant ANTHC functions as staff to the CHAP Certification Board, that the CHAP Certification Board was established pursuant to 25 U.S.C. § 1616*l*, and that the CHAP Certification Board has promulgated standards for training and certification of DHATs. Admit that Alaska law requires a licensed dentist to perform some of the services that the Certification Board would allow DHATs to provide, but deny any implication in this admission that Alaska dentist licensing law applies to DHATs so long as they act within the scope of their federal certifications.

11. Deny for lack of knowledge that the defendant DHATs are not licensed by the State of Alaska as dentists. Deny for lack of knowledge that the defendant DHATs are providing services that would require a license under the Alaska Dental Practice Act if that Act applied to them. The defendant DHATs have not yet been identified. Admit that the Alaska Dental Practice Act is designed to protect public health.

12. Admit the provisions of AS 08.36.360.

13. Admit that 12 AAC 28.730(5) is accurately summarized. Except as admitted, deny for lack of knowledge.

14. Admit that AS 08.36.100 is accurately quoted, and that the only exception listed in that section does not apply to the present case.

15. Admit that CHAP Certification Board standards allow DHATs to engage in activities which would constitute the practice of dentistry under Alaska Law if it applied to DHATs. Deny specific allegations of DHAT conduct for lack of knowledge.

16. Deny for lack of knowledge.

17. Deny for lack of knowledge.

18. Deny for lack of knowledge.

19. Deny for lack of knowledge.

20. Deny for lack of knowledge.

21. Deny ANTHC employs DHATs. Deny remainder of allegation for lack of knowledge.

22. This paragraph calls for a legal conclusion and does not require a response. To the extent that a response is required, admit that AS 08.36.340 is accurately quoted. Except as admitted, deny.

23. This paragraph calls for a legal conclusion and does not require a response. To the extent that a response is required, admit that AS 08.36.070(a)(1) and 12 AAC 28.940 are accurately excerpted. Except as admitted, deny.

24. Deny that the Alaska State Dental Board made a determination regarding DHATs in April 2005. Admit that at a meeting held on June 24 and 25, 2005, the State Dental Board passed a resolution stating in pertinent part, that "based on evidence brought fourth [sic] before the board at this meeting there is a violation of Article 4 under AS 08.36.360 – practice of dentistry defined." Admit that at the June 24-25 meeting the State Dental Board was advised by Richard Younkins, the Chief Investigator of the Alaska Department of Commerce, Community, & Economic Development, Division of Corporations, Business, & Professional Licensing that the Division had not received any complaints against DHATs. Deny any implication that the Alaska Dental Board's legal conclusions bind the state or the State Attorney General.

25. This paragraph calls for a legal conclusion and does not require a response. To the extent that a response is required, deny that DHATs are violating

Alaska law so long as they act within the scope of their federal certifications. Deny for lack of knowledge the remaining allegations.

26. Admit that the Alaska Dental Practice Act (the Act) regulates the practice of dentistry in Alaska. Admit the Act is designed to protect public health. Admit that CHAP Certification Board certification education and training standards are not the same as standards for dentists under the Act. Deny any implication that the Act applies to DHATs. Deny for lack of knowledge whether any individual DHATs meet the state standards.

27. Admit.

28. Deny for lack of knowledge.

29. Admit CODA provides accreditation for dental educational programs. Except as admitted, deny for lack of knowledge.

30. Deny for lack of knowledge.

31. Deny for lack of knowledge.

32. Admit.

33. Deny for lack of knowledge.

34. Deny for lack of knowledge.

35. Admit that requirements for obtaining a state license to practice dentistry in Alaska are contained in AS 08.36 and 12 AAC 28. Except as admitted, deny.

36. Admit that applicants for dental licensure must pass an independently administered, written and clinical examination.

37. Admit that the requirements to become certified as a DHAT are not the same as the requirements to be licensed as a dentist under Alaska statutes and regulations. Except as admitted, deny.

38. This paragraph contains statements relevant to parties other than Intervener, and as such does not require a response. To the extent that a response is required, deny for lack of knowledge.

39. This paragraph contains statements relevant to parties other than Intervener, and as such does not require a response. To the extent that a response is required, deny for lack of knowledge.

40. This paragraph contains statements relevant to parties other than Intervener, and as such does not require a response. To the extent that a response is required, admit the contents of CHAP Certification Board standard 5.10.040. Except as admitted, deny for lack of knowledge.

41. This paragraph contains statements relevant to parties other than Intervener, and as such does not require a response. To the extent that a response is required admit that CHAP Certification Board standard 5.10.040 makes provision for "individual hardship cases." Except as admitted, deny.

42. This paragraph contains statements relevant to parties other than Intervener, and as such does not require a response. To the extent that a response is required, deny for lack of knowledge.

43. This paragraph contains statements relevant to parties other than Intervener, and as such does not require a response. To the extent that a response is required, deny for lack of knowledge.

44. This paragraph contains statements relevant to parties other than Intervener, and as such does not require a response. To the extent that a response is required, deny for lack of knowledge.

45. This paragraph contains statements relevant to parties other than Intervener, and as such does not require a response. To the extent that a response is required, admit that the CHAP Certification Board certifies that DHATs are qualified under the DHAT program. Except as admitted, deny for lack of knowledge.

46. This paragraph contains statements relevant to parties other than Intervener, and as such does not require a response. To the extent that a response is required, admit that CHAP Certification Board standards permit DHATs who otherwise meet specified requirements to work without the "direct supervision" of a dentist as the term "direct supervision" is defined in the CHAP standards. Except as admitted, deny for lack of knowledge.

**Count I**

47. Intervener incorporates its prior answers.

48. Deny for lack of knowledge.

49. Deny for lack of knowledge.

50. This paragraph calls for a legal conclusion and as such does not require a response. To the extent that a response is required, deny.

51. Intervener opposes the requested relief.

**Count II**

52. Intervener incorporates its prior answers.

53. Intervener opposes the requested relief.

54. Intervener opposes the requested relief.

**Count III**

55. Intervener incorporates its prior answers.

56. This paragraph calls for a legal conclusion and as such does not require a response. To the extent that a response is required, admit that 25 U.S.C. § 1602(b)(20) through (b)(26) are accurately paraphrased. Admit that DHATs are subject to state licensure if they perform services outside of the scope of their federal certifications. Except as admitted, deny.

57. This paragraph calls for a legal conclusion and as such does not require a response. To the extent that a response is required, deny that DHATs performing services within the scope of their federal certifications are violating AS 08.36.100. Deny remaining allegations for lack of knowledge.

58. Intervener opposes the requested relief.

**Count IV**

59. Intervener incorporates its prior answers.

60. Intervener opposes the requested relief.

61. Intervener opposes the requested relief.

**Prayer**

Intervener opposes the requested relief.

**AFFIRMATIVE DEFENSES**

1. Failure to state a claim upon which relief can be granted.

2. The requested relief violates the separation of powers doctrine under the Alaska Constitution.

3. Federal conflict preemption.

4. Failure to join an indispensable party or parties.

5. Lack of standing.

DATED this 12th day of May in Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:
/s/ Paul R. Lyle
Sr. Assistant Attorney General
Attorney General's Office
1031 W. Fourth Avenue, Suite 200
Anchorage, AK 99501
(907) 451-2811 (Phone)
(907) 451-2846 (Fax)
OPE_ECF@law.state.ak.us
Alaska Bar No. 8408072

By:
/s/ Michael G. Hotchkin
Sr. Assistant Attorney General
Attorney General's Office
1031 W. Fourth Avenue, Suite 200
Anchorage, AK 99501
(907) 269-5234 (Phone)
(907) 279-2834 (Fax)
OPE_ECF@law.state.ak.us
Alaska Bar No. 8408072

1

2  **CERTIFICATE OF SERVICE**

3  This is to certify that on May 12, 2006, a true and correct copy of the **INTERVENER'S ANSWER**

4  in this proceeding was served electronically on the following:

5

6  -Thomas V. Van Flein, usdc-anch-ntc@cplawak.com
-Aaron M. Schutt, aaron@sonosky.net
-Myra M. Munson, myra@sonoskyjuneau.net

7  -Richard D. Monkman, dick@sonoskyjuneau.net

8

9  /s/ Paul R. Lyle
Sr. Assistant Attorney General

10  Attorney for the State of Alaska
Applicant for Intervention

11

12  /s/ Michael G. Hotchkin
Sr. Assistant Attorney General
Attorney for the State of Alaska

13  Applicant for Intervention

14

15

16

17

18

19

20

21

22

23

24

25

Intervener's Answer                                                                                          Page 8 of 8
*Alaska Dental Society, American Dental Association & Dr. Jones, Dr. Boothe*
*Dr. Higgins & Dr. Shaffer v. The Alaska Native Health Consortium*
*& Does 1 thru 8,* 3:06-CV-0039 (TMB)