Douglas J. Serdahely (Alaska Bar No. 7210072)
PATTON BOGGS LLP
601 West 5th Avenue, Suite 700
Anchorage, AK  99501
(907) 263-6310; (907) 263-6345 (fax)
dserdahely@pattonboggs.com

*Attorneys for Plaintiffs The American Dental*
*Association and Dr. T. Howard Jones*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 3:06-cv-00039 (TMB)

**PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND**

## INTRODUCTION

Defendant Alaska Native Tribal Health Consortium ("ANTHC" and/or "Defendants") has mischaracterized the Complaint in this case in opposing Plaintiffs' Motion to Remand.  This is not a case about federal law.  It does not require interpretation of the scope of federal law.  It does not allege violations of federal law.  Importantly, it is not a suit about actions authorized by federal law, including administrative actions related to the provision of dental health care. Instead, this is a case about Defendants' persistent violations of *state* law, including by actions far exceeding the scope of any federal authorization or command.

Defendants oppose remand because, they claim, the issues raised by this matter include fundamentally federal questions, and because this suit is allegedly "in the nature of a civil action brought against an officer of the United States or a person acting under the direction of a federal official or agency." Notice of Remand at 3. But the Complaint does not raise any questions of federal law, and none of the parties are federal officers or agents.

Most importantly, the Complaint specifically alleges that Defendants have undertaken to act in ways that violate state law, and that go beyond the scope of any federal authorization. In the case of such allegations, there can be no coherent argument that every action complained of was within the scope of some preempted field, or that every person acting was acting under color of federal law. Defendants' arguments are unavailing; there is no reason that the Court should take from the Alaska state court a case raising paramount questions of state law. Thus, the Court should grant Plaintiffs' Motion for Remand.[1]

## I.      FEDERAL REMOVAL JURISDICTION – GENERALLY

Removal statutes are to be strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*). Furthermore, it is clear that Defendants, as removing parties, must carry the burden of proving grounds for removal, especially where Plaintiffs strenuously argue that they are not relying on any federal substantive right. Sylgab Steel & Wire Corp. v. Strickland Transportation Co., 270 F.Supp. 264 (E.D.N.Y. 1967); Lance International, Inc., v.

---

[1] Indeed, the purely state law nature of the claims in this case, and of the state regulatory scheme at issue, is underscored by the State of Alaska's Motion to Intervene, filed herein on May 12, 2006. [Docket No. 54]. In its motion papers, the State seeks to raise a pure issue of state law, which should be adjudicated by the Alaska Supreme Court: whether Plaintiffs have a private cause of action relating to the State's failure to enforce Alaska's dental licensing law. This action, and the state law issues raised herein, belong in state court.

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 2

Aetna Casualty and Surety Company, 264 F.Supp. 349 (S.D.N.Y. 1967).  Where the right to

remove is doubtful, the case should be remanded to the state court.  Barnett v. Faber, Coe &

Gregg, Inc., 291 F.Supp. 178 (D.C.N.Y. 1968); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095

(11th Cir. 1994) (questions or doubts regarding jurisdiction are to be resolved in favor of

returning the matter to state court).

## II.    PLAINTIFFS' COMPLAINT ASSERTS CLAIMS UNDER STATE LAW ONLY
AND RAISES NO FEDERAL QUESTION

A case arises under federal law if it is apparent from the face of plaintiff's complaint

either that the plaintiff's cause of action was created by federal law, or, if the plaintiff's cause of

action is based on state law, that a federal law that creates a cause of action is an essential

component of the plaintiff's claim.  Morris v. City of Hobart, 39 F.3d. 1105, 1111 (10th Cir.

1994).  Defendants acknowledge, as they must, that Plaintiffs' causes of action in this case are

not created by federal law.[2]  Rather, Defendants contend, *by way of defense*, that Plaintiffs' right

to relief is necessarily dependent upon the resolution of substantial questions of federal law.

Plaintiffs' Complaint, however, makes no claim for relief under federal law.

Federal removal jurisdiction, and thus the jurisdictional question herein, is governed by

the "well-pleaded complaint" rule.  Under this rule, it must be clear from the face of plaintiff's

complaint that there is a federal question.  Louisville & Nashville Railroad v. Mottley, 211 U.S.

149 (1908).  Jurisdiction is not conferred where the federal issue arises by way of *defense*, even

if such defense is anticipated in plaintiff's complaint.  Id.  The well-pleaded complaint rule has

---

[2] There is little dispute that there is a federal question if the plaintiff's complaint states a claim
under a federal law that provides a legal entitlement to a remedy.  As Justice Holmes stated "[a]
suit arises under the law that creates the cause of action."  American Well Works Co. v. Layne &
Bowler Co., 241 U.S. 257, 260 (1916).

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 3

been described as a "fundamental tenet"[3] of federal question jurisdiction, and has been
repeatedly reaffirmed by the Supreme Court.[4]

    **A.**    <u>**The Well-Pleaded Complaint Rule Governs The Jurisdictional Question
Herein And Mandates That This Action Should Be Remanded To State
Court.**</u>

Whether a claim "arises under" federal law must be determined by reference to the "well-
pleaded complaint" rule. Under the well-pleaded complaint rule, the federal question giving rise
to jurisdiction must appear on the face of the plaintiff's complaint. <u>Karnes v. Boeing Co.</u>, 335
F.3d 1189, 1192 (10th Cir. 2003). This rule "makes plaintiff the master of the claim; he or she
may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar Inc. v. Williams</u>,
482 U.S. 386, 392 (1987). The well-pleaded complaint rule also means that federal question
jurisdiction may not be predicated on federal issues that may arise later by way of defense or
counterclaim. <u>Gully v. First Nat'l. Bank</u>, 299 U.S. 109, 113 (1936); <u>Merrell Dow Pharm. Inc. v.
Thompson</u>, 478 U.S. 804, 816 (1986).

These principles, first enunciated in <u>Mottley</u>, <u>supra</u>, 211 U.S. 149, were reaffirmed by
the Supreme Court in <u>Franchise Tax Board v. Construction Laborers Vacation Trust,</u> 463 U.S. 1
(1968), a case predicating removal jurisdiction upon federal questions raised only as defenses.
<u>Franchise Tax Board</u> was an action filed in state court by the California Franchise Tax Board, a
state agency, against a Construction Laborer's Vacation Trust ("Trust") alleging that the Trust,
which was regulated by ERISA, failed to comply with tax levies issued by the Tax Board under a
state statute. The complaint stated one cause of action to collect the taxes and a second cause of

---

[3] <u>Sullivan v. First Affiliated Securities, Inc.</u>, 813 F.2d 1368, 1371 (9th Cir. 1987).

[4] <u>See</u>, <u>e.g.</u> <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 9-10 (1983);
<u>Verlinden, B.V. v. Central Bank of Nigeria</u>, 461 U.S. 480, 494 (1983).

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 4

action seeking a declaratory judgment that the federal ERISA statute preempted the ability of the state to obtain payment from the Trust. The Trust removed the action to federal court, where the Tax Board sought remand, which was denied. Id. at 7. The Supreme Court reversed.

The Court began by strongly reaffirming the well-pleaded complaint rule and the precedent of Mottley, supra. The Court ruled that California had a state law cause of action to collect money and that the federal law arose only as a defense based on preemption. The request for declaratory judgment on the federal law issue did not state a federal question and thus did not permit the defendant to remove the case to federal court. Id. at 18-19. Because the state's claim was entirely founded on state law and the federal issue could arise only as a defense, federal question jurisdiction was absent. Id. The Supreme Court further rejected the argument that there was a federal law claim under ERISA, and specifically rejected the notion that the need to interpret ERISA converts the state law claim into an action "arising under" federal law. Id. at 20-21. In a purported end-run around the well-pleaded complaint rule, Defendants blatantly and repeatedly mischaracterize the causes of action alleged in Plaintiffs' Complaint attempting to re-cast purely state law claims as federal questions under federal laws. For example, Plaintiffs' Complaint in no way challenges the CHAP Certification Board's authority to certify dental health care providers under the Snyder Act, 25 U.S.C. § 13 et. seq. Counts I and II clearly seek enforcement and declaration of state statutes. Contrary to Defendants' assertions, Counts III and IV do not "squarely present questions of federal law." Opp. at 18. Counts III and IV merely seek to enjoin Defendants' activities to the extent they are performing services that fall outside

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 5

the scope of federal law.[5]

In this case, Defendant ANTHC is an Alaskan non-profit corporation, organized under the laws of the State of Alaska and comprised of several Alaska Native local regional organizations. Its Board of Directors is composed exclusively of Alaska residents as representatives of the local regional organizations.[6] Defendants Does 1-8 are also, upon information and belief, Alaska residents. All causes of action Plaintiffs assert allege that these Alaskan Defendants are performing services that, under Alaska law, require compliance with Alaska state licensing provisions. AS 08.36.100. This is purely a question of Alaska law.[7] Thus, under the well-pleaded complaint rule, Plaintiffs' Motion for Remand should be granted.

**B.     Grable Does Not Abrogate The Well-Pleaded Complaint Rule Nor Does It Support Federal Question Jurisdiction In This Case.**

Defendants rely almost exclusively on Grable & Sons Metal Products, Inc v. Darue Engineering & Mfg., 125 S.Ct. 2363 (2005) to support their contention that federal law questions so permeate Plaintiffs' causes of action as to require removal. Defendants' reliance on Grable,

---

[5] Determination of what does and does not fall outside the scope of the federal statute is merely a tangential question that the state court has jurisdiction to determine. Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994) (state court can decide as competently as federal court the scope of federal law which is an element of the underlying state cause of action); Lambert v. Mail Handlers Benefit Plan, 886 F.Supp. 830 (D. Al 1995) (state courts have power and duty to hear claims that call for application of federal law); Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1986) (merely referencing a federal law as a predicate to a cause of action does not, in itself, establish federal jurisdiction.)

[6] See ANTHC 2005 Annual Report at 9, attached hereto as Exhibit A.

[7] Moreover, even if this Court could construe one of Plaintiffs' causes of action as presenting a federal issue, this alone would not confer federal question jurisdiction. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 807-809 (1988) (where a federal issue is presented as only one of multiple theories that could support a particular claim, this is insufficient to create federal jurisdiction).

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 6

however, is misplaced as the case is factually distinguishable from the present case and does not represent a "sea change" from long-established doctrines governing federal removal jurisdiction.

Though Defendants place great weight on <u>Grable</u>, its holding does not overrule or change the law applicable to cases where, as here, the four corners of a plaintiff's complaint raise only state law claims. Specifically, <u>Grable</u> does not abrogate the longstanding "well-pleaded complaint" rule nor other well-established precedent. <u>See Doe v. Archdiocese of Denver</u>, 413 F.Supp. 2d 1187 (D.Colo. 2006) ("<u>Grable</u> Court expressly disclaimed any intention to contradict prior jurisdictional authority"). What <u>Grable</u> does say is that a cause of action created by federal law is not a necessary condition for federal question jurisdiction. Instead, the question is, does a state law claim "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"? <u>Id</u>. at 2367. In <u>Grable</u>, the Court held federal jurisdiction was proper because the plaintiff's cause of action, though based on state law, turned entirely on the meaning of a federal statute (the meaning of the notice provisions for IRS property sales) and determining the meaning of that federal statute was an essential element of plaintiff's claim. Secondly, the Court ruled on the fact that the meaning of the federal tax provision was an important federal law issue that belonged in federal court. <u>Id.</u> at 2368. Finally, the Court noted that it was "rare" that state quiet title actions would involve contested issues of federal law. Thus, the availability of a federal forum would not materially affect or threaten to affect "the normal currents of litigation." <u>Id</u>.

Plaintiffs' Complaint in the instant case, in contrast to <u>Grable</u>, does not present on its face any federal statute, much less any federal statute whose meaning is disputed or in need of interpretation, that is essential to resolution of Plaintiffs' claims. As stated above, Plaintiffs'

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 7

claims arise under Alaska state law and the remedies Plaintiffs seek may be determined without reference to any federal statute.  This factor alone renders Grable inapplicable because the meaning of the federal statute there was raised by plaintiff and resolution of plaintiff's claims depended on its interpretation.  Here, the meaning of federal statutes is brought into play, not in Plaintiffs' Complaint, but in Defendants' answer by way of *defense*.  Federal jurisdiction may not be conferred unless Plaintiffs' complaint, and the causes of action pled therein, rely on a federal statute as an *essential* ingredient of its claims.[8]  Franchise Tax Board, supra, 463 U.S. at 14 (the existence of federal jurisdiction depends solely on the plaintiff's claims, and not on the anticipated defenses to those claims, even where both parties admit that the defense is the only question truly at issue).[9]

As to the final consideration in Grable, the balance of state and federal judicial responsibilities, the Grable court found that there would be *minimal* disruption to the normal currents of litigation given the few state law quiet title actions that would involve contested

---

[8] Even if a plaintiff could have raised claims arising under federal law instead of or in addition to his or her state law claims, plaintiff is not required to do so.  Plaintiff is the master of the complaint; he or she may avoid federal jurisdiction by exclusive reliance on state law.  Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985).

[9] In addition to being inapplicable to the issues presented here, courts have also declined to extend or have distinguished Grable in the short time since its decision.  For example, in McCormick v. Excel Corp, 413 F. Supp. 2d 967 (E.D. Wisc. 2006), the court found that Grable did not authorize the removal of plaintiff's actions because their claims did not assert a "disputed" federal issue:  "[T]he federal issue that defendants contend authorized the exercise of federal jurisdiction, the meaning of "adulterated" in the FMIA, has already been decided" in prior actions and thus would not be subject to reconsideration under the law of the case doctrine. Id. at 969-70; Commonwealth of Kentucky v. Cibahia Tabacos Especialais Limitada, 2005 WL 1868808 (E.D. Ky.) (no federal question jurisdiction under Grable factors because plaintiff did not assert a federal right that involves a federal question, plaintiff's claim is framed in terms of state law, and the only reason that federal law will be considered is because defendants will have raised it).

48786v4

federal issues as a central issue in the litigation.  Here, the opposite would likely be true. The

State of Alaska licenses nearly *forty* different categories of businesses and professionals under

Title 8 to provide services or otherwise operate within the State, from accountants

(AS 08.04.005) to marine pilots (AS 08.62.010) to veterinarians (AS 08.98.010).  See AS

08.01.010- 08.98.250.  Each one of these licensed professions could be subjected to unlicensed

practitioners whose licensing or certification requirements were established under federal

regulations or policies that are different from those established by the Alaska Legislature.

Federal defenses, including preemption, would most likely be asserted in response to any

challenge from the State or an interested party.  If the Court entertained federal question

jurisdiction in each one of these instances in which it was alleged that the federally certified

professional violated Alaska's licensing laws, the delicate balance between the state and federal

courts would be severely upset, and the federal courts would be flooded with cases involving

litigants claiming violations of state laws.  This would be directly contrary to one of the

important elements on which Grable relied in permitting federal jurisdiction under that narrow

scenario.

## C.    The "Artful Pleading" Exception Does Not Apply Even If Defendants Allege That A Federal Preemption Defense Warrants Re-Characterization Of Plaintiffs' State Law Claims As Federal Law Claims.

Defendants allude to, but do not discuss in detail, the "artful pleading" exception to the

well-pleaded complaint rule.  The federal judiciary has developed a corollary to the "well-

pleaded complaint" rule known as the "artful pleading" exception.  Under the artful pleading

exception, when a plaintiff has carefully drafted the complaint to avoid naming a federal statute

as a basis for federal jurisdiction, but the complaint is nonetheless based on such statute, the

federal court will have jurisdiction.  See Wright, Miller & Cooper, supra § 3722.  While it is true

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 9

that the plaintiff is considered the master of his or her complaint and may choose not to assert a federal right that is available and thus rely only on rights created under state law, the plaintiff cannot disguise inherently federal causes of action.  Id.

Defendants assert that Counts I and II, despite their claim for relief under state law, are really *de facto* challenges to the Alaska attorney General's opinion that the Alaska Dentistry Act is preempted by federal law.  Opp. at 21.  Plaintiffs do not concede that that is the case; nevertheless, even assuming *arguendo* this to be true, courts have repeatedly held that federal preemption is a matter of defense to a state law claim, and does not create a ground for removal.

In First National Bank of Aberdeen v. Aberdeen National Bank, 627 F.2d 843 (8th Cir. 1980), plaintiff bank brought a state court action seeking to enjoin defendants, a national bank, from unfair competition by using a similar name.  The complaint made no reference to the National Bank Act, or to a decision by the Comptroller of Currency, which had approved the defendant's name.  Id. at 846.  Defendant sought removal on the ground that the action arose under federal law; specifically that the National Bank Act preempted the state law of unfair competition.  Id. Plaintiff disagreed arguing that the removability of the action must be determined from the complaint, and the complaint in this case, was based solely on state law.  Id. Notwithstanding the "well-pleaded complaint" rule, defendant argued, as do Defendants here, that the court should carve out an exception when the defendant raises a defense of federal preemption because federal preemption eliminates the foundation of a plaintiff's claim. Id. at 850.

The court squarely rejected defendant's argument upholding the longstanding principle that an assertion of preemption is a defense to plaintiff's state law claim that should be treated the same as any other defense for purposes of federal question jurisdiction.  Id. at 851.  Further,

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 10

the court found plaintiff's argument that removal was improper not only "consistent with authoritative statements on the general principles of federal question jurisdiction," but required by the Supreme Court's reasoning in <u>Gully v. First National Bank of Meridian, supra</u>, 299 U.S. 109 (defensive assertion of preemption does not give rise to federal question jurisdiction).

Though there is contrary authority, the Ninth Circuit follows the <u>First National Bank of Aberdeen</u> line of reasoning as do courts from many other jurisdictions. <u>See State of Washington v. American League of Professional Baseball Clubs</u>, 460 F.2d 654, 660 (9th Cir. 1972) (case remanded to state court – claims under State of Washington Constitution and Consumer Protection Act were not artfully pleaded complaint for relief under federal antitrust laws); <u>Nevada v. King</u>, 463 F.Supp. 749, 751-52 (D. Nev. 1979) (remand granted despite fact that plaintiff's causes of action raised "very serious questions of preemption"; federal preemption is a matter of defense and not grounds for removal); <u>La Chemise Lacoste v. Alligator Company</u>, 506 F.2d 339, 346 (3rd Cir. 1974) (remand of state court action for violation of trademark, statutory and common law not artfully pleaded complaint under Lanham Act); <u>Committee of Interns & Residents v. New York State Labor Relations Board</u>, 420 F. Supp. 826, 831 (S.D.N.Y. 1976).

In this case, Defendants have not demonstrated that Plaintiffs' complaint was "artfully pleaded" to avoid federal jurisdiction.[10] Plaintiffs do not seek any declaration on or enforcement

---

[10] There is an independent exception to the well-pleaded complaint rule known as the "complete preemption" doctrine. It is very narrow, and applies only when "the preemptive force of a statute is so extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." <u>Caterpillar, Inc. v. Williams, supra</u> at 392. Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law. <u>Id.</u> It is so narrow that the Supreme Court has found complete preemption in only three classes of cases: Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185; the Employee Retirement Income Security Act of 1975 (ERISA), 29 U.S.C. § 1001 <u>et seq.</u>; and the National Bank Act, 12 U.S.C. § 38 <u>et seq.</u> "Courts must take care to avoid
48786v4

of any federal statute.  Rather, Plaintiffs' causes of action are limited solely to Defendants'

conduct and violations of the Alaska Dental Practices Act, AS 08.36.100.  Plaintiffs' third and

fourth claims for relief allege, in the alternative, that even though some of Defendants' conduct

may be authorized by the Indian Health Care Improvement Act, other of Defendants' conduct

falls outside the scope of Congressional objectives and is not covered by federal law.  Plaintiffs'

alternative claims do not challenge the conduct that is allegedly authorized by federal law.

Importantly, the federal statute fails to provide any basis for asserting a primary claim

thereunder.  As pointed out in Plaintiffs' Motion for Remand, had Plaintiffs initially filed their

claims in federal court, Defendants could have sought dismissal on the grounds that the federal

statute does not authorize such suit.  If the case could not be brought initially in federal court, it

certainly cannot be removed to federal court.  These alternative claims are not dependent on a

federal statute or remedy and Plaintiffs have not, under the guise of artful pleading, omitted an

essential federal law or remedy in order to avoid federal jurisdiction.

 In sum, federal question jurisdiction in this case must be denied under the well-pleaded

complaint doctrine.  The relief Plaintiffs seek is limited to claims under state law and state law

remedies.  Neither the Complaint's tangential reference to federal law, nor Defendants' answer

---

creating complete  preemption beyond the three areas of law recognized by the Supreme Court."
Mikulski v. Centerior Energy Corp., 435 F.3d 666, 674 (2006) (declining to extend preemption
to Federal Revenue Code for miscalculation of earnings and profits and misreporting of taxable
dividends).

Here, Plaintiffs' four causes of action make reference to only one federal statute—the Indian
Health Care Improvement Act, 25 U.S.C. sec. 1602(b).  No provision of that Act authorizes
private enforcement of the claims Plaintiffs seek to vindicate under state law, or expresses a
congressional intent to completely preempt the State's regulation over the practice of dentistry.
Absent the existence of either element necessary to establish complete preemption, this Court
should not extend this very narrow exception to the claims raised here.

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 12

raising a federal preemption defense, transforms the purely state law nature of Plaintiffs' claims into a federal question.

## III. DEFENDANTS' ACTIONS CHALLENGED IN THIS LAWSUIT WERE NOT UNDERTAKEN PURSUANT TO A FEDERAL OFFICER'S DIRECTION OR CONTROL

Defendants have argued in opposition to the Motion for Remand that they are entitled to removal under the doctrine of federal officer removal. In their *Notice of Removal*, Defendants stated that this was because this lawsuit allegedly "is in the nature of a civil action brought against an officer of the United States or a person acting under the direction of a federal official or agency." Id. at 3. This does not satisfy the demands of federal officer removal. If it did, nearly every government contractor in the world would be immunized from suit in state courts.[11]

In order to make out an argument for removal under 28 U.S.C. § 1442(a), a defendant must prove that "(a) it is a 'person' within the meaning of the statute, (b) that there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims, and (c) it can assert a 'colorable federal defense.'" Durham v. Lockheed Martin Corp., No. 04-15243, 2006 WL 1084340, *3 (9th Cir. Apr. 26, 2006).[12]

---

[11] Courts around the country have found helpful the discussion of Federal Officer/Agent removal jurisdiction in Ryan v. Dow Chemical Co., 781 F.Supp 934 (E.D.N.Y. 1992).

[12] ANTHC claims that the question of "whether ANTHC has colorable federal defenses … is not seriously in dispute" because "Plaintiff's acknowledge that ANTHC has raised the defenses of federal preemption, federal contractor and federal officer." Opp. at 34. While it is true that ANTHC has claimed these defenses, its claims are not colorable. ANTHC is not a federal officer, and does not enjoy immunity. See sub-parts A and B, infra. The federal contractor defense is available to military contractors in response to torts, not to alleged law-breakers defending in actions sounding only in equity. See Boyle v. United Technologies Corp., 108 S.Ct. 2510, 2518 (1988). And one attorney's incorrect and unofficial opinion to the contrary notwithstanding, state law is not preempted in this case. See infra. Nonetheless, this argument will focus only on the clearer second prong of the analysis.

48786v4

In other words, a defendant seeking removal must demonstrate both that it acted under the direction of a federal officer, and that a causal nexus exists between the suit and the federal officer.  Mesa v. California, 489 U.S. 121, 124-25 (1989).  In particular, the nexus must be between the particular actions giving rise to suit and the particular and specific directives of a federal officer.  Id.; Arness v. Boeing North American, Inc., 997 F.Supp. 1268, 1273 (C.D.Cal. 1998); Bahrs v. Hughes Aircraft Co., 795 F.Supp. 965, 969 (D.Arizona 1992); Ryan v. Dow Chemical Co., 781 F.Supp. 934 (E.D.N.Y. 1992).  If the defendant establishes only that the acts occurred under the general auspices of a federal program or federal control, then removal is improper.  Arness, 997 F.Supp. at 1273; Fung v. ABEX Corp., 816 F.Supp. 569, 572 (N.D.Cal. 1992); Ryan, 781 F.Supp. at 947; Good v. Armstrong World Industries, Inc., 914 F.Supp. 1125 (E.D. Pa. 1996).  In other words, whether a defendant is "acting under" the direction of a federal officer depends upon the level of detail and specificity of the federal direction of the defendant's activities, and the level of control the government exercises.  See Ryan v. Dow Chemical Co, supra n.10, at 946.  Courts in this Circuit have required a showing of "direct and detailed control."  See, e.g., Arness, 997 F.Supp. at 1273; Bahrs, 795 F.Supp. at 969; Fung, 816 F.Supp. at 572.[13]

---

[13] ANTHC has filed a Notice of Supplemental Authority to reinforce its footnote 18 in its Opposition to the Motion For Remand, asserting that no certification is required for removal because in tort actions ANTHC is to be considered part of the Department of Health and Human Services.  The Notice is an unauthorized and untimely reply to Plaintiffs' Opposition to Motion to Dismiss and should be disregarded.  In any event, as is manifest from the language of Plaintiffs' Complaint, this is not a tort action and Plaintiffs' claims sound in equity or declaratory relief, not in tort.  In context, at pages 13-16 of Plaintiffs' Opposition to Motion to Dismiss, Plaintiffs were discussing the existence of a private cause of action to enforce state licensing law and in doing so, analogized to Peter v. Schumacker, 22 P.3d 481 (Alaska 2001), which recognized a private tort cause of action.  By so doing, Plaintiffs were not contending that they are asserting tort claims against Defendants at this time, as Defendants absurdly contend.

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 14

A.  **Because The Government Does Not Exert Sufficient Direction Or Control Over Defendants In The Practice Of Dentistry In Violation Of The Laws Of The State Of Alaska, Defendants Have Not Carried Their Burden Of Showing Federal Officer Direction And Control, And Removal Was Improper.**

In order to demonstrate that a defendant was the agent of a federal officer, courts have looked to the specific activity on which the suit was brought, and not to the general class of activities of which is it is a part.  For instance, while a government contractor may have been immunized against liability on certain torts, the district court remanded causes of action stemming from the contractor's writing of an allegedly defamatory letter.  Gulati v. Zuckerman, 723 F.Supp. 353, 358 (E.D. Pa. 1989).  The court reasoned that the immunized activity was privileged because it had been directed by the government.  Id.  The causes of action related to letter-writing, however, and were not subject to removal because they were not under the direction and control of a federal officer.  Id. at 358-59.

Moreover, the courts have required a level of intense control and specific direction in order to find that a person is acting as an agent of a federal officer.  For instance, even where a government officer had specific authority to approve or reject benefit exclusions from a federal insurer, that alone did not impose sufficiently detailed control over the list of covered treatments.  Arnold By and Through Arnold v. Blue Cross/Blue Shield of Texas, Inc., 973 F.Supp. 726, 740 (S.D. Tex. 1997).  Thus, removal of claims related to the exclusion of coverage for a particular disorder from the policy was precluded.  Id. at 740.  Similarly, even though the federal government actually wrote and published a brochure describing and advertising the challenged insurance, removal was precluded where the terms of that advertisement were the result of negotiation.  Id.  The court noted that a contract alone will generally not give rise to sufficiently

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 15

direct and detailed control, because "in any contract, both parties have the right to approve or disapprove the final agreement." See id. at 740-41.

The degree of specificity of control and direction required for this basis of federal jurisdiction is most clearly seen in cases like Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F.Supp. 2d 1144 (D.Colo. 2002). In Freiberg, construction contractors were hired by the government to perform work in the construction of a nuclear weapons production facility. Id. at 1148-49. In the course of doing so, the contractors allowed their workers to come in contact with asbestos dust. Id. The contractors did not warn the workers that the dust might be present. Id. Workers sued for injuries allegedly related to the dust, and the contractor sought removal, arguing that it was acting as the agent of a federal officer. Id.

The court disagreed. The court found nothing in the construction contract that directly interfered with the contractor fulfilling its state-law obligation to warn employees of safety hazards, or prevented the contractor from taking precautions to bring it in compliance with state law. Id. at 1155-56. Nothing in the contract required that the contractor avoid its duty of care. Id. Consequently, removal was unavailable. Id. See also Arness, 997 F.Supp. at 1275-76 (holding that removal was unavailable because an allegedly negligent manner of disposal of dangerous chemicals was not dictated by the government, even though the use of the chemicals was required); Overly v. Raybestos-Manhatten, 1996 WL 532150, *3-*4 (N.D.Cal.) (holding that removal was unavailable in a failure to warn case because nothing in a ship-building contract prohibited the defendant from warning the plaintiffs about dangerous chemical exposure).[14]

---

[14] Overly v. Raybestos-Manhatten was not published in F.Supp. A copy of this decision is attached hereto for the benefit of the Court as Exhibit B.

48786v4

The situation is similar in the present case.  Defendants have argued that they participate in a general program authorized by the federal government, and that under the program, Defendants provide certain dental health procedures to individuals in rural communities. Defendants argue that these activities are contemplated by their contract with the Indian Health Service.  ANTHC's obligations under the funding agreement, however, are extremely general, and the document provides for little control.  ANTHC is obligated only "to be responsible for and to provide health PSFAs identified in Section 3 utilizing the resources transferred under this Funding Agreement and other funds as they may become available to ANTHC."  Opp. Exhibit A at 7.  Nothing in this obligation requires Defendants to perform unlicensed dentistry, or to employ unlicensed dentists.  Defendants could utilize the resources and funds provided for by the federal government to employ dentists, or to transport patients in need of dentistry to clinics staffed by licensed dentists, or in any of a number of other ways that would not violate state law.

As in Gulati and Freiburg, Defendants have gone far beyond whatever obligations they may have had.  Defendant ANTHC's contract with the government committed it to provide certain support and services, but it was not required to ignore its duties under state law.  Like the letter-writing in Gulati, however, the direction of DHATs to perform unlicensed dental work is not specifically called for by the federal government.  Assisting in and conducting unlicensed dentistry is not specifically called for by the federal government.  Nothing in the law or regulations requires Defendant ANTHC to manage the dental program in the manner that it does and in contravention of state law.

Further, nothing in Defendant ANTHC's obligations requires it to employ non-dentists to perform dental work, or requires ANTHC to direct non-dentists to perform particular dental procedures, or requires ANTHC or the DHATs to perform particular operations on particular

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 17

teeth.  ANTHC and the DHATs are left to their individual discretion in undertaking these actions.  Like the Arness, Overly, Gulati, and Freiberg defendants, ANTHC could, if it so chose, implement its contract with the federal government without committing any of the unlawful acts upon which this case is based.

Moreover, nothing required ANTHC to agree to the particular funding agreement to which it agreed, and ANTHC is always free to change its obligations.  No statute or regulation prescribed the form of this agreement, or what obligations it would impose.  Under the agreement, ANTHC is permitted to require HIS to provide services in its stead, simply by returning some money.  See Opp. Exhibit A at 32.

In support of its arguments, Defendants cite to Gurda Farms, Inc. v. Monroe City Legal Assistance Corp., 358 F.Supp. 841 (S.D.N.Y. 1973) and Texas v. Nat'l Bank of Commerce, 290 F.2d 229 (5th Cir. 1961).  In Gurda Farms, the District Court denied remand because the defendant corporation was created by statutory authorization, and was very closely controlled by the federal government.  Id. at 844-45.  For instance, every dollar of funding for the defendant came from federal grants.  Id. at 845.  As a condition of receipt of those funds, the defendant was forced to comply with a massive regulatory scheme.  Id.  It was required to submit quarterly reports and annual audits.  Id.  Salaries were constrained, and had to be approved by the government.  Id.  The types of legal work it could perform were constrained.  Id.  Finally, its entire existence was controlled by an annual evaluation, the results of which might entail diminishment or curtailment of funding, restructuring of the Board of Directors, or fundamental changes in programs and policies.  Id.  In Nat'l Bank of Commerce, removal was permitted without reasoning.  Id. at 231.  Some clue to the logic is given, however, by the court's substantive decision on preemption, which allowed the bank to continue its existence because the

Secretary of the Treasury required the challenged bank to open facilities on a military base,

dictated precisely what operations were permitted by the bank on the military base, and

determined the size and scope of operations each year.  Id. at 231-233.  "In short, removal …

was appropriate because Texas was using its state courts to raise a direct challenge to the

banking power of the national government."  Ryan v. Dow Chemical Co., 781 F.Supp. 934, 948

(E.D.N.Y. 1992).

 As argued above, Defendants in this case have provided no evidence at all that they are

"hedged in on all sides by voluminous [Federal] directives under which it must operate on a day

to day basis," as were the defendants in the cited cases.  Gurda Farms, 358 F.Supp. at 845.

Because this level of intense control and direction is not present in this case, Defendant ANTHC

is not the agent of a federal officer, as a matter of law, and this case should be returned to state

court.

  **B.**  **The Cases Cited By Defendants Are Inapposite, And Allegations That Certain Individuals Performing Work With Or For ANTHC Are Also Federal Employees Are Irrelevant To The Propriety Of Federal Officer Or Agent Removal.**

 Defendants correctly state that the standard for demonstrating that an entity is "acting

under" a federal officer is met only if such entity is subject to detailed and intense federal

control.  Opp. at 29.  The cases cited by Defendants in support of this proposition, however, are

inapposite.[15]  For instance, Defendants cite the most recent case on removal in the Ninth Circuit,

---

[15] Defendants inexplicably cite Thompson v. Cherokee Nation of Oklahoma, 334 F.3d 1075 (Fed. Cir. 2003).  That case was never removed – it was an appeal by the Secretary of Health and Human Services from the grant of summary judgment by the Department of Interior Board of Contract Appeals.  Jurisdiction was never questioned.  The substantive decision in that case was affirmed sub nom. Cherokee Nation v. Leavitt, 543 U.S. 631 (2005).  The companion case there decided was originally brought in federal district court.  Neither opinion discusses removal.

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 19

Durham v. Lockheed Martin Corporation, --- F.3d ----, 2006 WL 1084340 (9th Cir. April 26, 2006). That case did not concern the requirements of removal. Id. at *6 ("We likewise express no opinion on the merits of Lockheed's removal."). Instead, it dealt only with the question of whether a removal motion was timely brought. Id. at *2, *6. As timeliness has not been raised in the present case, Durham is inapposite.

Defendants also cite the *Peterson* cases regarding Medicare intermediaries as support for their position. In Peterson v. Weinberger, 508 F.2d 45 (5th Cir. 1975) and Peterson v. Blue Cross/Blue Shield of Texas, 508 F.2d 55 (5th Cir. 1975), the plaintiff sued in both state court and in federal court. In the state court case, the defendants included the Regional and Assistant General Counsel and assorted employees of the Department of Health, Education and Welfare. Blue Cross/Blue Shield of Texas, 508 F.2d at 56. The federal suit was filed against Caspar Weinberger, then Secretary of Health, Education and Welfare, the United States, and other employees of the Bureau of Health Insurance, Department of Health, Education and Welfare. Weinberger, 508 F.2d 45, 50-51. Even Peterson did not argue that removal was improper by nature of the position of the defendants; Peterson argued only that the defendants were each acting outside of the scope of their official duties. Id. at 57. The court "took some pains" to set out the unique facts of that case, and held that "there is not the slightest indication that any of the individual defendants acted outside of their line of duty…." Id. To the degree that the *Peterson* cases address the issue of removal, they stand for the limited and unremarkable proposition that officers and employees of the federal government acting within their duties as employees of the federal government are not susceptible to suit in state courts. Neither Defendant ANTHC nor the eight unnamed defendants in this action are alleged to be officers or employees of the federal government. Like the other cases cited by ANTHC, the Peterson cases are inapposite.

48786v4

Defendants' assertion that "the dental health initiative is, in point of fact, largely directed and managed by federal employees" is irrelevant to the propriety of removal. None of the employees named in their opposition are parties to this case. If Plaintiffs receive the relief they seek, none of such individuals will be declared misdemeanants unless they engage in the unlicensed practice of dentistry, and none of them will be enjoined from any of their "federal duties," as they have no duty to practice dentistry without a license in the State of Alaska or cause others to do so.

### D.     Conclusion – Inapplicability Of Federal Officer/Agent Removal.

Federal officer or agent removal requires, at a minimum, that the defendant prove that it is a person acting under the direction and control of a federal officer, and that the particular actions complained of in the suit were themselves undertaken under the specific and intense direction and control of a federal officer. The level of direction and control required to invoke this basis of federal jurisdiction is substantial. Defendants in this case have completely failed to make this required showing. Because the Court lacks, as a matter of law, jurisdiction under the doctrine of federal officer or agent removal, this case should be remanded to the state court where it was brought.[16]

---

[16] If the Court were to hold that the facts as Defendants have alleged them raise an issue as to whether sufficient control and direction exists to give rise to federal officer or agent removal, a conclusion the American Dental Association and Dr. Jones strongly dispute, then it should not decide this Motion for Remand until after relevant discovery has been taken. See Kerbow v. Kerbow, 421 F.Supp. 1253, 1259 (N.D. Texas 1976) (citing In re Southwestern Bell Telephone Co., 535 F.2d 859 (5th Cir. 1976) and other authority for the proposition that "if the jurisdictional facts do not plainly appear from the record as a whole, an evidentiary hearing on the issue of jurisdiction is required."); O'Bryan v. Chandler, 496 F.2d 403, 411 n.7 (10th Cir. 1974) (citing Wilson v. Republic Iron Co., 257 U.S. 92, 97 (1921) for the proposition that "If plaintiff contests by motion to remand the defendant's assertions that defendant was acting under color of office, the district court must hold a hearing to determine the jurisdictional issues."). Under this circumstance, the Court should defer ruling on Plaintiffs' Motion for Remand until after such

48786v4

**IV.    THE COURT SHOULD ABSTAIN FROM HEARING THIS ACTION**

Even assuming that there is potentially a basis for assertion of federal jurisdiction in this case, which Plaintiffs strongly deny, this Court should nevertheless abstain from adjudicating this case.  This case is based solely on state law, seeks only equitable relief, and implicates issues of fundamental state importance:  state regulation of the practice of dentistry in this state. Abstention principles and standards are fully met here.  See Burford v. Sun Oil Co, 319 U.S. 315 (1943); Louisiana Power & Light Co. v City of Thibodaux, 360 U.S. 25 (1959).

Defendants' arguments to the contrary rest principally upon their repeated mischaracterization of Plaintiffs' claims in this case as allegedly being solely federal in nature. This is patently wrong.  Plaintiffs' Complaint on its face at Counts III and IV expressly states claims far broader than any alleged federal preemption or authorization which could be raised as a defense.  The claim is that Defendants are practicing dentistry without a license:  not merely in some narrow fashion which may allegedly be sanctioned by federal law,  but in a scope and nature which is simply illegal under Alaska law notwithstanding any alleged federal justification. In short, Plaintiffs' state law claims are far broader than any alleged federal defense raised, and they comprise state claims which cannot be resolved by any such defense.  Moreover, these claims must be adjudicated in the first instance before it could even be determined whether or

discovery has been conducted and an evidentiary hearing has been held, and further briefing, as appropriate, has been submitted.  No hearing is required, however if the Court finds remand to be required as a matter of law.

48786v4

what extent any claimed federal defense could be asserted.[17]  In short, Defendants have it exactly

backwards.[18]  This is a state law case which belongs in state court.

Defendants cannot and do not dispute Plaintiffs' authority demonstrating that issues of

medical licensing, such as dentistry, arise from state police powers, and that these are an area of

fundamental concern to the State.  On the contrary, the authority which they cite says the same

thing.  For example, as the Second Circuit pointed out in <u>Hachamovitch v. DeBuono</u>, 159 F.3d

687, 698 (2nd Cir. 1998), cited by Defendants (Opposition at 41), "there can be no doubt that the

disciplining and licensing of physicians are matters of paramount importance to the state" and

are  "an undeniably complex area of state concern." <u>Id.</u>  Similarly, state regulation of state

corporations is plainly a matter of fundamental state interest.  <u>See</u>, <u>e.g.</u>, <u>Tucker v. First Maryland</u>

<u>Savings and Loan, Inc.</u>, 942 F.2d 1401 (9th Cir. 1991) (recognizing that Maryland statute

controlling savings and loan institutions comprises "a matter of substantial state concern."  <u>Id.</u> at

406.)

Defendants then argue that technical requirements for abstention are not met here.  As

will be seen, they are wrong.

---

[17] Defendants claim that <u>Thibodaux</u>, 360 U.S. 25 (1959), is inapplicable because "plaintiff fails
to explain how resolution of any state law issues will affect the court's determination concerning
preemption."  Defendants' Opposition at 44-45.  But this case necessarily presents the
fundamental question of whether defendants' actions violate state law, and if so, how and in
what respect. Until there has been such a determination of the nature and scope of the violations
of state law, it cannot be determined what actions might, or might not, specifically give rise to an
alleged defense.

[18] Defendants also have it exactly backwards by claiming at 35, n.19 of their Opposition that
"because plaintiffs assert claims of state violations which arise from conduct outside of any
congressional objective, this presents an issue of federal law." This is simply wrong.  Plaintiffs
have plainly alleged that their state law claims are broader than any federal authorization which
could be raised in defense.  That does not make Plaintiffs' claims federal in nature.

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 23

The Ninth Circuit in <u>Tucker</u>, supra, applied a three part test for <u>Burford</u> preemption:

> (1)    The state has concentrated suits involving the local issue in a particular court;

> (2)    the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and

> (3)    that federal review might disrupt state efforts to establish a coherent policy.

<u>Tucker</u>, supra, at 1405.  As <u>Tucker</u> further explained, "Under <u>Burford</u>, abstention may be appropriate 'to avoid federal intrusion into matters which are largely of local concern and which are within the special competence of local courts.'"  <u>Id.</u> at 1404.  That is exactly the case here.

First, Defendants do not dispute that the Alaska Board of Dental Examiners has jurisdiction over state dental licensing requirements, and that the Alaska Administrative Procedure Act applies to its actions.  Opposition at 40-41, and 41 n.23.  Instead, Defendants claim that review of the Board's actions by the Superior Court does not constitute such a "specialized state court."  This is disingenuous and wrong.

The Board of Dental Examiners is specifically recognized by the Alaska Administrative Procedure Act as an "agency" with the power to adjudicate disputes under the provisions of that act.  <u>See</u> AS 44.62.330(a)(2); AS 44.62.330 – 630.  In Alaska, an agency adjudication may be entitled to full preclusive weight of <u>res judicata</u>, just as a court decision.  <u>See, e.g.</u>, <u>Jeffries v. Glacier State Tel. Co.</u>, 604 P.2d 4, 8 (Alaska 1978).  Moreover, for many years the Alaska Supreme Court has required litigants not only to exhaust their administrative remedies, but to litigate all issues, including constitutional issues, before such agencies before bringing an administrative appeal to Superior Court. <u>See, e.g.</u>, <u>Standard Alaska Production Co. v. State Dept. of Revenue</u>, 773 P.2d 201, 206-8 (Alaska 1989).  On review, the agencies' factual

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 24

determinations, as well those arising from their related technical and policy expertise, are entitled to deference. See, e.g., Ellis v. State Dept. of Natural resources, 944 P.2d 491, 493 (Alaska 1997). In short, the Board of Dental Examiners is a specialized court.[19]

Defendants' argument here is disingenuous because it is Defendants, by their actions, and indeed by their removal petition, who are attempting to entirely circumvent the jurisdiction and authority of the Dental Board. Plaintiffs' request for equitable relief would require a contrary result: placing licensing issues before the specific state agency with the technical skill and expertise, and the mandate of state law, to decide the issue. There is no reason why, if Defendants believe that their actions are justified under federal law, they should not be required to present those contentions to the Board of Dental Examiners, where the technical scope of their claims can be properly assessed. It is only Defendants' violations of state law which are preventing this result.

Second, Defendants claim that, under the second part of the Burford test, the issues which might be presented by the state administrative scheme are not "unique or especially complicated." Opposition at 41. This, too, is unsupported and is wrong. Determining what constitutes the practice of dentistry is a specialized area delegated to a special board with special expertise by the state. But particularly egregious is Defendants' assertion that "the Ninth Circuit has held that state regulations similar to the provisions of the Dental Practice Act are not particularly complex or subject to disruption by federal court jurisdiction." Opposition at 41. None of the cases cited by Defendants remotely support this contention. None involve the

---

[19] Defendants offer no support for the assertion that there must be some other "specialized" court of appeal in addition to the Board. This is Alaska, not Texas or California, where a population of millions might justify creation of specialized courts of appeal in addition to specialized agency adjudications.

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 25

propriety of initial state court determinations of medical license licensing issues, but instead involve later claims, brought in federal court, of §1983 civil rights violations[20] or pure federal constitutional claims.[21]

Third, Defendants claim that "resolution of plaintiffs' claims in this court presents no possibility of disruption of the state regulatory program related to dentistry."  Opposition at 44. This is frankly an astonishing claim. Alaska has created a single, unified regulatory structure under state law to establish standards for the practice of dentistry, and to determine who is qualified and may be licensed to do so. These, and related individual and factual determinations, are to be made  in the first instance by the Board of Dental Examiners, and then in the state courts upon review.  Defendants seek not merely to assert alleged defenses, but to bypass the Alaska regulatory scheme entirely. Contrary to Defendants' contention, and with all due respect to this Court, having this federal court determine in the first instance whether or not Defendants are unlawfully practicing dentistry, without reference to the expertise of the Alaska Dental Board or of the state court, would be fundamentally disruptive to the unified regulation of  this

---

[20] Defendants cite Privitera v. Cal. Bd. Of Quality Med. Assurance, 926 F.2d 890, 895 (9th Circuit 1991) and  Hachamovitch v. DeBuono, 159 F.3d 678, 697-698 (2nd Cir. 1998).  Each of these cases involved federal civil rights actions under 42 U.S.C. § 1983, brought in federal court, in which doctors claimed that state licensing boards which had previously deprived them of their medical licenses either acted in bad faith (Privitera at 894-895) or pursuant to unconstitutional procedures. (Hachamovitch, supra, at 698).  Thus, neither of these cases involved whether initial state determinations of medical licensing should be removed to federal court, but, instead, whether subsequent federal civil rights violation actions brought in the federal court, and alleging bad faith prosecution or unconstitutional procedures, should remain there.

[21] Nor does England v. Louisiana State Board of Medical Examiners, 375 US 411, 84 S.Ct. 461, 11 L. Ed. 2d 440 (1964), support Defendants' position.  Rather it, too, involved a litigation of federal constitutional claims brought in federal court after abstention to permit resolution of a state medical licensing proceeding. The Supreme Court did not review the original abstention decision, Id. at 412, n.2, but rather clarified that a party in state court in such circumstances can reserve its federal constitutional claims for later resolution in its original federal forum.

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 26

important medical profession in Alaska.  It would, in essence, result in a creation of  dual state

and federal regulatory schemes, with dual systems of judicial review.  This is a formula for

inconsistent and contradictory results in different forums which cannot be resolved in the single

regulatory system established by the State for this purpose.  More fundamentally, it would be

entirely contrary to the paramount state interests at stake here.

Such a result makes no sense. By contrast, requiring Defendants to present their defenses

in state court, where this case was originally brought, under the regulatory and judicial system of

review created for this purpose, will ensure a unitary resolution of claims in this area of

fundamental state concern.[22]

Because Plaintiffs' claims are not federal, much less solely federal, much of Defendants'

authority is inapposite.[23]  For example, their prominent reliance on New Orleans Public Service,

Inc. v. New Orleans  491 US 350 (1989) is completely misplaced.  The United States Supreme

Court pointed out in Quackenbush, 517 U.S. 706, 726 (1996), in NOPSI "The federal preemption

question was the only issue raised in the case; there were no state law claims."  Id. In that case a

utility "saddled by decision of the Federal Energy Regulatory Commission (FERC) with part of

the cost of building and operating a nuclear reactor," and denied a rate increase by the New

---

[22]  Defendants' contention that the Dental Board cannot take any "enforcement action that would
be disrupted by this court's review … [because] the Attorney General of Alaska has concluded
that state licensure of federally certified dental health aides is preempted …" is simply wrong.
An informal opinion of  the Attorney General has no binding effect, in state court or anywhere
else, and cannot in any respect alter the jurisdiction of the State Board.

[23] In light of page limitations for this reply brief, Plaintiffs do not have space to address all of the
authorities Defendants have erroneously cited.  Instead, Plaintiffs address here the most
prominent of such authorities.

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 27

Orleans City Council, brought suit in federal court under federal law. This has nothing to do with the present case, where Plaintiffs have brought solely state claims in state court.

For the same reason, Defendants' reliance upon the informal opinion of the Alaska Attorney General that state law is preempted is misplaced. In the first instance, that Opinion is not authority in state court or anywhere else. Nevertheless, it is important to note that it in relevant part concluded: "However, any individual providing dental services **outside the auspices of the federal program or performing dental treatment outside the scope of treatments envisioned by Congress … would be subject to state licensure laws**." Inf. Op. Alaska Attorney General (September 5, 2005 at 16) (emphasis added); see also id. at 14 ("the actions of certified dental health aids *would* **be subject to state licensure if the aids performed (with or without board authorization) dental treatments that did not reasonably fall within the scope of the congressional dental health objectives**….") Id. (bold emphasis added). These are precisely the claims presented by Plaintiffs at Counts III and IV of their Complaint.

Defendants' reliance upon United States v. Morros, 268 F.3d 695 (9th Cir. 2001) is also misplaced for essentially the same reasons. That case involved an attempt by the Department of Energy to establish a national nuclear waste repository in Nevada pursuant to the Nuclear Waste Policy Act, 42 U.S.C. § 10101-10270 (1997) which incidentally required the Department to seek five water permit applications from Nevada. The State Engineer solely relied upon a Nevada law prohibiting storage of radioactive waste in the state to reject the permits. The United States then filed a complaint in federal court, where a dismissal by the district court on abstention grounds was reversed by the Ninth Circuit. Not surprisingly, the Ninth Circuit found that the issue in the case was whether the Federal Nuclear Waste Policy Act preempted Nevada law. The court found the case "does not revolve around 'complex state law issues' such as who is entitled to

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 28

how much water.  Rather, it revolves around whether state law conflicts with federal law….” Id. at 705.  But, again, the present action is not a federal case brought under federal law in federal court.  It *does* require a determination of what violations of state law have occurred.   Contrary to Morros, preemption is at most an alleged partial defense, and cannot resolve Plaintiffs' state law claims here.

In sum, Defendants have failed to show why this Court should not abstain from resolution of this case to permit the Alaska state courts to first resolve the state law issues concerning dental practice presented.

## CONCLUSION

For all of the foregoing reasons, this Court lacks federal jurisdiction to adjudicate this case, or at a minimum, should abstain from exercising any such jurisdiction and hearing the case. Rather, the Court should remand this action back to state court where it was initially brought. Plaintiffs' Motion for Remand should be granted.

DATED at Anchorage, Alaska this 16th day of May 2006.

s/Douglas J. Serdahely
Douglas J. Serdahely
PATTON BOGGS LLP
601 West Fifth Avenue, Suite 700
Anchorage, Alaska  99501
Phone: (907) 263-6310
Fax:  (907) 263-6345
Email:  dserdahely@pattonboggs.com
Alaska Bar No. 7210072

Attorneys for Plaintiffs The American Dental
Association and Dr. T. Howard Jones

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 29

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2006, a copy of the Plaintiffs The American Dental Association's and Dr. Jones' Reply to Opposition To Motion For Remand was served electronically on:

**Thomas V. Van Flein**
Usdc-anch-ntc@cplawak.com

**Aaron M. Schutt**
aaron@sonosky.net

**Myra M. Munson**
myra@sonoskyjuneau.com

**Richard D. Monkman**
dick@sonoskyjuneau.com

**Michael G. Hotchkin**
mike_hotchkin@law.state.ak.us

**Paul R. Lyle**
paul_lyle@law.state.ak.us

By:    s/Nina E. Bingham
            Nina E. Bingham, Legal Secretary
            PATTON BOGGS LLP

48786v4

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
CASE NO. 3:06-cv-00039 (TMB)
PAGE 30