Thomas V. Van Flein, Esq.
CLAPP, PETERSON, VAN FLEIN
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Tel:  (907)  272-9272
Fax:  (907)  272-9586
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

THE ALASKA DENTAL SOCIETY, THE      )
AMERICAN DENTAL ASSOCIATION,        )
DR. T. HOWARD JONES, DR.            )
MICHAEL BOOTHE, DR. PETE HIGGINS    )
AND DR. GEORGE SHAFFER,             )
                                    )
           Plaintiffs,              )
                                    )
vs.                                 )
                                    )
THE ALASKA NATIVE TRIBAL HEALTH     )
CONSORTIUM and DOES 1 through 8,    )
                                    )
           Defendants.              ) CASE NO:3-06-CV-00039-TMB
_____ ) Filed Electronically

**REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION
AND JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S
AND DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND**

     Plaintiffs, The Alaska Dental Society, Dr. Boothe, Dr.
Higgins and Dr. Shaffer (collectively Plaintiffs), through
Counsel, hereby submit their Reply to Defendant's Opposition
to Motion for Remand (hereafter "Motion").  Despite ANTHC's

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND
JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR.
JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al.,* Case No. 3:06-cv-00039-TMB
Page 1 of 36

long recitation set forth in its opposition, ANTHC still failed to carry its burden of showing that federal jurisdiction exists. For reasons set forth previously in Plaintiffs' Motion for Remand and more fully set forth below, this Court should return this case to the Superior Court for the State of Alaska, Third Judicial District at Anchorage, where the suit was originally filed, as there is no proper federal jurisdiction.

Plaintiffs also join in Plaintiffs, The American Dental Association and Dr. Jones, Reply to ANTHC's Opposition to Motion.

## I.    ARGUMENT

### 1. The Plaintiffs Have No Federal Cause of Action And Thus There Can Be No Federal Jurisdiction

Even though Plaintiffs requested remand, the Court is obligated to evaluate the issue within the rubric that the ANTHC bears the exclusive and heavy burden of showing that federal jurisdiction exists because ANTHC removed this case to federal court. *See Tylka v Gerber Products, Co.*, 211 F.3d 445, 448 (7th Cir. 2000). As discussed by the court:

> The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Id.* Furthermore, the removal

statute is strictly construed against removal
jurisdiction.

*Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th
Cir. 1988) *citing Emrich v. Touche Ross & Co.*, 846 F.2d 1190,
1195 (9th Cir. 1988).

In determining whether removal was proper, a district
court must construe the removal statute, 28 U.S.C. §1441,
narrowly and resolve any doubts regarding subject matter
jurisdiction *in favor of remand.    See e.g., Doe v. Allied-
Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

The ANTHC overlooks the basic principles applicable to
removal.  The removal statute authorizes a defendant to remove
to federal court "any civil action brought in a State court of
which the district courts of the United States have original
jurisdiction." *Id.* § 1441(a). Consequently, "[o]nly [those]
state court actions that **originally could have been filed in
federal court** may be removed to federal court by the
defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107
S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (emphasis added); *see
Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th
Cir. 1987); *Sullivan v. First Affiliated Secs., Inc.*, 813 F.2d
1368, 1371 (9th Cir.), *see also Derrico v. Sheehan Emergency*

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND
JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR.
JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al.*, Case No. 3:06-cv-00039-TMB
Page 3 of 36

*Hosp.*, 844 F.2d 22, 27 (2d Cir.1988) ("Removal is appropriate when a state court action could originally have been filed in federal court.").[1]

The ANTHC fails to provide any evidence that the ADS could have filed this complaint, seeking a declaration of state law and enforcement of state law, in federal court. The ANTHC fails to cite one case, or one statute, that grants the federal courts original jurisdiction over a claim for declaratory relief or injunctive relief involving a state statute. As discussed by the Court: "the vast majority of cases brought under the general federal-question jurisdiction are those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. at 3233. But what federal cause of action exists here? None. And the ANTHC fails to cite to one. Further, basic principles of federalism prevent such an application of federal court jurisdiction. Had the ADS or the ADA filed this

---

[1] Absent diversity of citizenship, only cases within the district court's original "federal question" jurisdiction may be removed from state to federal court. *Caterpillar*, 107 S.Ct. at 2429. This case is not a diversity case. "Federal question" cases are those cases "arising under the Constitution, laws, or treaties of the United States." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 1546 (1987).

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium, et al.*, Case No. 3:06-cv-00039-TMB
Page 4 of 36

same complaint in federal court, the ANTHC would have been entitled to an order dismissing the case for lack of federal court jurisdiction. The same applies when the case is improvidently removed as well.

ANTHC contends that this Court has jurisdiction based on a federal question which extends federal jurisdiction to "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* Opposition, p. 14. While this is true as a general statement, the ANTHC fails to examine the claims actually pled—each of which is a claim for equitable relief under state law only. Further, ANTHC forgets both the well-pleaded complaint rule and the fact that this is a declaratory relief action grounded exclusively on state law.

For removal to be valid based on federal question jurisdiction, the Plaintiffs' "well-pleaded complaint" must state at least one claim "arising under" federal law. *Ultramar America, Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990). This Court must determine whether the operative complaint states a claim arising under federal law by ascertaining "the legal construction of the [P]laintiff[s'] allegations." *Id.* The Plaintiffs are the "master" of their

action, and "if [they] can maintain [their] claims on both state and federal grounds, [they] *may ignore the federal question, assert only state claims, and defeat removal*." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations omitted) (emphasis added).

Here, the ANTHC vigorously asserts a defense (actually, it is primarily asserting *public policy arguments*, not legal defenses, about what a wonderful program and service the DHATs provide and what a poor state of affairs exist in the Bush—all issues completely immaterial to federal court jurisdiction) trying to invoke a federal issue. But the law is clear: "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (*citing Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126, (1908)). This rule applies "even if the defense is anticipated in the [P]laintiff[s'] complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112, 57

S.Ct. 96 (1936). As more succinctly stated by the Colorado

District Court:

> For a case to arise under federal law, the federal question must be apparent on the face of a well-pleaded complaint, and *Plaintiff's cause of action must be created by federal law or, if it is a state-law cause of action, its resolution must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action*.

See *John Doe v Archdiocese of Denver*, 413 F.Supp.2d 1187, 1191 (2006) (emphasis added). Not one claim here raises, on the face of the complaint, any federal issue. Accordingly, it cannot be used as a basis to support federal jurisdiction. *John Doe v Archdiocese of Denver*, 413 F.Supp.2d at 1192 ("the elements of the claims presented here are amenable to establishment without reference to questions of federal law. Whether having their origins in state or federal law, claims giving rise to subject matter jurisdiction must raise on their face a stated federal issue. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, ---U.S. ----, 125 S.Ct. 2363, 2368 (2005)").

And, contrary to ANTHC's argument, the Court in *Grable* did not overrule the holding in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229 (1986). As

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND
JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR.
JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium, et al.*, Case No. 3:06-cv-00039-TMB
Page 7 of 36

explained by another court:

> *the Court in Grable **did not in any way abrogate the well-pleaded complaint rule.*** Indeed, the *Grable* Court expressly disclaimed any intention to contradict prior jurisdictional authority, including *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). *Grable*, 125 S.Ct. at 2369. Now, as before the Court's decision in *Grable*, though a federal cause of action is not a necessary predicate for federal-question jurisdiction, a federal question apparent on the face of the well-pleaded complaint is indispensable. *Rice*, 260 F.3d at 1245.

*John Doe v Archdiocese of Denver*, 413 F.Supp.2d at 1192 (emphasis added). Accordingly, it is not correct to assert that *Grable* established new law or abrogated the well-pleaded complaint rule. *Merrill Dow* applies, as does the well-pleaded complaint doctrine, and both compel remand here.

In *Merrill Dow*, the Court explained how the well-pleaded complaint rule affected removal jurisdiction where the underlying complaint relies on a state cause of action but also where the state law incorporated federal law as one of the elements of recovery. Even in that circumstance, the Court held that the state claim does not involve a substantial federal question sufficient for removal jurisdiction unless the federal law incorporated in the state cause of action

provides **_a federal private right of action_** for its violation.

*Merrill Dow*, 106 S.Ct. at 3237.

The Ninth Circuit applied this reasoning in *Utley v. Varian Assoc., Inc.*, 811 F.2d 1279 (9th Cir. 1987). *Utley* is instructive here because in *Utley*, the plaintiff expressly invoked a federal statute as part of his state law claim, but the Ninth Circuit concluded that removal was improper because even if a federal issue was implicated in state court, there was no private right of action under federal law, thus no federal court jurisdiction:

> Utley argues that the district court's removal of his action from state court was improper, because he could not have brought his state law action in federal court in the first instance. * * * Thus, "propriety of the removal ··· turns on whether the case falls within the original 'federal question' jurisdiction of the federal courts." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). The issue is whether Utley's state law claims, predicated on Varian's alleged violation of federal affirmative action duties, "arise under" federal law.
>
> *Merrell Dow* clarifies the "arising under" issue in cases in which the federal law incorporated by a state law claim does not itself confer a private right of action. * * * The Court [in *Merrill Dow*], in rejecting the district court's reasoning and holding that it did not have removal jurisdiction, found that **_the lack of a_**

*__private right of action__* under the FDCA disposed
of the issue of whether a state claim based on
its violation arose under federal law:

> [A] complaint alleging a violation of a
> federal statute as an element of a state
> cause of action, when Congress has
> determined that there should be no
> private, federal cause of action for the
> violation, does not state a claim
> "arising under the Constitution, laws,
> or treaties of the United States." 28
> U.S.C. § 1331. *Id.* at 3237. The Court
> explained that to permit removal based
> on a federal statute not conferring a
> private right of action would disregard
> the will of Congress to preclude a
> private remedy in federal court for the
> statute's violation. *Id.* at 3234-35.

*Utley v. Varian Assoc., Inc.*, 811 F.2d 1282-83 (emphasis
added). Here, what "private right of action" exists under
federal law that would allow the ADS to march into federal
court and seek a declaration of state law and an injunction
upholding state law? NONE. If the Plaintiffs can't do it
directly, the Defendant cannot do it indirectly through the
back door—which is a colloquial way of restating the well-
pleaded complaint rule.

> 2    **This Court Is Barred By The Eleventh
> Amendment From Asserting Jurisdiction Over
> Issues That May Affect the State of Alaska**

The Eleventh Amendment bars this court from asserting

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND
JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR.
JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al.*, Case No. 3:06-cv-00039-TMB
Page 10 of 36

jurisdiction over this case since the relief sought seeks an injunction that, if granted, may affect the State of Alaska. The Ninth Circuit has established that there can be no federal court jurisdiction over a claim for injunctive relief requesting a state to comply with state law:

> By contrast, other types of requested relief *are **clearly barred by the Eleventh Amendment**, for example, where the relief is premised solely on the State's compliance with state law.*

*Suever v. Connell*, 439 F.3d 1142, 1148 (9th Cir. 2006) (emphasis added). *See also Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 105-06, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Here, the primary thrust of the complaint is obtaining a ruling that the state licensing law is being violated by the unlicensed practice of dentistry with a related order to stop that unlawful practice and violation of state law. Such an order, because it involves the state trial court's equitable powers to compel compliance with state law—and can even compel the state itself to the extent ***it*** is disregarding state law—is outside federal court jurisdiction and barred under the Eleventh Amendment.

As explained by the Supreme Court in *Pennhurst*, where the

relief sought implicates a the state government (and the request in this case is an order forcing the state to enforce state law), the Eleventh Amendment bars federal court jurisdiction over this type of equitable claim and remand to state court is required:

> A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued. As Justice MARSHALL well has noted, "[b]ecause of the problems of federalism inherent in making one sovereign appear against its will in the courts of the other, a restriction upon the exercise of the federal judicial power has long been considered to be appropriate in a case such as this." *Employees v. Missouri Public Health & Welfare Dep't*, 411 U.S. 279, 294, 93 S.Ct. 1614, 1622-1623, 36 L.Ed.2d 251 (1973) (MARSHALL, J., concurring in result). Accordingly, in deciding this case we must be guided by "[t]he principles of federalism that inform Eleventh Amendment doctrine." *Hutto v. Finney*, 437 U.S. 678, 691, 98 S.Ct. 2565, 2573-2574, 57 L.Ed.2d 522 (1978). * * *
>
> ***This jurisdictional bar applies regardless of the nature of the relief sought***. See, *e.g.*, *Missouri v. Fiske*, 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933) ("Expressly applying to suits in equity as well as at law, the Amendment ***necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State***"). * * *
>
> "The general rule is that a suit is against the sovereign if 'the judgment sought would

> expend itself on the public treasury or
> domain, or interfere with the public
> administration,' or if the effect of the
> judgment would be 'to restrain the Government
> from acting, **_or to compel it to act_**.' " *Dugan
> v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999,
> 1006, 10 L.Ed.2d 15 (1963).

*Pennhurst State Sch. & Hosp.*, 465 U.S. at 99-101, 104 S.Ct. 907-908 & n. 11 (emphasis added). Here, the Plaintiffs requested equitable relief in state court seeking an order enforcing and upholding state law—and "compelling the state to act." Because this implicates the state and can bind the state, these issues cannot be adjudicated in federal court.

The depth of this truism is now reflected in the State of Alaska's motion to intervene. While the motion to intervene cannot be used to judge the elements of the complaint for purposes of applying the well-pleaded complaint rule, it is evidence that the complaint seeks relief that, if successful, would compel compliance with state law—and even force the State of Alaska to comply with its own law. As set forth by the State of Alaska: "Because of significant potential effects on its sovereign interests, the State of Alaska has moved to intervene in this case . . . . " (Motion to Intervene, p. 1). That representation by the State

mandates remand alone since the 11th Amendment bars this Court from issuing any order that could have any "potential effects" on the "sovereign interests" of the State of Alaska. The drafters of the Constitution provided, and the U.S. Supreme Court emphasized over a 116 years ago, in *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), that " 'It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent. This is the general sense and the general practice of mankind; and the exemption, as one of the attributes of sovereignty, is now enjoyed by the government of every state in the Union. *Unless, therefore, there is a surrender of this immunity in the plan of the convention, it will remain with the states····'" Id.,* at 13, 10 S.Ct. 504 (quoting The Federalist No. 81, pp. 548-549 (J. Cooke ed.1961)). *See also Ex parte New York,* 256 U.S. 490, 497, 41 S.Ct. 588, 65 L.Ed. 1057 (1921) ("That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND
JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR.
JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al.,* Case No. 3:06-cv-00039-TMB
Page 14 of 36

power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given"). And recent Supreme Court jurisprudence continues with this practice. *Seminole Tribe of Fla.* v . *Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent. *Seminole Tribe of Fla.,* 517 U.S. 44, 54.

Since the Plaintiffs are seeking relief that, if successful, will implicate the State of Alaska to the extent the State of Alaska has abdicated its duty to enforce state law (and abdicate it has), and the State's Motion to Intervene confirms this fact, this Federal Court is completely without a Constitutional basis to assert jurisdiction. Indeed, the State of Alaska argues that any ruling by this court impacts "the State's sovereign responsibility to exercise its discretion in enforcing state laws regulating the provision of health care to its citizens." (Motion to Intervene, p. 3). Accordingly, the Eleventh Amendment prevents this court from taking any

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium, et al.,* Case No. 3:06-cv-00039-TMB
Page 15 of 36

further action except issuing an order to remand the case to state court. As continuously maintained from the outset of the Plaintiffs' pleadings regarding remand, this is fundamentally a state court action, involving state law, seeking equitable and injunctive relief that could affect the state of Alaska. It has no business in federal court.

### 3. The Well-Pleaded Complaint Rule Compels Remand

In addition, the well-pleaded complaint rule compels remand. In order to get around the well-pleaded complaint rule, ANTHC alleges that this action falls under this court's original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); namely, that Plaintiffs' causes of action fall within the federal court's jurisdiction because substantial federal question issues are raised in Plaintiffs' complaint with respect to the application of the Indian Self Determination Education and Assistance Act, 25 U.S.C. §450 *et seq.*, and the Indian Health Care Improvement Act, 25 U.S.C. § 1616*l*. ***But these are all defenses***, first of all, and this removal is based on ANTHC's erroneous belief that Plaintiffs' claims depend on resolution of these issues. They don't. The Plaintiffs have requested the state court to declare the

meaning of state law and to enforce state law.  No more.  No less.  The well-pleaded complaint rule expressly denies the opportunity to bring a claim into federal court because of defenses that could implicate federal laws.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, ---U.S. ----, 125 S.Ct. at 2368.

ANTHC contends that Plaintiffs' claims, which are firmly grounded in state law, invoke "arising under" jurisdiction because they present a substantial and disputed question of federal law.  Obviously not true on the face of the complaint, and probably not true even when viewed in light of the anticipated defenses—which is an improper method to base removal.  In support of ANTHC's argument, ANTHC relies on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 125 S.Ct. 2363 (2005), believing it to be a rewrite and abrogation of the well-pleaded complaint doctrine. As discussed above, it is neither.  This case is appropriately analyzed under *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229 (1986), which the court in *Grable* fully affirmed.  The ANTHC fails to remember that *Grable* in no

way abrogated the well-pleaded complaint rule.   *See John Doe,*
*supra,* 413 F.Supp.2d at 1192.

In *Grable,* the Internal Revenue Service seized land
belonging to Grable because of a federal tax deficiency and
sold the property to Darue. *See Grable, supra,* 125 S.Ct. at
2366. Grable then sued in state court to quiet title to the
land because the IRS had allegedly failed to give Grable the
requisite notice of seizure as laid out in 26 U.S.C. § 6335.
*See id.* Darue thereafter removed the case to federal district
court, invoking federal question jurisdiction on the ground
that "the claim of title depended on the interpretation of the
notice statute in the federal tax law." *Id.* The district court
refused to remand the case to state court, ruling that the
"claim does pose a significant question of federal law." *Id.*
The Court of Appeals for the Sixth Circuit affirmed the
district court's ruling. *See id.*

The Supreme Court upheld the Sixth Circuit's ruling and
found that Darue properly called upon federal question
jurisdiction in removing from the state court. *See id.* The
Supreme Court concluded that the state-law quiet title claim
"necessarily raise[d] a stated federal issue, actually

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND
JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR.
JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al.,* Case No. 3:06-cv-00039-TMB
Page 18 of 36

disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 2368. The Supreme Court "premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law." *Id.* The United States had a "strong interest" in the case because it involved the "prompt and certain collection of delinquent [**federal**] taxes." *Id.* (citing *United States v. Rodgers*, 461 U.S. 677, 709 (1983)). Finally, the Supreme Court stated that exercising jurisdiction over Grable's quiet title suit would not upset the proper division of federal and state judicial responsibilities because very few quiet title cases would raise such contested federal questions. *See id.* at 2371.

Put simply, ANTHC's reliance on *Grable* is misplaced as is its interpretation that *Grable* overruled *Merrill Dow*. *Grable's* facts are not comparable to the case at bar. *Grable* involved the IRS's efforts to satisfy federal tax liabilities from the property of delinquent taxpayers. In contrast, the plaintiff in *Merrell Dow* brought various state tort claims that borrowed the standard of care from federal statutes. *See Merrell, supra*, 478 U.S. at 805. In *Merrell Dow*, the United

States Supreme Court first considered whether federal question jurisdiction could be found where "Congress did not intend a private federal remedy for violations of the statute that it enacted." *Id.* at 811. The *Merrell Dow* negligence complaint incorporated a federal statute as setting a standard of care which defendants had allegedly breached. Citing prior Supreme Court case law, petitioners argued that where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims," *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), federal question jurisdiction is appropriate.

The *Merrell Dow* Court disagreed, holding that "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal - question jurisdiction." *Merrell Dow*, 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). More specifically, the Supreme Court held that there was no federal jurisdiction over

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium, et al.*, Case No. 3:06-cv-00039-TMB
Page 20 of 36

state tort claims merely because they borrowed a duty of care from a federal statute and the federal statute conferred no independent right of action and had not preempted state law. This case is arguably farther from federal jurisdiction than *Merrell Dow* because this case does not look to federal law for the standard of care, but instead looks to state law.

4. **Regulating States' Medical Practices is Beyond the Power of the Federal Government**.

The practice of dentistry, like medicine, has always fallen traditionally within the purview of the States. The standard of care established by state law is necessarily based on local issues because no nationwide standard can adequately protect each State's historic interest in regulating the practice of medical professionals within its jurisdiction. *See Bigelow v. Virginia*, 421 U.S. 809, 827 (1975). The Supreme Court has recognized that regulation of the standards of health care is a "vital part of a state's police power." *See Barsky v. Board of Regents*, 347 U.S. 442, 449-451 (1954)(holding that the practice of medicine within a state is a privilege granted by the State under its plenary power.) What is more, in order to protect its citizens, the

Supreme Court established that the state must have the power to ensure the quality of medical care provided within its borders. *See Bigelow, supra,* 421 U.S. at 827.

The Supreme Court made it clear when it stated that "***obviously, direct control of medical practice in the states is beyond the power of the federal government***." *Linder v. United States,* 268 U.S. 5, 18 (1925). Since it is beyond the power of the federal government, this federal court has no jurisdiction to address the issue of whether the DHATs are violating state licensing laws.

Plaintiffs' claims arise under Alaska law and seek recourse under Alaska law. As exemplified by the State's motion to intervene, the complaint seeks to vindicate state law and an order that could compel the state to enforce its own laws in an area—the regulation of "health care to its citizens" that is exclusively within the State province. Plaintiffs' state law claims involving Alaska's regulation of the practice of dentistry were not created by either the Indian Self Determination Education and Assistance Act or the Indian Health Care Improvement Act. The Complaint clearly sets forth the state laws on which it is based.

Moreover, even if either of the Acts applied to Plaintiffs' claims, it would only postpone and alter the state law claims rather than preempt them. In fact, the viability of such claims and the recovery available may vary from jurisdiction to jurisdiction. The federal statute has not displaced these variations in state law claims nor has it replaced them with a new federal claim. Accordingly, Plaintiffs' claims were not created by federal law. There is no dispute that Plaintiffs' claims are created by state common law or that the Act relied upon by ANTHC does not preempt Plaintiffs' claims.

This court should look to the thorough and reasoned analysis of the Western District Court of Wisconsin involving Medicaid wherein the court stated:

> [T]here is no strong federal interest in the present case comparable to the federal interest in tax collection implicated in *Grable*. The federal question raised in *Grable* was of critical importance to the IRS's efforts to satisfy tax liabilities from the property of delinquent taxpayers. Although a federal agency administers the Medicare program, states play the primary role in apportioning Medicaid benefits within the broad parameters set by federal law. States and the federal government have an interest in securing an interpretation of the Medicare statute and regulations. At best, the federal and state interests are equivalent. Moreover, the fact that

Congress has not preempted the states' use of
consumer protection statutes to police medical
billing practices indicates the absence of a
dominant federal interest.

Second, in *Grable,* the Court was willing to extend
federal jurisdiction because quiet title actions
under state law rarely raise issues of federal law.
By contrast, the present case is one of many that
have been filed by states across the country
concerning pharmaceutical companies' alleged fraud
in price-setting. Shifting all of the cases into
federal court would work a significant disruption
in the division of labor between federal and state
courts. Finally, the nature of the present case is
more analogous to *Merrell Dow* than *Grable.*
Plaintiff has asserted statutory and common law
tort claims that, like the negligence claims in
*Merrell Dow,* rest on alleged violations of federal
law. Because this case does not implicate an
overriding federal interest and because removal
would disturb the balance of judicial
responsibilities between state and federal courts,
removal of this action was improper.

*Wisconsin v Abbott Labs.,* 390 F.Supp.2d 815, 823-824 (W.D.

Wis. 2005). Similarly here, regulation of health care has

always been a function of the states. Lack of federal

jurisdiction is stronger in this case because unlike

*Wisconsin,* Plaintiffs' claims are grounded in state law and

rest on violations of state law, and *not* federal law.

Consequently, this Court should remand this case to maintain

the balance of judicial responsibilities between state and

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND
JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR.
JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al.,* Case No. 3:06-cv-00039-TMB
Page 24 of 36

federal court.

Even assuming that Plaintiffs' claim raises a disputed and substantial federal issue, which Plaintiffs' dispute, removal is nevertheless inappropriate under *Grable* because *Grable* requires that each case be examined to determine whether the exercise of federal jurisdiction preserves any congressionally approved balance of federal and state judicial responsibilities. *See Grable*, *supra*, 125 S.Ct. at 2368. Retention of this case by this Court would upset this balance. Accordingly, this Court should remand this case to state court where it belongs.

## II.   ANTHC is an Alaskan Non-Profit Corporation and Not an Arm of the Federal Government for Purposes of Federal Officer Removal.

Under the federal officer removal statute (28 U.S.C.A. § 1442(a)(1)), the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may remove an action from state to federal court. ANTHC alleges in its "Notice of Removal" that it has federal officer removal because this lawsuit "is in the nature of a

civil action brought against an officer of the United States or a person acting under the direction of a federal official or agency." *See* Notice of Removal.    However, ANTHC's bare allegation that it is "acting under" a federal officer or an officer of a federal agency is insufficient to support removal of the action.    *See Jones v. Three Rivers Elec. Co-op.*, 166 F.R.D. 413 (E.D. Mo. 1996)(holding that a corporation which manufactured a helicopter pursuant to a contract with the United States Army made a bare allegation that it was "acting under" an officer or agency of the United States which was insufficient to support the removal of a wrongful death action based on the crash of a helicopter produced by the manufacturer pursuant to a defense contract).

ANTHC also asserts that because health care is authorized by federal law, such as the Snyder Act, or the Indian Health Care Improvement Act, that ANTCH is really a federal agency or officer and really it should be "deemed to be [an] employee" of the federal government. *See* Notice of Removal, pgs. 3-4. The standard for determining whether a party is an employee of the federal government or an independent contractor was established in *U.S. v. Orleans,*

425 U.S. 807, 814, 96 S.Ct. 1971, 1975 (1976). In *Orleans*, the Supreme Court held that the determining factor was the level of control exercised by the federal government over the individual or agency. *Id*. In order to be considered a federal employee, the government had to have some level of control over the person and their day to day functions. *Id*. *Orleans* concerned a community center that was financed almost entirely by the Office of Economic Opportunity (OEO), a federal agency. *See id*. Despite this, and despite the fact that the organization had to comply with the "voluminous regulations of OEO," the court held that the Federal Tort Claims Act did not apply. *Id*. at 819, 96 S.Ct. at 1978.

Likewise here, ANTHC argues that this civil action is really an action brought against an officer of the United States or person acting under the direction of such federal officer because health care is authorized by federal law, such as the Snyder Act, or the Indian Health Care Improvement Act and ANTHC acted under the "color of federal authority" carrying out "federal responsibilities." *See* Opposition, p. 26.

This argument is not correct. ANTHC, a state non-profit, employs DHATs under the **_general authority_** any corporation has to employee any person. Its source of funding, albeit partially federal, partially state, and partially insurance companies, is immaterial. At no time has ANTHC been directed by any federal government agency or official on how to exactly treat patients, when to do it, where to do it, or any other federal **_direct control_** that is required under this defense.

Removal under the federal officer removal statute by a "person acting under" a federal officer must be predicated on a showing that acts forming the basis of the state suit were performed pursuant to a federal officer's direct orders or comprehensive and detailed regulations, and if the defendant can only establish that the relevant acts occurred under the general auspices of federal direction then the defendant was not entitled to federal officer removal. _See Good v. Armstrong World Industries, Inc._, 914 F. Supp. 1125 (E.D. Pa. 1996). More specifically, if the defendant can only establish that the relevant acts occurred under the general auspices of a federal officer, such as being a participant in

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
_The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium, et al._, Case No. 3:06-cv-00039-TMB
Page 28 of 36

a regulated industry, the defendant is not entitled to removal based on federal officer jurisdiction. *See Jamison v. Purdue Pharma Co.*, 251 F. Supp. 2d 1315 (S.D. Miss. 2003).

Here, even assuming that ANTHC actions fall within the purview of being a federal officer, which Plaintiffs dispute, ANTHC's actions fall under the general auspices of federal direction. Merely setting up a program to pull teeth does not transform an Alaskan non-profit corporation into a federal officer or agency, or entity acting under the specific direction of the United States. Rather, ANTHC is simply providing health care to residents of Alaska.

It is true that the U.S. can contract with private companies or other entities, to act on the federal government's behalf. But that is not enough to automatically turn a private party into a government agent. There would be thousands of new government agents; that is not the law. Those courts that have deemed private individuals to be "acting under" a federal officer have required that the federal officer have "direct and detailed control over the defendant." For example, in *Ryan v. Dow Chemical Co.*, 781 F Supp 934 (E.D.N.Y. 1992), Judge Weinstein held that the

manufacturers were not acting under direct and detailed control of a federal official, because the government simply purchased off-the-shelf herbicides that the company had previously developed without government intervention. The composition of the product, and the manner in which it was produced, was not determined by the government, which was simply buying the product.

Private individuals may be deemed to be "acting under" federal officers when federal officers have direct and detailed control over private individuals. *See Haller v. Kaiser Foundation Health Plan of the Northwest,* 184 F. Supp. 2d 1040 (D. Or. 2001). Here, there is no "direct and detailed control" by a federal officer over any of the DHATs—and the ANTHC does not present any evidence of that. There is no federal officer in the operatory with the DHATs, there is no federal officer telling the DHAT what to do and how to do it, there is no treatment plan created by the federal agency with which the DHATs must comply, and there is no federal officer telling the DHATs what supplies to order, who to treat and with what tools and instruments. The ANTHC had the burden to provide proof to support this removal basis, and it failed to

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium, et al.,* Case No. 3:06-cv-00039-TMB
Page 30 of 36

do so.  Put simply, there is no federal "direct and detailed control" of the DHATs.

Federal officer removal is intended for situations where a federal officer is sued or prosecuted in a state court for acts done under color of law or if a federal employee is sued for a wrongful or negligent act that the Attorney General certifies was done while he or she was acting within the scope of her federal employment; these actions may be removed. *See* 28 U.S.C. Sec. 1442.  That is not the case here.  The origination of this doctrine is more fully set forth in Plaintiffs' Motion for Remand and is incorporated here.  ANTHC has not met its burden of establishing that the present case is within the scope of § 1442(a)(1).

Even if this Court had jurisdiction, which Plaintiffs dispute, this Court should follow the First Circuit wherein it found that even if the federal court had jurisdiction over the issue of whether rates assessed by Puerto Rico State Insurance Fund violated Puerto Rico's workmen's compensation laws, it properly abstained from determining such issues since the rate-making process of the Fund was an area of intensely local interest and judicial review of the process had been

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium, et al.,* Case No. 3:06-cv-00039-TMB
Page 31 of 36

centralized in a single court, and since intervention by federal courts could disrupt the efforts of Puerto Rico to develop a coherent rate structure. *See Construction Aggregates Corp. v. Rivera de Vicenty*, 573 F.2d 86 (1st Cir. 1978). Likewise here, regulation of medical and health care are intensely local interests. Therefore, any intervention of this Court would disrupt the efforts of the State of Alaska from developing regulations of the State's dental profession.

## III. Abstention is Warranted.

Even assuming that this Court has jurisdiction, which Plaintiffs obviously dispute, abstention is warranted in order to avoid needless conflict with the administration by a state of its own affairs. *See Burford v Sun Oil Co.*, 1943, 63 S.Ct. 1098, 319 U.S. 315 (1943). The State's motion to intervene says as much. Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070 (1959). The Supreme Court has stated that when determining if abstention is proper, "[u]ltimately, what is at stake is a

federal court's decision, based on a careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing concern for the 'independence of state action,' *Burford*, 63 S.Ct. at 1107, 319 U.S. at 334, that the State's interests are paramount and that a dispute would best be adjudicated in a state forum." 116 S.Ct. at 1726, 517 U.S. at 726.   The Supreme reiterated "[r]eflected among the concerns which have traditionally counseled a federal court to stay its hand are the desirability of avoiding unseemly conflict between two sovereignties, the unnecessary impairment of state functions, and the premature determination of constitutional questions." *Martin v. Creasy*, 1959, 79 S.Ct. 1034, 1037, 360 U.S. 219, 224 (1959).   All of *Martin's* factors are present here.

As stated above, the Supreme Court has already recognized that medical and health fields should be regulated only by the states.   The Supreme Court very clearly stated that federal courts should abstain from this area when it stated that: **"*obviously, direct control of medical practice in the states is beyond the power of the federal government*."** *Linder v. United States*, 268 U.S. 5, 18 (1925).

REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND
JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR.
JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al.,* Case No. 3:06-cv-00039-TMB
Page 33 of 36

What is more, the State of Alaska has appropriate mechanisms for dealing with the violations of its dentistry laws. The Alaska Board of Dental Examiners was created by statute, AS 08.36.010.091. The Board functions as a specialized court in matters relating to the practice of dentistry within the State of Alaska. The Board is charged with the duty to conduct hearings concerning alleged violations of state licensing requirements. AS 08.36.076. The Alaska Administrative Procedure Act applies to all such matters. AS 08.36.091.

This very issue was addressed by a Wisconsin District Court where it held that since predominantly local factors were involved, and there was a state administrate board designed to handle such issues, *Burford*-type abstention was appropriate in a Medicaid provider's suit challenging the calculation of its new reimbursement rate and the process for appealing such calculations. *See St. Michael Hosp. of Franciscan Sisters, Milwaukee, Inc. v. Thompson*, 725 F.Supp. 1038 (D.C. Wisc. 1989).

The enforcement of state police powers over the practice of dentistry within Alaskan borders constitutes core state functions of domestic policy. The State has confirmed this in its Motion to Intervene. The claims in this case are based entirely on state law. The Defendant has presented defenses based on federal preemption and federal contractor—but such defenses cannot alter the complaint or give rise to federal jurisdiction where there is no federal cause of action. Since this suit is based entirely on equitable principles, involves a matter of primary interest to the State of Alaska, and involves a matter that goes to the heart of state sovereignty—the application of state police powers—it should be remanded. No federal jurisdiction exists.

## IV.    CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion to remand this matter, abstain from adjudicating this case, and return this case to the Alaska Superior Court where it was originally filed.

DATED at Anchorage, Alaska, this 16th day of May, 2006.


                              s/   Thomas V. Van Flein
                              CLAPP, PETERSON, VAN FLEIN


REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND
JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR.
JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health
Consortium, et al.,* Case No. 3:06-cv-00039-TMB
Page 35 of 36

TIEMESSEN & THORSNESS, LLC
Attorneys for Plaintiffs
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Tel:  (907)  272-9272
Fax:  (907)  272-9586
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Plaintiffs

## Certificate of Service

I hereby certify that on May 16, 2006 a copy of the foregoing document was served electronically on Douglas Serdahely, Richard D. Monkman, Myra M. Munson, and Aaron M. Schutt.


s/ Thomas V. Van Flein


REPLY TO OPPOSITION TO MOTION FOR REMAND AND/OR ABSTENTION AND JOINDER IN PLAINTIFFS' THE AMERICAN DENTAL ASSOCIATION'S AND DR. JONES' REPLY TO OPPOSITION TO MOTION FOR REMAND
*The Alaska Dental Society et al v. The Alaska Native Tribal Health Consortium, et al.,* Case No. 3:06-cv-00039-TMB
Page 36 of 36