SONOSKY, CHAMBERS, SACHSE
 MILLER & MUNSON LLP
Myra M. Munson
Richard D. Monkman
dick@sonoskyjuneau.com
318 Fourth Street
Juneau, Alaska 99801
Tel:  907-586-5880
Fax:  907-586-5883
Counsel for Defendant
Alaska Native Tribal Health Consortium


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 3:06-CV-0039 (JWS)<br>) Filed Electronically |
| v. | )<br>) |
| THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8, | )<br>)<br>) |
| Defendants. | )<br>) |

**ANTHC'S RESPONSE TO STATE'S MOTION TO INTERVENE**

The Alaska Native Tribal Health Consortium does not oppose the State of Alaska's *Motion to Intervene*, Dkt. 54.  The State asks to be heard on plaintiffs' standing to bring this action and on the defenses set out in the State's proposed *Answer*.

1. <u>Intervention as of Right</u>.  ANTHC concurs, for the reasons articulated in the State's motion, that the State of Alaska meets the four criteria for intervention as of right under Fed. R. Civ. P. 24(a)(2) (timeliness, significant protectible interest, potential impairment of

interest and inadequate protection). *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489 (9th Cir. 1995). Particularly, ANTHC notes that the State of Alaska has articulated interests in this matter that differ substantially from the other parties' interests, including ANTHC's. Dkt. 56, at 9 – 10.

    2.    <u>Permissive Intervention</u>. Alternatively, ANTHC concurs that permissive intervention under Fed. R. Civ. P. 24(b) is appropriate. Plaintiffs have asserted the right to enjoin a federal program operated and staffed under federal law by a Tribal health care organization, and seek to privately enforce Alaska's Dentistry Act against federally-certified health care providers. To that end, plaintiffs request extraordinary relief from this Court, including drastically undercutting the authority and discretion of the Commissioner and the Attorney General when administering the Alaska Dentistry Act.[1] This is directly contrary to well-established Alaska law. *Vick v. Bd. of Elec. Exam'rs*, 626 P.2d 90, 95 (Alaska 1981); *Botelho v. Griffin*, 25 P.3d 689, 692 (Alaska 2001); *Cooper v. District Court*, ___ P.3d ___, 2006 WL 976894 (Alaska App. Apr. 14. 2006).[2]

ANTHC concurs that the "state governmental officer" charged with administering the State's laws – in this case, the Attorney General – is entitled to be heard on these issues. Fed. R.

---

[1] Plaintiffs unequivocally assert "the complaint seeks relief that, if successful, would compel compliance with state law – and even force the State of Alaska to comply with its own law." Dkt. 70, at 13. Plaintiffs further assert that "the primary thrust of the complaint is to obtain a ruling that the state licensing law is being violated by the unlicensed practice of dentistry with a related order to stop that unlawful practice and violation of state law … [and] to compel the state itself to the extent [the state] is disregarding state law …" Id., at 11.

[2] Among the other relief sought, plaintiffs seek to supplant the State's authority and "protect Alaska Natives" by imposing a tort remedy for violations of the State's occupational licensing laws, here against ANTHC for participating in the Indian Health Service Community Health Aide Program's dental health initiative. *ADA's Opposition to ANTHC's Motion to Dismiss*, Dkt. 39, at 13 – 15 ("Without an implied tort remedy here, it is likely the violations will continue be unredressed."), citing, *Peter v. Schumacher Enterprises, Inc.*, 22 P.3d 481 (Alaska 2002). If plaintiffs' position is adopted, any disgruntled professional association or individual would have standing to seek injunctions and punitive damages against licensees or organizations that they allege have violated the State's licensing laws. This would create huge mischief. Every malpractice action brought against a licensed professional would, inevitably, seek to enjoin the person from practicing, or to revoke the person's license, if for no other purpose than to obtain leverage in negotiating a settlement.

ANTHC'S RESPONSE TO STATE'S MOTION TO INTERVENE    Page 2 of 5
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al*;
Case No. 3:06-CV-0039 (JWS)

Civ. P. 24(b); *Nuesse v. Camp*, 385 F.2d 694, 706 (D.C. Cir. 1967) ("It is a living tenet of our society and not mere rhetoric that a public office is a public trust. While a public official may not intrude in a purely private controversy, permissive intervention is available when sought because an aspect of the public interest with which he is officially concerned is involved in the litigation.").

3.  Amicus. If the Court decides that the State is not entitled to intervene as of right under Fed. R. Civ. P. 24(a), and should not be allowed to intervene under Fed. R. Civ. P. 24(b), the State's request to participate as amicus curiae should be granted for the reasons noted above relating to permissive intervention. As the State points out, the Court has broad discretion to appoint amici curiae. Dkt. 56, at 14, citing, *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982).

4.  Eleventh Amendment. Last, plaintiffs' *Reply in Support of Motion to Remand*, Dkt. 70, Section 2, at 10-16, raised an entirely new argument: that the Eleventh Amendment prevents this Court from compelling the State of Alaska to enforce the Dentistry Act. Dkt. 70, at 10-16. This argument appears to be a preemptive response to the motion at bar, as it has no conceivable relevance to the remand motion.[3] ANTHC expects plaintiffs will assert the Eleventh Amendment once again in their response to the State's intervention motion, and will argue that the State should not be allowed to intervene since a federal court cannot "compel" the State to act.

The State's voluntary intervention removes any Eleventh Amendment impediment to the Court's jurisdiction. *Compare*, Dkt. 70, Section 2 (plaintiffs argue that they seek "an order

---

[3]  Moreover, this argument was first raised in plaintiffs' reply memorandum, Dkt. 70. It was not raised in plaintiffs' opening memorandum, *Motion to Remand or for Abstention*, Dkt. 14, nor was it raised by ANTHC's *Opposition to Motion to Remand*, Dkt. 42. Thus, plaintiffs' *Reply* squarely violated Local Rule 7.1(b): "**Reply**. A reply memorandum by the party initiating a motion is optional, and, if filed, must be restricted to a rebuttal of the factual and legal arguments raised in the opposition."

compelling the State to act" and contend that the Eleventh Amendment prevents a federal court from entering an injunction against the State of Alaska), with, e.g., *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 618–622 (2002) (two centuries of federal jurisprudence hold that "[a] State remains free to waive its Eleventh Amendment immunity from suit in a federal court," and noting "that 'where a State *voluntarily* becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment.'"), quoting *Gunter v. Atlantic Coast Line R. Co.,* 200 U.S. 273, 284 (1906) (emphasis added by Court in *Lapides*), *Gardner v. New Jersey,* 329 U.S. 565 (1947), discussed in *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 681 n. 3 (1990) (*Gardner* "stands for the unremarkable proposition that a State waives its sovereign immunity by voluntarily invoking the jurisdiction of the federal courts"), and *Clark v. Barnard,* 108 U.S. 436, 447 (1883) ("The immunity from suit belonging to a state, which is respected and protected by the constitution within the limits of the judicial power of the United States, is a personal privilege which it may waive at pleasure; so that in a suit, otherwise well brought, in which a state had sufficient interest to entitle it to become a party defendant, its appearance in a court of the United States would be a voluntary submission to its jurisdiction."). The Eleventh Amendment does not bar the State's intervention in this matter.

     5.    Conclusion.    For the foregoing reasons, ANTHC does not oppose the State of Alaska's *Motion to Intervene*, Dkt, 54.

//

//

//

ANTHC'S RESPONSE TO STATE'S MOTION TO INTERVENE    Page 4 of 5
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al*;
Case No. 3:06-CV-0039 (JWS)

DATED May 30th, 2006, at Juneau, Alaska.

        SONOSKY, CHAMBERS, SACHSE,
         MILLER & MUNSON, LLP

        /S/ Richard D. Monkman
        _____
         Myra M. Munson
         Alaska Bar No. 8011103
         Richard D. Monkman
         dick@sonoskyjuneau.com
         Alaska Bar No. 8011101
         Aaron M. Schutt
         Alaska Bar No. 0011084

        SONOSKY, CHAMBERS, SACHSE,
         MILLER & MUNSON LLP
        318 Fourth Street
        Juneau, Alaska 99801
        Tel: 907-586-5880
        Fax: 907-586-5883
        Counsel for Defendant
        Alaska Native Tribal Health Consortium

Certificate of Service

I hereby certify that on May 30, 2006, a copy of the foregoing ANTHC'S RESPONSE TO STATE'S MOTION TO INTERVENE was served electronically addressed to:

Thomas V. Van Flein, Esq.
tvf@cplawak.com

Douglas J. Serdahely, Esq.
dserdahely@pattonboggs.com

Sr. Assistant Attorney General Paul R. Lyle
paul_lyle@law.state.ak.us

Sr. Assistant Attorney General Michael G. Hotchkin
mike_hotchkin@law.state.ak.us

/s/ Richard D. Monkman
_____
Richard D. Monkman

ANTHC'S RESPONSE TO STATE'S MOTION TO INTERVENE    Page 5 of 5
*The Alaska Dental Society, et al. v. The Alaska Native Tribal Health Consortium, et al*;
Case No. 3:06-CV-0039 (JWS)