Douglas J. Serdahely (Alaska Bar No. 7210072)
PATTON BOGGS LLP
601 West 5th Avenue, Suite 700
Anchorage, AK  99501
(907) 263-6310; (907) 263-6345 (fax)
dserdahely@pattonboggs.com

*Attorneys for Plaintiffs The American Dental
Association and Dr. T. Howard Jones*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8, <br><br> Defendants. | Case No. 3:06-cv-00039 (JWS) <br><br> **PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND DR. T. HOWARD JONES' RESPONSE TO THE STATE OF ALASKA'S MOTION TO <u>INTERVENE AS A DEFENDANT</u>** |

The State of Alaska ("State") has moved to intervene ("Motion") in the present action as a defendant, either as of right, under Fed. R. Civ. P. 24(a)(2), or permissively under Fed. R. Civ. P. 24(b)(2). [Docket No. 54]  The State's Motion, however, is premature, since the Court has yet to determine whether the Court has jurisdiction over this action, which Plaintiffs dispute, and if so, whether it should abstain from exercising such jurisdiction.  Accordingly, the Court should defer considering and adjudicating the State's Motion until after it has first decided the Plaintiffs' Motion for Remand And/Or Abstention ("Motion for Remand"), dated 3/20/06 [Docket No. 14], and the threshold jurisdictional issues raised therein.

49083v5

## DISCUSSION

More specifically, the Court should defer consideration of the State's Motion at this time. The Plaintiffs have filed a Motion for Remand which has been fully briefed and is currently ripe for adjudication by the Court. [Docket No. 14]. If Plaintiffs' Motion for Remand is granted, as it should be, then the Court will not need to consider and decide whether the State should be allowed to intervene in this action or the questions of state law and of putative State interest raised by the State's Motion.

Indeed, the State's Motion merely underscores the predominant nature of state law issues presented by this action. It demonstrates that whatever court decides this case, that court will be forced to decide the scope and effect of state licensing laws, whether there is a private right of enforcement under those state laws, and whether the State's putative discretionary enforcement authority under state law extends so far as to allow the State to block private parties' efforts to enforce such state laws when the State chooses not to exercise such authority. Moreover, if the State were allowed to intervene in this action, such intervention would raise important questions as to the responsibilities of different branches of state government in the affairs of the state. All of these issues are issues better decided in state court rather than federal court.

Moreover, if Plaintiffs' Motion for Remand is granted, the State will be free to renew its Motion in state court following remand of this action to state court. Because the courts of the State of Alaska are as competent as federal courts are to decide the state law issues which the State purports to raise, there can be no prejudice to the State if this Court defers considering the State's Motion until after it has first decided the Remand Motion.

49083v5

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. T. HOWARD JONES' RESPONSE TO THE STATE OF
ALASKA'S MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 3:06-cv-00039 (JWS)
PAGE 2

Finally, the sound policy reasons, arguments and authorities discussed in the Plaintiffs' Motion for Stay, [Docket Nos. 20, 30-1, 31 and 32], although originally addressed to Defendants' Motion to Dismiss, apply with equal force here. For all of the reasons set forth therein, the Court should defer consideration of the State's Motion until the Plaintiffs' Motion for Remand is first decided.

## CONCLUSION

The State has sought to intervene, either as of right or with the Court's permission, in a case raising substantial questions of state law and no federal questions. This Court need not, and should not, consider and decide whether the State has the requisite interest in this case to entitle it to intervene herein as a party. Instead, adjudication of the State's Motion should await the Court's decision regarding remand and the threshold jurisdictional issues presented by Plaintiffs' Motion for Remand.

DATED at Anchorage, Alaska this 1st day of June, 2006.

                                                                                s/Douglas J. Serdahely
                                                        Douglas J. Serdahely
                                                        PATTON BOGGS LLP
                                                        601 West Fifth Avenue, Suite 700
                                                        Anchorage, Alaska 99501
                                                        Phone: (907) 263-6310
                                                        Fax: (907) 263-6345
                                                        Email: dserdahely@pattonboggs.com
                                                        Alaska Bar No. 7210072

49083v5

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. T. HOWARD JONES' RESPONSE TO THE STATE OF
ALASKA'S MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 3:06-cv-00039 (JWS)
PAGE 3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2006, a copy of the Plaintiffs The American Dental Association's And Dr. T. Howard Jones' Response To The State Of Alaska's Motion To Intervene As A Defendant was served electronically on:

| | |
|---|---|
| **Thomas V. Van Flein** | **Aaron M. Schutt** |
| Usdc-anch-ntc@cplawak.com | aaron@sonosky.net |
| | |
| **Myra M. Munson** | **Richard D. Monkman** |
| myra@sonoskyjuneau.com | dick@sonoskyjuneau.com |
| | |
| **Michael G. Hotchkin** | **Paul R. Lyle** |
| mike_hotchkin@law.state.ak.us | paul_lyle@law.state.ak.us |

By: _____s/Nina E. Bingham_____
       Nina E. Bingham, Legal Secretary
       PATTON BOGGS LLP

49083v5

PLAINTIFFS THE AMERICAN DENTAL ASSOCIATION'S AND
DR. T. HOWARD JONES' RESPONSE TO THE STATE OF
ALASKA'S MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 3:06-cv-00039 (JWS)
PAGE 4