Douglas J. Serdahely (Alaska Bar No. 7210072)
PATTON BOGGS LLP
601 West 5th Avenue, Suite 700
Anchorage, AK  99501
(907) 263-6310; (907) 263-6345 (fax)
dserdahely@pattonboggs.com

*Attorneys for Plaintiffs The American Dental*
*Association and Dr. T. Howard Jones*

Thomas V. Van Flein (9011119)
CLAPP PETERSON VAN FLEIN
TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, AK 99501
(907) 272-9272; (907) 272-9586 (fax)
usdc-anch-ntc@cplawak.com

*Attorneys for Plaintiffs The Alaska Dental*
*Society, Dr. Michael Boothe, Dr. Pete Higgins*
*and Dr. George Shaffer*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8, <br><br> Defendants. | Case No. 3:06-cv-00039 (JWS) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' RULE 56(f) CONDITIONAL MOTION FOR CONTINUANCE OF** <u>**MOTION TO DISMISS**</u> |

49248v2

## INTRODUCTION

Plaintiffs in the above-mentioned action have moved the Court pursuant to Rule 56(f) for a continuance of its decision on Defendants' motion styled "Motion to Dismiss" ("Motion") [Docket  No.12], to enable Plaintiffs to conduct discovery regarding the evidence and fact issues raised by Defendants in connection with such Motion.[1]  As is apparent from the numerous affidavits Defendants have filed in support of that Motion, Defendants have converted it into a motion for summary judgment.  [See Docket Nos. 55-1 at 5 n. 2, 55-2, 55-3, 55-4].  No discovery has yet been taken and insufficient evidence exists on which to consider any motion for summary judgment.  The Court should not consider Defendants' Motion to Dismiss given the early stage of this litigation.  In the event that the Court does not grant Plaintiffs' Motion for Remand, or does not deny Defendants' Motion based on the law, consideration of such Motion should be continued.  If and only if the Court denies Plaintiffs' Motion for Remand, [Docket No. 14], then discovery should be allowed so that the Court has the benefit of a complete evidentiary record before deciding Defendants' Motion.  Plaintiffs' Rule 56(f) Motion for Continuance should be granted.

## PROCEDURAL HISTORY

The Complaint in this case was filed on January 31, 2006.  [See Docket Nos. 1-2].  Defendants filed their Answer on February 22, 2006.  [Docket No. 6].  On February 22, 2006, Defendants removed the case to this Court and on March 15 filed a "Motion to Dismiss

---

[1]  Plaintiffs' Motion for Continuance is made on the condition that the Court does not first decide Plaintiffs' Motion for Remand [Docket No. 14] or Plaintiffs' Motion to Stay [Docket No. 20] before deciding Defendants' Motion to Dismiss.  Should, as Plaintiffs have urged, the Court adjudicate and grant Plaintiffs' Motion for Remand, it will not need to reach Plaintiffs' Motion for Continuance.

(Standing)".  [Docket Nos. 1 and 12].  Defendants pled the Motion under Rule 12(b)(1), alleging

that it dealt with the subject matter jurisdiction of this Court, and Rule 12(b)(6) alleging that it

revealed a defect in the original Complaint and a failure to state a claim.  [Docket No. 12].  The

memorandum in support of the Motion alleged that Plaintiffs lacked standing to raise the claims

of the Complaint in Federal Court.  [See Docket No. 12-2].  Defendants have pled in documents,

including their original Notice of Removal and Opposition to Motion for Remand, that the

federal court has subject matter jurisdiction and should entertain the present action.  [Docket

Nos. 1 and 42].

## DISCUSSION

        To the degree that Defendants' Motion is cognizable as a timely and well-pled motion for

a decision based on the law and not on facts, it must be considered to have been brought under

Rule 12(c).  See Fed. R. Civ. P. 12(c).  Whether brought under Rule 12(b)(6) or Rule 12(c),

however, a motion for judgment on the law is converted into a motion for summary judgment if

evidence outside of the pleadings is considered.  See Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 12(c).

When this occurs, the Motion is considered under the standard of Rule 56.  See id.

        It is undisputed that Defendants have converted their Rule 12(b) legal motion into a Rule

56 Motion for Summary Judgment.  See Reply In Support of Motion to Dismiss (Standing),

Docket No. 55 at 5 n.2.[2]  Rather than moving to strike affidavits submitted in support of

---

[2]  The footnote reads in part:

> Since plaintiffs have presented "matters outside the pleadings,"
> ANTHC incorporates all exhibits filed in support of its *Opposition
> to Motion for Remand*, Dkt. 42, by reference in support of the
> motion at bar, and for the ease of court and counsel re-filed the
> three affidavits specifically referenced in this memorandum.

Plaintiffs' Opposition, Defendants instead chose to incorporate additional evidence of their own, including numerous affidavits filed, for the first time with their Reply brief, in support of the Motion and another motion.[3]  See id.  Thus, although styled a "Motion to Dismiss" and ostensibly pled under Rule 12(b), Defendants' Motion is in fact and reality a motion for summary judgment under Rule 56.

Motions for summary judgment are to be considered with "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," relevant to a showing of the existence of material facts.  Fed. R. Civ. P. 56(c).  Should it appear that further discovery is necessary in order for the party opposing summary judgment to present evidence, then leave to conduct further discovery should be liberally granted.  Where a summary judgment motion is filed early in the litigation, before a party has had any realistic opportunity to conduct discovery relating to its theory of the case, courts should freely grant any Rule 56(f) motion.  Burlington Sante Fe v. Assiniboine Sioux Tribe, 323 F.3d 767, 774-75 (9th Cir.2003).  See also Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the

_____

Defendants' Reply at 5 n.2.

[3]  Defendants incorporated the Affidavit of Paul Sherry, [Docket No. 42-5], which stated that Sherry is the CEO of ANTHC, Id. ¶ 1, and contradicted the Complaint's allegation that ANTHC hired Dental Health Aids and Dental Health Aid Therapists.  [Compare id. ¶ 8 with Docket Nos. 1-2 ¶¶ 6, 9, 16, 20-21].  Defendants incorporated the Affidavit of Dorothy Hight, [Docket No. 42-6], and the Affidavit of Victorie Heart, [Docket No. 42-9].  Defendants incorporated, referred to, and re-filed the Affidavits of Dr. Mark Kelso, [Docket Nos. 42-7 and 55-2], Dr. Ron Nagel, [Docket Nos. 42-8 and 55-3], and Dr. Allgair, [Docket Nos. 42-10 and 55-4].

opportunity to discover information that is essential to its opposition.'") (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)); see also Berkeley v. Home Ins. Co., 68 F.3d 1409, 1414 (D.C. Cir. 1995) (describing "the usual generous approach toward granting Rule 56(f) motions"); Wichita Falls Office Assoc. v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992) (Rule 56(f)-based "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence" (internal quotation marks and citation omitted)); Sames v. Gable, 732 F.2d 49, 52 (3rd Cir. 1984) (same).  Courts should apply Rule 56(f) with a spirit of liberality.  Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d sec. 2740 (1998).

Here, there are no depositions, answers to interrogatories, or admissions because discovery has not yet commenced.  The affidavits thus far provided by Defendants have been based on personal knowledge, but not knowledge of all of the important and relevant facts in Defendants' possession.  The identities of some of the Defendants have not yet been revealed, and cannot be until some discovery is conducted.  The names of dental patients and the issues for which they have been or are being treated have not been disclosed.  Significantly, since no discovery has yet commenced in this case, Plaintiffs have not conducted any discovery or depositions of Defendants' evidence offered by the various affiants and thus, such self-serving affidavits and evidence remain wholly untested and undeveloped.

In particular, the affidavits submitted by Defendants allege facts that directly contradict facts alleged in Plaintiffs' Complaint and the affidavits submitted by Plaintiffs.  [Compare Affidavit of Paul Sherry, Docket No. 42-5 ¶ 8 (asserting that ANTHC does not and has not hired DHAs and DHATs) with  Complaint, Docket Nos. 1-2 ¶¶ 6, 9, 16, 20-21 (alleging that ANTHC

employs DHAs and DHATs); See also Affidavit of Victorie Heart, Docket No. 42-9 ¶ 3

(asserting that only the federal government and organizations like ANTHC may employ DHAs

and DHATs within the program)]. [Compare Affidavit of Dr. Ron Nagel, Docket Nos. 42-8 and

55-3 ¶¶ 1, 8-9 (stating that ANTHC "provides support" to the CHAP Certification Board, and

that the Board, not ANTHC, adopted the standards and certification criteria in use today);

Affidavit of Dorothy Hight, Docket No. 42-6 ¶¶ 2-5, 8 (same); Affidavit of Paul Sherry, Docket

No. 42-5 ¶¶ 5-8; Affidavit of Victorie Heart, Docket No. 42-9 with Complaint, Docket No. 1-2

¶¶ 5, 6, 8-10, 13, 20-22. (alleging that ANTHC "developed and implemented the Dental Health

Aide Program," "administers the Community Health Aide Program Certification Board," permits

and directs DHATs, "assisted in and conducted the unlicensed practice of dentistry by exercising

control over the DHATs relating to the use of auxiliary personnel for the delivery of patient

care," "not only employs, supervises and directs the DHATs, but determines which persons are

to be trained as DHATs and supervises the DHATs once they are 'certified' to perform dental

procedures," "controls patient scheduling, patient facilities, dental and medical supplies,

equipment, and administrative support for the dental services being provided.")]. [Compare

Affidavit of Dr. Allgair, Docket Nos. 42-10 and 55-4 ¶¶ 9 (asserting that DHATs are supervised

by dentists) with Complaint, Docket No. 1-2 ¶ 46 ("Once working in the field, none of the

DHATs … will have any direct supervision by licensed dentists.")]. These facts reach the

important substantive issues of the case. The affidavits allege facts about the history and

functioning of the program and Defendants' role within that program. [See, e.g., Affidavit of

Dorothy Hight, Docket No. 42-6]. These untested facts go to the preemption defense raised by

the Defendants.

Finally, the affidavits allege facts about the pervasiveness of the program, the amount and kind of unlicensed dental work being performed by the DHAs and DHATs, and the impact that this has on individual dentists with rural Alaskan practices or plans to build rural Alaskan practices.  [See, e.g., Declaration of Dr. Mark Kelso, Docket Nos. 42-7 and 55-2 ¶¶ 13-15, 15 (describing the unlicensed medical procedures performed and opining on the qualifications of DHAs and DHATs to perform them); Affidavit of Dr. Ron Nagel, Docket Nos. 42-8 and 55-3 (asserting that there is a need for regular dentistry in rural Alaska); Affidavit of Dr. Allgair, Docket Nos. 42-10 and 55-4 ¶¶ 6, 9 (stating that the scope of the procedures performed by DHAs and DHATs is limited, but may exceed the scope of procedures performed by trained dental students)].  These facts are offered in support of Defendants' Motion to Dismiss (Standing) because they go directly to the question of the degree to which the Plaintiffs have been injured.

Plaintiffs deserve an opportunity to discover facts relating to each of these issues, in order to determine the nature and extent of the dispute in this case and to develop a complete record on which the Court can adjudicate Defendants' Motion.  Plaintiffs must have the opportunity to discover the identities of all of the Doe Defendants, who are unlicensed individuals practicing dentistry in the state.  This will require, at least, discovery as to all of the training and certification records of individuals involved with the program here at issue.  Plaintiffs must also have employment records for each of the Doe defendants.  Further, Plaintiffs must be allowed to discover what dental services the DHAs and DHATs actually perform and have performed.  Moreover, Plaintiffs will need to identify the patients on whom the illegal procedures have been performed.  To the degree the Defendants are requesting summary judgment by arguing that no compensable injury has been done to Plaintiffs, Plaintiffs are entitled to discover whether

patients who would have otherwise utilized their services have, instead, obtained services from unlicensed DHAs or DHATs.

Plaintiffs must also be given the opportunity to discover facts about the origin of the program here at issue, and about its alleged basis in federal law. The federal law that, it is asserted, allegedly preempts enforcement of certain state laws permits only very particular activity. Plaintiffs must be allowed to explore through discovery whether and the degree to which the conduct of the Defendants goes beyond what is permitted by federal law.

Finally, Plaintiffs deserve the opportunity to challenge every fact asserted in Defendants' numerous affidavits. Thus, Plaintiffs should have the opportunity to depose every affiant, and to discover evidence going to their credibility.

In light of this, Defendants have not demonstrated that there are no issues of material fact in this case. Indeed, Defendants have intentionally raised issues of fact through their various affidavits and evidentiary submissions offered in support of their Motion and have thereby converted their Motion to Dismiss into a Rule 56 Motion for Summary Judgment. Plaintiffs are entitled to thoroughly explore and develop such evidentiary issues through discovery and to submit supplemental briefing following such discovery. Unless the Court grants Plaintiffs' Motion for Remand, or denies Defendants' Motion as a matter of law, it should allow Plaintiffs an opportunity to develop all relevant factual issues through discovery so that such questions may be resolved on a complete record.

## CONCLUSION

For all of these reasons, Plaintiffs' Rule 56(f) Conditional Motion for Continuance of Motion to Dismiss should be granted.

DATED at Anchorage, Alaska this 8th day of June, 2006.

s/Douglas J. Serdahely

Douglas J. Serdahely

PATTON BOGGS LLP

601 West Fifth Avenue, Suite 700

Anchorage, Alaska  99501

Phone: (907) 263-6310

Fax:  (907) 263-6345

Email:  dserdahely@pattonboggs.com

Alaska Bar No. 7210072


s/ Thomas V. Van Flein

Thomas V. Van Flein

CLAPP PETERSON VAN FLEIN

TIEMESSEN & THORSNESS, LLC

711 H Street, Suite 620

Anchorage, AK 99501

Phone: (907) 272-9272

Fax: (907) 272-9586

Email:  usdc-anch-ntc@cplawak.com

Alaska Bar No. 9011119

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2006, a copy of MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' RULE 56(f) CONDITIONAL MOTION FOR CONTINUANCE OF MOTION TO DISMISS was served electronically on:

| | |
|---|---|
| **Thomas V. Van Flein** | **Aaron M. Schutt** |
| Usdc-anch-ntc@cplawak.com | aaron@sonosky.net |
| | |
| **Myra M. Munson** | **Richard D. Monkman** |
| myra@sonoskyjuneau.com | dick@sonoskyjuneau.com |
| | |
| **Michael G. Hotchkin** | **Paul R. Lyle** |
| mike_hotchkin@law.state.ak.us | Paul_lyle@law.state.ak.us |

By:_____s/Maribel Webber_____

       Maribel Webber, Legal Secretary

       PATTON BOGGS LLP