DAVID W. MÁRQUEZ
ATTORNEY GENERAL
Paul R. Lyle
Michael G. Hotchkin
Sr. Assistant Attorneys General
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5234
Fax: (907) 279-2834
Paul_Lyle@law.state.ak.us
Mike_Hotchkin@law.state.ak.us

Attorney for the State of Alaska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, THE AMERICAN DENTAL ASSOCIATION, DR. T. HOWARD JONES, DR. MICHALE BOOTHE, DR. PETE HIGGINS and DR. GEORGE SHAFFER, Plaintiffs<br><br>v.<br><br>THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM and DOES 1 through 8, Defendants<br><br>STATE OF ALASKA, Applicant for Intervention | ***State's Reply to ADS's Conditional Opposition to Motion to Intervene and to ADA's Response to State's Motion to Intervene***<br><br>Case No. 3:06-CV-0039 (JWS) |

The State moved to intervene in this case to defend its 2005 informal attorney general's opinion against claims that may undermine the state's plenary discretionary authority to enforce state occupational licensing laws.

The immediate reason for the state's intervention is to oppose the plaintiffs' claim that they have standing in this case, *inter alia*, because they possess a

1  private right of action to enforce Alaska's dentist licensing laws. *See State's Motion to Deny Plaintiffs' Standing Based on an Implied State Law Private Right of Action to Enforce the Alaska Dentistry Act (AS 08.36)*, Dkt 58. If the Court holds that the plaintiffs have a private right of action to enforce Alaska's dentist licensing laws, the state's plenary discretion to enforce its occupational licensing laws may be adversely affected.

The defendant Alaska Native Tribal Health Consortium does not oppose the state's motion to intervene. *ANTHC's Response to Motion to Intervene*, Dkt. 81.

The American Dental Association plaintiffs ("ADA") have declined to address the merits of the state's motion to intervene, responding only that the Court should defer its consideration of the state's motion until after deciding the plaintiffs' motion to remand. *Plaintiffs the American Dental Association's and Dr. T. Howard Jones' Response to the State of Alaska's Motion to Intervene as a Defendant*, Dkt. 82.

The Alaska Dental Society plaintiffs ("ADS") conditionally oppose the state's motion to intervene. *Conditional Opposition to Motion to Intervene*, Dkt. 83. The plaintiffs do not oppose the state's intervention on the basis that (1) the motion to intervene was filed too late,[1] (2) the state's interests are insignificant,[2] (3) the state's interests will not be impaired or impeded by this action, or (4) the existing parties

---

[1]   Indeed, the plaintiffs allege the state filed too early. *ADA Response*, Dkt. 82 at 1; *ADS Conditional Opposition*, Dkt. 83 at 2.

[2]   "The ADS does not contest that the State has an interest in upholding the laws of the State." Dkt 83 at 5.

State's Reply to ADS's Conditional Opposition                                                                 Page 2 of 13
*Alaska Dental Society, American Dental Association & Dr. Jones, Dr. Boothe Dr. Higgins & Dr. Shaffer v. The Alaska Native Health Consortium & Does 1 thru 8,* 3:06-CV-0039 (JWS)

adequately represent the state's interests. Thus, the plaintiffs apparently concede that the state has established its right to intervene in this case under F.R.C.P. 24(a).[3]

However, ADS seeks to impose two conditions upon the state's intervention. First, ADS would require that the state be allowed to intervene only if the Court orders "the State to file an unconditional waiver of all Eleventh Amendment immunity in this suit . . . ." *ADS Opposition*, Dkt. 83 at 5.

Second, ADS would require the state to participate *as a plaintiff* without regard to the state's 2005 informal opinion. 2005 *Inf. Op. Att'y* Gen. (Sep. 5; 663-05-01520; 2005 WL2300398 (Alaska A.G. 2005). The state's informal opinion concludes that the State Dentistry Act may not be enforced against federally-certified dental health aides operating within the scope of the federal Community Health Aide Program. *ADS Opposition*, Dkt. 83 at 5-13.

ADS's first requested condition is inconsistent with Eleventh Amendment jurisprudence. Its second requested condition is absurd, and is emblematic of the plaintiffs' quest to usurp the Attorney General's plenary constitutional authority to enforce state law.

**a. Eleventh Amendment Immunity**

ADS seeks an order requiring the state to fully waive all immunity from suit it may have as a condition to obtaining intervener status. Dkt. 83 at 2-5. Eleventh Amendment jurisprudence does not require an intervening state to fully waive all state

---

[3] In addition, the ADA alleges that a state statute is central to the plaintiffs' causes of action (*ADA Response*, Dkt. 82 at 2), thus underscoring the state's alternative argument that it should be permitted to permissively intervene. See F.R.C.P. 24(b).

State's Reply to ADS's Conditional Opposition                                                   Page 3 of 13
*Alaska Dental Society, American Dental Association & Dr. Jones, Dr. Boothe*
*Dr. Higgins & Dr. Shaffer v. The Alaska Native Health Consortium*
*& Does 1 thru 8,* 3:06-CV-0039 (JWS)

immunity as a condition to intervening for the limited purpose of defending the state's identified interests.

Assuming, *arguendo*, that the state's intervention to defend its 2005 informal opinion constitutes a "claim" against the plaintiffs, the state's intervention constitutes only a limited waiver of its immunity for the issues it actually seeks to litigate and for any compulsory counterclaims raised in defense of these issues. The issue which instigated the state's intervention was the plaintiffs' claim that they have standing to pursue this litigation because Alaska law recognizes a private right of action to enforce state licensing laws. The state's intervention on that issue (and on other issues raised in its answer) does not constitute or require a general waiver of the state's sovereign immunity. Rather, the state's immunity is waived only to the extent necessary for this court to rule on the issues actually raised and litigated by the state.

"A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984). In *In re Dep't of Energy Stripper Well Exemption Litigation v. New Mexico*, 956 F.2d 282 (Temp. Emer. Ct. App. 1992), the court held that a state does not broadly waive its Eleventh Amendment immunity simply by intervening in a federal action.

> Federal courts have provided a tough standard for finding an implied waiver of Eleventh Amendment immunity . . .
> . Federal courts have jurisdiction over a counterclaim brought against a state only if the counterclaim arises from the same event underlying the state's cause of

> action, and only if the claimant asserts his or her claim defensively by way of recoupment to defeat or diminish the state's recovery.

*Id.* at 285 (citing *Woelffer v. Happy States of America, Inc.*, 626 F.Supp. 499, 502 (N.D.Ill. 1985)).

In *Woeffler*, a state initiated a declaratory judgment action against a corporation in federal court requesting a declaration that the state's use of an advertising slogan did not violate the defendant's federal or state law rights. The corporation asserted a counterclaim seeking a declaration that the state's use of the slogan violated copyright law and an injunction to restrain the state from continuing to use the slogan. The court held that the state had waived its Eleventh Amendment immunity as to the declaratory aspect of the counterclaim, but not as to the prospective injunctive relief requested, explaining:

> [F]ederal courts have consistently held that a state plaintiff does not waive its sovereign immunity with respect to all plausible counterclaims. To be cognizable, a counterclaim must 1) arise from the same event underlying the state's action and 2) be asserted defensively by way of recoupment, for the purpose of defeating or diminishing the state's recovery, but not for the purpose of obtaining an affirmative judgment against the State.

*Id*. at 502. The court held that by initiating a declaratory judgment action the state had waived its immunity on the issue for which it sought declaratory relief, but its waiver did not render it liable for the injunctive relief sought in the counterclaim. The court held that the prospective injunctive relief sought was "not sufficiently equivalent to a recoupment or set-off to fall within the narrow exception to sovereign immunity recognized by the courts." *Id.* at 503.

This rule -- that a state initiating an action in federal court waives its Eleventh amendment immunity only to the extent necessary to adjudicate its claim and compulsory counterclaims raised defensively in the nature of recoupment or set-off, but not for the purpose of affirmative relief against the state -- has been consistently recognized and applied by federal courts, including courts within the Ninth Circuit. *See, e.g., Pegasus Gold Corp. v. Goldin*, 394 F.3d 1189, 1195-96 (9th Cir. 2005) (recognizing rule and rejecting assertion that the rule has been expanded beyond compulsory counterclaims); *Competitive Technologies v. Fujitsu, Ltd.*, 286 F.Supp.2d 1118, 1129 (N.D.Cal. 2003) (state's initiation of action in federal court waives immunity as to state's claim and to "compulsory counterclaims"); *Calif. Independent System Operator Corp v. Reliant Energy Services, Inc.*, 181 F.Supp.2d 1111, 1124 (E.D.Cal. 2001) (Eleventh Amendment bars a third-party complaint filed against a plaintiff-state because a state's immunity in federal court is "strictly limited to compulsory recoupment counterclaims") (citations omitted); *U.S. v. Iron Mountain Mines, Inc.*, 952 F.Supp. 673, 676 (E.D.Cal. 1996) ("prevailing case law . . . at most finds that by bringing an action a state makes a limited waiver of the Eleventh Amendment for a recoupment claim up to the amount of its recovery but not beyond");

*U.S. v. Montrose Chemical Corp. of Calif.*, 788 F.Supp 1485, 1494 (C.D.Cal. 1992) ("The State has waived its Eleventh Amendment Immunity solely with respect to 'defensive' type claims for recoupment or set-off; thus, the Defendants may not obtain affirmative relief.") (citations omitted); *Oregon v. City of Rajneeshpuram*, 598 F.Supp. 1217, 1219 (D.Or. 1984) (same); *Regents of the Univ. of Calif. v. Eli Lilly & Co.*, 777 F.Supp.779, 785-86 (N.D.Cal. 1991) (applying *Woelffer* Eleventh Amendment waiver rule and holding that because a patent interference counterclaim could result in a declaration invalidating the state's patent, the counterclaim was barred under the Eleventh Amendment even though the state initiated a patent infringement claim in federal court); *State of Alaska v. O/S Lynn Kendall*, 310 F.Supp. 433, 435 (D.Alaska 1970) ("Although a counterclaim may be asserted against a sovereign by way of setoff or recoupment to defeat or diminish the sovereign's recovery, no affirmative relief may be given against the sovereign in the absence of consent."); *see also Cabazon Band of Mission Indians v. National Indian Gaming Commission*, 827 F.Supp. 26, 34 (D.D.C. 1993) (applying *Woelffer* and holding that a state that intervenes for a limited purpose is not subject to a positive declaration on issues related to, but beyond, the issues raised by the state); *Georgia Dep't of Human Res. v. Bell*, 528 F.Supp. 17, 26 (N.D.Ga. 1981).

In this case, the state's immediate reason for intervening is to be heard on a single legal issue -- whether Alaska law recognizes a private right of action to enforce state licensing statutes. While the state's motion regarding a private state law cause of action waives its immunity with regard to that issue and to arguments raised defensively in opposition to it, the state's intervention does not effect a blanket waiver of the state's Eleventh Amendment immunity.

ADS (in another pleading) alleges that its suit seeks to "compel the state" to act and seeks "an order forcing the state to enforce state law." *Reply to Opposition to Motion to Remand*, Dkt 70 at 11, 12. The state's intervention to defend its 2005 informal opinion and to oppose a single argument made by the plaintiffs in support of their claim that they have standing does not waive the state's Eleventh Amendment immunity for an injunction ordering the state to enforce state law or otherwise compelling it to take action against federally-certified dental health aides.

In *Montrose Chemical*, 788 F.Supp. 1485, the State of California filed a CERCLA action in federal court seeking natural resource damages and response costs. The court dismissed, as beyond the scope of the state's Eleventh Amendment waiver, counterclaims seeking "an injunction ordering the State to abate . . . alleged hazardous conditions" and seeking "injunctive relief ordering the State to fulfill its 'state law responsibilities.'" *Id.* at 1494-95. Citing *Woelffer*, the court held that the counterclaims sought "impermissible affirmative relief beyond monetary damages" and thus were not within the scope of the plaintiff-state's Eleventh Amendment immunity waiver. *Id*. The state's intervention in this case to defend its 2005 informal opinion and to oppose a legal argument made by the plaintiffs in support of one of several standing claims does not open the state up to the positive declaratory and injunctive relief that the plaintiffs have not pled but now claim to be seeking.[4]

The cases relied upon by ADS in its conditional opposition do not controvert the authority cited above. Neither *Wheeler v. American Home Products*

---

[4] The plaintiffs did not sue the State of Alaska and have not sought to amend their complaint to allege a cause of action against the state or to request any relief against the state. The state took no part in removing this suit to federal court.

*Corp.*, 582 F.2d 891 (5th Cir. 1977) nor *District of Columbia*[5] *v. Merit Systems Protection Board,* 762 F.2d 129 (D.C. Cir. 1985) concerned state entities and neither case addressed the Eleventh Amendment.

ADS's assertion that the state necessarily waives its Eleventh Amendment immunity for an award of attorneys fees when it intervenes in a case is also incorrect. The cases relied upon by ADS were decided under the Voting Rights Act and federal fee-shifting statutes not applicable here. *King v. Illinois State Bd. of Elections*, 410 F.3d 404 (7th Cir. 2005); *Commissioners Court of Medina County v. U.S.*, 683 F.2d 435 (D.C. Cir. 1982). The Eleventh Amendment is not implicated in Voting Rights Act cases because that statute was enacted pursuant to the Fifteenth Amendment, under which Congress has authority to abrogate the states' Eleventh Amendment immunity from suit in federal court. *City of Rome v. U.S.*, 446 U.S. 156, 178-80 (1980); *Mixon v. State of Ohio*, 193 F.3d 389, 396-99 (6th Cir. 1999) (Congress abrogated the states' Eleventh Amendment immunity from suit in federal court by enacting the Voting Rights Act under its Fifteenth Amendment powers).

Congress has not abrogated the state's Eleventh Amendment immunity under the federal statutes at issue in this case[6] because they were enacted under the Indian Commerce Clause (U.S. CONST., Art. I, § 8, cl. 3) and Congress has no

---

[5] "[T]he District [of Columbia] is not a State for the purpose of the Eleventh Amendment." *CSX Transp. Inc. v. Williams*, 406 F.3d 667, 674 n. 7 (D.C. Cir. 2005) (citations omitted).

[6] The Indian Health Care Improvement Act (25 U.S.C. § 1601 *et seq.*), the Snyder Act (25 U.S.C. § 13 *et seq.*), and Title V of .the Indian Self-Determination and Education Assistance Act (25 U.S.C. § 458aaa -- 25 U.S.C. § 458aaa-18); *see also* ANTHC's *Notice of Removal*, Dkt. 1 at 2-3 (citing the Indian Commerce Clause as the source of the congressional power to enact these statutes).

authority to abrogate the states' Eleventh Amendment immunity when legislating under its Article I powers. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72-73 (1996).

In addition, in the absence of an applicable federal fee-shifting statute, a prevailing party in federal court is not entitled to an award of attorneys' fees. *King*, 410 F.3d at 412; *Woelffer*, 626 F.Supp. at 506 (in the absence of a federal fee-shifting statute, an award of fees and costs incurred in connection with a counterclaim against a state or a state official would constitute "an expense on the state's treasury prohibited by the Eleventh Amendment") (footnote omitted).

### b. The State should not be forced to intervene as a plaintiff.

ADS recognizes that "'once intervention has been allowed, the original parties may not stipulate away the rights of the intervener.'" Dkt. 83 at 3 (quoting *Wheeler*, 582 F.2d at 896). However, ADS consumes nine of its fourteen-page pleading attempting to wrest control of the state's intervention from the state by (1) dictating which party the state will support, (2) specifying the legal arguments the state will make and (3) directing how the attorney general will carry out his law enforcement duties.[7] The preposterous nature of this claim is underscored by ADS's failure to cite a single case where a court required an intervener to enter a suit on the side of an existing party whose requested relief the intervener opposed.

The state opposes the plaintiffs' assertion of standing based on their allegation that Alaska law contemplates a private right of action to enforce state

---

[7] ADS even goes so far as to imply that the attorney general violates his oath of office by declining to enforce a state law that his office has found to be federally preempted. Dkt. 83 at 10 n.9. The oath of office requires a state official to "support and defend the Constitution of the United States and the Constitution of the State of Alaska." ADS fails to explain how upholding the Supremacy Clause of the United States Constitution violates this oath.

occupational licensing laws. The state opposes this assertion because, if this Court recognizes a private right to enforce state licensing laws, the state's discretionary enforcement authority may be compromised, arguably in violation of the separation of powers doctrine. The state also opposes the plaintiffs' request for a declaration that dental health aides are violating state licensing laws and an order enjoining their activities. Because the state is directly opposed to the plaintiffs' assertion regarding a private right of action and the ultimate declaratory judgment and injunctive relief they seek, the state respectfully asserts that it would be error for this Court to condition the state's intervention on its participation in this case as a plaintiff.

Also without basis is the plaintiffs' allegation that the attorney general has a conflict of interest in this case because state law requires the attorney general to enforce *all* state laws and the state's 2005 informal opinion precludes enforcement of the State Dentistry Act against federally-certified dental health aide therapists. Dkt. 83 at 11-13. *State v. Breeze*, 873 P.2d 627 (Alaska App. 1994), which ADS cites in support of this argument, holds that the attorney general has the authority to appoint a special prosecutor to investigate and prosecute an individual when the attorney general has a conflict of interest stemming from personal and business relationships with the accused. *Breeze*, 873 P.2d at 632-35. Fairly read, *Breeze* does not stand for the proposition that the attorney general must enforce a state law even though he has concluded that federal law preempts that state law as to a particular class of persons. There is no conflict in this case between the attorney general's obligation to enforce state law and the conclusion that state law is preempted by federal law under the narrow circumstances described in the attorney general's 2005 informal opinion.

**Conclusion**

The state's motion to intervene should be granted without requiring the state to waive its immunity against all claims and without requiring the state to intervene as a plaintiff. The state's intervention for the limited purpose of defending its 2005 opinion and opposing one of several assertions made by the plaintiffs in support of their standing claim waives the state's immunity only as to the adjudication of those limited issues and to defenses raised in the nature of compulsory counterclaims to those issues. It does not waive the state's immunity from being sued for affirmative monetary, declaratory or injunctive relief.

DATED this 23rd day of June in Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:
/s/ Paul R. Lyle
Sr. Assistant Attorney General
Attorney General's Office
1031 W. Fourth Avenue, Suite 200
Anchorage, AK 99501
(907) 451-2811 (Phone)
(907) 451-2846 (Fax)
Paul_Lyle@law.state.ak.us
Alaska Bar No. 8206043

By:
/s/ Michael G. Hotchkin
Sr. Assistant Attorney General
Attorney General's Office
1031 W. Fourth Avenue, Suite 200
Anchorage, AK 99501

|   |   |
|---|---|
| 1 | (907) 269-5234 (Phone) |
| 2 | (907) 279-2834 (Fax) |
|   | Mike_Hotchkin@law.state.ak.us |
|   | Alaska Bar No. 8408072 |

**CERTIFICATE OF SERVICE**

This is to certify that on June 23, 2006, a true and correct copy of the **STATE'S REPLY TO ADS'S CONDITIONAL OPPOSITION TO MOTION TO INTERVEN AND TO ADA'S RESPONSE TO STATE'S MOTION TO INTERVENE** in this proceeding was served electronically on the following:

-Thomas V. Van Flein, usdc-anch-ntc@cplawak.com
-Aaron M. Schutt, aaron@sonosky.net
-Myra M. Munson, myra@sonoskyjuneau.net
-Richard D. Monkman, dick@sonoskyjuneau.net
-Douglas J. Serdahely, dserdahely@pattonboggs.com

/s/ Paul R. Lyle
Sr. Assistant Attorney General
Attorney for the State of Alaska
Applicant for Intervention

/s/ Michael G. Hotchkin
Sr. Assistant Attorney General
Attorney for the State of Alaska
Applicant for Intervention