UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| THE ALASKA DENTAL SOCIETY, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) 3:06-cv-00039 JWS |
| vs. | ) ) ORDER FROM CHAMBERS |
| THE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM, *et al.*, | ) ) [Re: Motions at Docket ) Nos. 14 and 20] |
| Defendants. | ) ) ) |

## I. MOTIONS PRESENTED

At docket 14, plaintiffs The Alaska Dental Society, The American Dental Association, Dr. Hones, Dr. Boothe, Dr. Higgins, and Dr. Shaffer ("plaintiffs") move for "an order of remand and/or abstention, returning this case to the Superior Court for the State of Alaska, Third Judicial District at Anchorage."[1] At docket 42, defendant The Alaska Native Tribal Health Consortium opposes the motion. At docket 67, plaintiffs The American Dental Association ("ADA") and Dr. Jones filed their reply. At docket 70, plaintiffs The Alaska Dental Society ("ADS"), Dr. Boothe, Dr. Higgins, and Dr. Shaffer filed their reply and joined the reply at docket 67. Oral argument was heard on June 23, 2006. At that time, the court heard and granted plaintiffs' oral motion to dismiss counts III and IV of their complaint.

---

[1]Doc. 14 at 1.

The court's disposition of the remand issue renders plaintiffs' motion to stay at docket 20 moot, so it will be denied. All other pending motions will be remanded for decision by the State court.

## II. BACKGROUND

On January 31, 2006, plaintiffs filed a complaint for declaratory and injunctive relief in Superior Court for the State of Alaska, which named as defendants the Alaska Native Tribal Health Consortium ("ANTHC") and Does 1 through 8, who are all dental health aide therapists ("DHATs"). Plaintiffs' complaint seeks 1) a declaration that ANTHC and DHATs are violating Alaska law by engaging in the unlicensed practice of dentistry and 2) an injunction prohibiting defendants from engaging in the unlicensed practice of dentistry.

On February 22, 2006, ANTHC removed plaintiffs' action to federal court pursuant to 28 U.S.C. § 1441(b), alleging that plaintiffs' action is founded on a claim or right arising under the laws and constitution of the United States.[2] ANTHC also asserted that plaintiffs' complaint was removable under 28 U.S.C. § 1442(a), because "it is in the nature of a civil action brought against an officer of the United States or a person acting under the direction of a federal official or agency."[3] Plaintiffs' motion for remand is now ripe for decision.

## III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to the appropriate federal district court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." Section 1442(a) provides for the removal of any civil action commenced in State court against "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity

---

[2] Doc. 1.

[3] Doc. 1 at 3.

for any act under color of such office." Under 28 U.S.C. § 1447(c), a case shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The burden of establishing federal jurisdiction falls to the party invoking the removal statute.[4] While Section 1441(a) "is strictly construed against removal jurisdiction,"[5] removal rights under Section 1442(a) are construed more broadly.[6]

## IV.  DISCUSSION

Plaintiffs move for an order of remand and/or abstention pursuant to 28 U.S.C. § 1447. Plaintiffs argue that removal was improper, because federal question jurisdiction is absent. Plaintiffs specifically argue that 1) they are not seeking any remedy based on federal law, 2) this case could not be brought in federal court initially because there is no private right of action created by 25 U.S.C. § 1616l, and 3) regulation over the practice of dentistry "falls squarely and traditionally within the purview of the States."[7] Defendant argues that federal question removal is proper, because "[p]laintiffs' claims are founded upon federal law and necessarily depend on resolution of substantial questions of federal law."[8]

In determining the presence or absence of federal jurisdiction, the court applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[9] "The federal issue 'must be disclosed upon the face of the complaint,

---

[4]*California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

[5]*Id.*

[6]*Durham v. Lockheed Martin Corporation*, 445 F.3d 1247, 1252-1253 (9th Cir. 2006).

[7]Doc. 14 at 11.

[8]Doc. 42 at 15 (quoting Notice of Removal, doc. 1 at ¶ 1).

[9]*Lockyer*, 375 F.3d at 838 (quoting *Caterpillar Inc. v, Williams*, 482 U.S. 386 (1987)).

unaided by the answer or by the petition for removal.'"[10]  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim."[11]

Plaintiffs' complaint alleges that "ANTHC, along with others, has developed and implemented the Dental Health Aide Program ("DHAP"), which is purportedly part of the Community Health Aide Program ("CHAP"), pursuant to 25 U.S.C. Sec. 1616l."[12]  The complaint further alleges that ANTHC permits and directs DHATs to engage in the practice of dentistry in violation of state law, and administers the Community Health Aide Program Certification Board, which promulgated training and certification standards for DHATs.[13]

Count I of plaintiffs' complaint requests a declaration "that by engaging in the unlicensed practice of dentistry, the DHATs and ANTHC are violating Alaska's Dental Practice Act pursuant to AS 08.36.100,"[14] which provides that "a person may not practice, or attempt to practice, dentistry without a license and a current certificate of registration."[15]  Count II requests 1) that DHAT's "be enjoined from engaging in the unlicensed practice of dentistry until and unless they meet the qualifications established under state law and are granted a license by the State Dental Board," and 2) that the ANTHC "be enjoined from engaging in the unlicensed practice of dentistry, to the extent that it is exercising control over professional dental matters or the operation of dental equipment in a facility where the acts and things described in the Dental Practice Act are performed or done."[16]

---

[10] *Id.* (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)).

[11] *Id.* (quoting *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998)).

[12] Complaint at 3, exh. A, doc. 1.

[13] Complaint at 4, exh. A, doc. 1.

[14] Complaint at 14, exh. A, doc. 1.

[15] AS 08.36.100.

[16] Complaint at 14-15, exh. A, doc. 1.

On its face, plaintiffs' complaint does not state a claim arising under federal law. Plaintiffs seek relief under Alaska statutes which prohibit the practice of dentistry without a license and a certificate of registration, define what constitutes the practice of dentistry, and establish the minimum education and training requirements to practice dentistry in Alaska.[17]  Although plaintiffs refer to 25 U.S.C. § 1616l in their complaint, plaintiffs do not state a claim for relief under a federal statute, nor does it appear that 25 U.S.C. § 1616l provides for a private right of action.

The court's inquiry does not end there.[18]  Defendant argues that "[t]his action, although 'artfully pled,' seeks to enjoin a federal agency and federal officers - the Indian Health Service's Community Health Aide Program Certification Board ('CHAP Certification Board'), its members and its staff from certifying dental health aide therapists in accordance with its mandate under the Indian Health Care Improvement Act, 25 U.S.C. § 1616l."[19]  Plaintiffs respond that their claims do not challenge the CHAP Certification Board's authority to certify dental health care providers under federal law, rather Counts I and II "seek enforcement and declaration of state statutes."[20]

"Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.'"[21]  Courts have applied the artful pleading doctrine in complete preemption cases and substantial question cases, which includes cases where the claim is necessarily federal in character or where the right to relief depends on the resolution of a substantial, disputed federal question.[22]

---

[17]AS 08.36.100; AS 08.36.110; AS 08.36.360.

[18]*Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).

[19]Doc. 42 at 2.

[20]Doc. 67 at 5.

[21]*Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

[22]*Lippitt*, 340 F.3d at 1041-1042.

The artful pleading doctrine does not apply here.  Complete preemption only applies when "federal law completely preempts state law and provides a federal remedy."[23]  Here, defendant does not assert,[24] and the court does not find, "complete preemption."  Nor do plaintiffs' claims implicate a substantial federal question.  Plaintiffs' claims seek declaratory and injunctive relief solely under Alaska statutes.  At most, the complaint's reference to the Community Health Aide Program for Alaska established in 25 U.S.C. § 1616l may provide defendants with a conflict preemption defense to plaintiffs' state law claims.  "Unlike complete preemption, preemption that stems from a conflict between federal and state law is a defense to a state law cause of action and, therefore, does not confer federal jurisdiction over the case."[25]

ANTHC next argues that removal is appropriate under 28 U.S.C. § 1442(a)(1), which allows removal by the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office. . . ."  To secure removal, a person acting under a federal officer must establish that the suit is for "a[n] act under color of such office" and must raise a colorable federal defense.[26]  "The requirement of 'any act under color of such office' has been construed as requiring a causal connection between the charged conduct and the official authority."[27]

Here, ANTHC alleges that it "performs the conduct challenged in this action on behalf and under the direction of the Indian Health Service CHAP Certification Board"

---

[23]*ARCO Environmental Remediation v. Dept. of Health and Environmental Quality of the State of Montana,* 213 F.3d 1108,1114  (9th Cir. 2000) (quoting *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1403 (9th Cir. 1988)).

[24]Doc. 42 at 15 n.7.

[25]*ARCO,* 213 F.3d at 1114.

[26]*Durham v. Lockheed Martin Corporation*, 445 F.3d 1247, 1251 (9th Cir. 2006); *Jefferson County v. Acker*, 527 U.S. 423, 431 (1988); *Mesa v. California*, 489 U.S. 121, 139 (1989).

[27]*Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co.*, 644 F.2d 1310, 1313 (9th Cir. 1981).

pursuant to ANTHC's Funding Agreement with the United States Department of Health and Human Services, and that the CHAP Certification Board's control and direction over the certification process satisfies the "acting under" requirement for § 1442(a) removal.[28] The conduct challenged in plaintiffs' complaint is not the CHAP Certification Board's "control and direction over the DHAT certification process."  Rather, plaintiffs' complaint alleges that defendant ANTHC is engaging in the unauthorized practice of dentistry "by exercising control over professional dental matters or the operation of dental equipment in a dental facility where the acts and things described in the Dental Practice Act are performed or done."[29]  ANTHC fails to show that the specific conduct challenged in plaintiffs' complaint, namely the practice of dentistry without a license, "is taken [by ANTHC] pursuant to a federal officer's direction."[30]  It follows that ANTHC was not entitled to remove plaintiffs' action to federal court under 28 U.S.C. § 1442(a)(1).

Given the evident disparity between the alleged actions of ANTHC which plaintiffs challenge, and the actions in which ANTHC actually is engaged, plaintiffs may not have pled a claim against ANTHC for which relief can be granted.  However, this court lacks jurisdiction over the claim actually pled and so must defer determination of the viability of plaintiffs' claim to the state court.[31]

Remand being appropriate, it is unnecessary to address the issue of abstention.

## V.  CONCLUSION

For the reasons set out above, the motion for remand at docket 14 is **GRANTED**, and this matter is **REMANDED** to the Superior Court for the State of Alaska , Third

---

[28] Doc. 42 at 28-29.

[29] Complaint at 7 (internal quotation and citation omitted), exh. A, doc. 1.

[30] *Durham*, 445 F.3d at 1251.

[31] Plaintiffs' complaint also alleges that DHATs are engaging in acts which constitute the practice of dentistry without a license.  Had they been served and appeared in this matter, defendant DHATs may have had a better argument against remand on the basis of federal officer jurisdiction than has ANTHC.

Judicial District at Anchorage. It is further ordered that plaintiffs' motion at docket 20 to stay all proceedings pending a ruling on the motion to remand is **DENIED AS MOOT**. All other pending motions are remanded for the State court's determination.

DATED at Anchorage, Alaska, this 28th of June 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE